IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
NORTHERN DIVISION

PIONEER SERVICES, INC.,                    )
                                           )        2006 APR 25  P 3: 58
        Plaintiff,                         )
                                           )        DEBRA P. HACKETT, CLK
                                           )        U.S. DISTRICT COURT
                                           )        MIDDLE DISTRICT ALA
v.                                         )        CIVIL ACTION NO.: _____
                                           )
AUTO-OWNERS INSURANCE                      )        2:06cv377-DRB
COMPANY, INC., a corporation,              )
                                           )
        Defendant.                         )

## NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant, Auto-Owners Insurance

Company (Auto-Owners), hereby gives notice of removal of this action from the Circuit

Court of Covington County, Alabama, to the United States District Court for the Middle

District of Alabama, Northern Division.  As grounds for this removal, Auto-Owners

Insurance states as follows:

1.      On or about April 26, 2005, Plaintiffs, Pioneer Services, Inc., (hereinafter

referred to as "Pioneer") Jimmy Williamson and Kelly Williamson commenced an action

in the Circuit Court of Covington County, Alabama, entitled Pioneer Services, Inc., Jimmy

Williamson and Kelly Williamson v. Auto-Owners Insurance Company, Inc., South Central

Agency, Inc., et al., Civil Action No.: CV-05-110.

2.      True and correct copies of all process, pleadings and orders filed in the

Circuit Court of Covington County, Alabama in CV-05-110 are attached hereto as Exhibit

"1" and made a part hereof in accordance with 28 U.S.C. §1446(a).

3.      In their complaint, Plaintiffs, Pioneer, Jimmy Williamson and Kelly Williamson

attempted to state causes of action for breach of contract (Count One), negligence/wantonness (Count Two), bad faith (Count Three), fraudulent inducement (Count Four), fraudulent concealment (Count Five), misrepresentation (Count Six), and fictitious parties (Count Seven). The original complaint alleged Plaintiffs Jimmy Williamson and Kelly Williamson were Alabama residents. See, Exhibit "1" at p. 7-22.[1] The original complaint also alleged that Plaintiff, Pioneer Services, Inc., and Defendant, South Central Agency, Inc., were domestic corporations with their principal places of business in the State of Alabama. See, Exhibit "1" at p. 8 ¶ 3 and 5. Because of the presence of three Alabama plaintiffs and one Alabama defendant in Plaintiff's original complaint, there was not the requisite diversity of citizenship present to support removal of the case to federal court. See, Insinga v. LaBella, 845 F. 2d 249, 250-251 (11th Cir. 1988); see also, 28 U.S.C. §1332(a)(1).

4.    Defendant Auto-Owners filed a motion to dismiss Plaintiffs' complaint, or in the alternative, motion for definite statement, on May 25, 2005. See, Exhibit "1" at p. 24.

5.    On or about December 19, 2005, Plaintiff filed a motion to amend its complaint so that Pioneer Services, Inc., was the only plaintiff remaining with claims in this action. See, Exhibit "1" at p. 52. The motion to amend complaint was granted by the Circuit Court on January 10, 2006. See, Exhibit "1" at p. 123.

6.    Plaintiff Pioneer amended complaint contained five counts. See, Exhibit "1" at p. 54-66. Count One (breach of contract) of Plaintiff's amended complaint alleges breach of contract and demands judgment against Defendant "Auto-Owners for any and

_____

[1]References to page numbers of Exhibit "1" are contained in the upper right hand corner of each page.

2

all damages as necessary to compensate it for the losses that it sustained" and "any and all other damages as allowed by law, in an amount to be determined by the trier of fact." See, Exhibit "1" at p. 56-57. Count Two (bad faith) of Plaintiff's amended complaint alleges bad faith and demands judgment against "Auto-Owners for any and all compensatory damages as necessary to compensate for the losses that it sustained" and "any and all other damages as allowed by law in an amount to be determined by the trier of fact" and punitive damages "to punish it for its misconduct and to stop other such misconduct from occurring in the future." See, Exhibit "1" at p. 57-59. Count Three (fraudulent inducement) of Plaintiff's amended complaint purported to allege a cause of action against both Defendant Auto-Owners and Defendant South Central Agency and demanded judgment "against all of the defendants" for compensatory and punitive damages. Count Four (misrepresentation) of Plaintiff's amended complaint purported to allege a cause of action against both Defendant Auto-Owners and Defendant South Central Agency and demanded judgment against "all of the defendants" for compensatory and punitive damages. See, Exhibit "1" at p. 62-65. Count Five (fictitious parties) of Plaintiff's amended complaint demanded judgment "against all of the fictitiously pled defendants" for compensatory and punitive damages. See, Exhibit "1" at p. 65-66. Again, because of the presence of one Alabama plaintiff and one Alabama defendant in Plaintiff's amended complaint, there was not the requisite diversity of citizenship present to support removal of the case to federal court at the time the amendment to complaint was granted by the Circuit Court on January 10, 2006. See, Insingna, supra, 845 F. 2d at 250-251; see also Exhibit "1" at p. 54, ¶'s 2 and 4.

7.    In conjunction with the January 10, 2006 order granting Plaintiff's motion to

3

amend complaint (Exhibit "1" at p.123), the Circuit Court on January 10, 2006, denied Auto-Owners' motion to dismiss Plaintiff's complaint, or in the alternative motion for a more definite statement, filed on May 25, 2005, as "moot because the complaint to which it is directed has been superceded by subsequent amendment." See, Exhibit "1" at p. 174. Thus, by the Circuit Court's orders in CV-05-110 dated January 10, 2006, the only remaining Plaintiff in this action is Pioneer Services, Inc. See, Exhibit "1" at p. 52, 54 and 12.

8.      Defendant Auto-Owners filed a motion to dismiss of Plaintiff's amended complaint, or in the alternative, motion for definite statement on January 20, 2006. See, Exhibit "1" at p. 127.

9.      By Order dated April 13, 2006, the Circuit Court for Covington County, Alabama, dismissed Counts Three and Four of the amended complaint "for failure to state a claim upon which relief can be granted." See, Exhibit "1" at p. 161. The Circuit Court in its order granted Plaintiff leave to amend stating that "Plaintiff may timely amend"; however, no amendment was filed within the ten (10) day time period established by Rule 78, *Alabama Rules of Civil Procedure*. See, id. As set forth above, Counts Three and Four of the amended complaint were the only counts upon which judgment was demanded against Defendant, South Central Agency, Inc. See, Exhibit "1" at p. 54-56. Counts One and Two of Plaintiff's amended complaint demand judgment against only Auto-Owners Insurance Company. See, Exhibit "1" at p. 56-59. Count Five of Plaintiff's amended complaint only demands judgment against fictitiously pled defendants, the citizenship of which, for purposes of removal, shall be disregarded pursuant to 28 U.S.C. §1441(a). See, Exhibit "1" at p. 65-66.

4

10.     Pursuant to 28 U.S.C. § 1446(b), Defendant has thirty days from "the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based..." to remove a case. Section 1446(b) further provides that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable... ."

11.     The Circuit Court's April 13, 2006 order in this action (CV-05-110) constitutes the first pleading, motion, order or other paper from which it could first be ascertained that this action is one which is or has become removable. See, Exhibit "1" at p. 161.

12.     This notice of removal has been filed within 30 days after Defendant, Auto-Owners Insurance Company received the April 13, 2006, order of the Circuit Court, and within one year of the commencement of this action; therefore, this removal is timely filed pursuant to 28 U.S.C. §1446(b). Defendant South Central Agency has been effectively dismissed from this action and is not required to join in this removal petition because said Defendant has been dismissed and was fraudulently joined; therefore, said Defendant may be disregarded in determining whether the removing Defendant has complied with 28 U.S.C. §1446(a). Woods v. Firestone Tire & Rubber Co., 560 F. Supp. 588, 590 (S.D. Fla. 1983), (quoting), McKinney v. Rodney C. Hunt Co., 464 F. Supp. 59, 62 (W.D. N.C. 1978) (citing), Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants Local, 349, 427 F. 2d 325, 326-27 (5th Cir. 1970).    Plaintiff also named numerous fictitious defendants in the complaint and amended complaint. See, Exhibit "1" at p. 7 and 54. For purposes of removal, the citizenship of Defendants sued under fictitious names shall be

5

disregarded. 28 U.S.C. §1441(a).

13. This notice of removal has been filed within 30 days after Defendant, Auto-Owners Insurance Company, received through service or otherwise, "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that this action is or has become removable"; therefore, this removal is timely filed pursuant to 28 U.S.C. §1446(b).

14. This action is hereby removed by Defendant from the Circuit Court of Covington County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, as the district court of the United States for the district and division embracing the place where such action was pending. See, 28 U.S.C. §81(b)(1) and 28 U.S.C. §1446(a). Thus, venue is proper in the United States District Court for the Middle District of Alabama, Northern Division.

15. In accordance with 28 U.S.C. §1446(d), a copy of this notice of removal is being filed with the Clerk of the Circuit Court of Covington County, Alabama. A copy of the notice of filing of notice of removal is attached hereto as Exhibit "2".

## FEDERAL DIVERSITY JURISDICTION

### COMPLETE DIVERSITY

16. The sole remaining Plaintiff in this action, Plaintiff, Pioneer Services, Inc., is an Alabama Corporation incorporated in the State of Alabama and has its principal place of business in the State of Alabama. Plaintiff, Pioneer Services, Inc., is not incorporated in the State of Michigan and does not have its principal place of business in the State of Michigan. Plaintiff, Pioneer Services, Inc., is an Alabama Corporation incorporated in the

6

State of Alabama, and has its principal place of business in the State of Alabama. <u>See</u>, Exhibit "1" at p. 52 and 54, ¶ 2.

17.    The sole remaining named Defendant in this action is Defendant, Auto-Owners Insurance Company. Auto-Owners is a mutual insurance company incorporated and organized under the laws of the State of Michigan, having its principal place of business in the State of Michigan. Auto-Owners is not incorporated or organized in the State of Alabama and does not have its principal place of business in the State of Alabama. Auto-Owners is authorized to do business in the State of Alabama. Therefore, there is complete diversity between Plaintiff and Defendant Auto-Owners Insurance Company.

18.    Plaintiff's fraudulent joinder of Defendant South Central Agency, Inc., is conclusively demonstrated by the April 13, 2006 order (Exhibit "1" at p. 161) of the Circuit Court of Covington County, Alabama dismissing all counts (Counts Three and Four) to which Defendant South Central Agency was a party defendant for failure to state a cause of action. <u>See</u>, <u>Katz v. Costa Armatori, S. P. A.</u>, 718 F. Supp. 1508, 1515 (S. D. Fla. 1989) ("Only if no cause of action is stated can the federal court conclude that the joinder of the nondiverse defendant was fraudulent, and, thus, permit removal"). Furthermore, Plaintiff did not seek leave to amend his complaint within the time provided by the Circuit Court's April 13, 2006, order and Rule 78 to the *Alabama Rules of Civil Procedure* which essentially constitutes a voluntary dismissal of Defendant South Central Agency, Inc. <u>See</u>, Exhibit "1" at p. 161; <u>see also</u>, Rule 78, *Alabama Rules of Civil Procedure*.

19.    Fraudulent joinder is a well established exception to the voluntary-involuntary dismissal rule. <u>Insinga v. LaBella</u>, 845 F. 2d 249, 254 (11th Cir. 1988) (per curiam). The

involuntary nature of the dismissal in this case does not preclude removal under these facts where Plaintiff's complaint has been determined not state a cause of action as to the Defendants. See, Katz, supra, 718 F. Supp. at p. 1515; see also, Poulos v. NAAS Foods, Inc., 132 F.R.D. 513, 521 (E.D. Wis. 1990) (the involuntary nature of the dismissal of defendant does not preclude removal where the non-diverse defendant was not properly before the Court), aff'd, 959 F. 2d 69 (7th Cir. 1992). Furthermore, the failure of Plaintiff to amend the complaint essentially constitutes a voluntary dismissal of Defendant South Central Agency, Inc.

20. The term fraudulent joinder is actually a misnomer, because the doctrine does not require proof of fraud. Rather, to establish a joinder as fraudulent, the removing party must demonstrate that the allegations of the complaint state "no possible cause of action against [the resident] defendant ... under the allegations of the Plaintiffs' pleadings at the time of removal" Cabalceta, 883 F. 2d at 1562. In the Eleventh Circuit, as elsewhere, courts considering whether complete diversity exists ignore the presence of fraudulently joined defendants – defendants, in other words, against whom relief is not seriously sought. See, e.g., Tapscott v. M.S. Dealer Service Corp., 77 F. 3rd 1353, 1359 (11th Cir. 1996); Cabalceta v. Standard Fruit Co., 883 F. 2d 1553 (11th Cir. 1989). The fraudulent joinder doctrine is a judicially created doctrine that provides exceptions to the requirement of complete diversity. Triggs v. John Crump Toyota, Inc. 154 F. 3d 1284, 1287 (11th Cir. 1998). The fraudulent joinder doctrine in the Eleventh Circuit and this district is also a well established exception to the voluntary-involuntary dismissal rule. See, Insinga, supra, 845 F. 2d at 254.

8

21. Under Alabama law it is clear that none of the remaining causes of action asserted by Pioneer can be maintained against Defendant South Central Agency, Inc., based on the current state of the pleadings. First of all, South Central Agency, Inc., is not a party to the insurance contract; therefore, a breach of contract claim and bad faith cannot be maintained against South Central Insurance Agency, Inc. All claims concerning contract, breach of contract, bad faith failure to pay, or bad faith failure to investigate are claims that can only be asserted against the insurance company not the agency. See, Simms v. Congress Life Ins. Co., 791 So. 2d 360 (Ala. 1998). As stated above, the only remaining claims in this action are a breach of contract and bad faith claim against only Auto-Owners (Counts One and Two), and a claim against fictitious defendants (Count Five) which is disregarded for purposes of determining diversity jurisdiction.

22. There are no remaining claims against Defendant South Central Agency. Any claims which were asserted against Defendant South Central have been held by the Circuit Court not to state a claim demonstrating fraudulent joinder and the basis for removal. Defendant Auto-Owners also has demonstrated herein that South Central Agency could not be a proper party defendant to the remaining claims. This action, therefore, falls within the exception to the voluntary-involuntary dismissal rule. See, Insingna, supra, 845 F. 2d at 254-255. The voluntary-involuntary rule does not apply and this action is properly removed to this federal district court. See, Insinga, 845 F. 2d at 254.

23. This action was not removable at the time of the filing of Plaintiffs' original complaint or at the time of Plaintiff's amendment of the complaint because "there was not the requisite diversity of citizenship to support removal of the case to federal court". Insinga, supra, 845 F. 2d at 250-251; see also, Merritt v. Mazda Motor, Co., 103 F. Supp.

9

2d 1305, 1308 (M.D. Ala. 2000) ("None of the three tests [the Eleventh Circuit applies for determining fraudulent joinder] could be proven by Defendants based on the allegations in the complaint, ... [c]onsequently, the Defendants could not remove the case at the time."). Only upon the Circuit Court's dismissal of Counts Three and Four of the amended complaint for failure to state a claim and the effective dismissal of Defendant South Central Agency on April 13, 2006, did this action become removable. Because the state court found no cause of action was stated against the nondiverse defendant, the federal court, giving the requisite deference to the state court ruling and controlling state law, must conclude that the joinder of the nondiverse defendant was fraudulent. See, Katz, supra, 718 F. Supp. At 1515. It is, therefore, unnecessary for this court to consider the state court record or any other tests for fraudulent joinder. See, Katz, 718 F. Supp. at 1508 ("The second prong [is] reached only if a cause of action is stated"). The state court found that the amended complaint did not state a cause of action against the resident defendant; therefore, the fraudulent joinder exception to the voluntary-involuntary dismissal rule is applicable and this action is properly removed to this court. See, Insinga, 845 F. 2d at 254. Furthermore, Plaintiff did not seek leave to amend his complaint within the time provided by the Circuit Court's April 13, 2006, order and Rule 78 to the *Alabama Rules of Civil Procedure* and essentially constitutes a voluntary dismissal of Defendant South Central Agency, Inc. See, Exhibit "1" at p. 161; see also, Rule 78, *Alabama Rules of Civil Procedure*.

## AMOUNT IN CONTROVERSY

24.    The amount in controversy in this case exceeds the sum of $75,000.00

10

exclusive of interest and costs, and this case meets the amount in controversy requirements for the diversity jurisdiction purposes under 28 U.S.C. §1332(a) because the value of the relief Plaintiff seeks exceeds $75,000.00 exclusive of interest and costs. In Plaintiff's amended complaint, Plaintiff seeks compensatory damages and punitive damages. Where, as here, Plaintiff seeks recovery for an indeterminate amount, diversity jurisdiction exists where a removing Defendant establishes by a preponderance of evidence that the amount in controversy exceeds $75,000.00, see, e.g., Leonard v. Enterprise Rent a Car, 279 F. 3d 967, 972 (11th Cir. 2002). In this case, it is clear that the amount in controversy may reasonably exceed the jurisdictional minimum and there are no statutory caps of less than $75,000.00 on the compensatory and punitive damages which Plaintiff seeks to recover. Plaintiff served answers to interrogatories and Exhibit "A" thereto which demonstrates Plaintiff seeks in excess of $56,000.00 in compensatory damages. See, Exhibit "3" at p. 5, 18 and 22 (interrogatory response #7 and Exhibit "A"). Alabama law only caps punitive damages awards against companies such as Auto-Owners Insurance Company at the greater of $500,000.00 or three times the compensatory damages. See, §6-11-21, Code of Alabama, 1975. An award of the alleged compensatory damages and punitive damages less than one half times the compensatory damage would exceed the jurisdictional minium.

25.    Any potential award of punitive damages against the defendants is included in determining the amount in controversy if punitive damages are recoverable under governing law. See, Bell v. Preferred Life Assur. Society of Montgomery, Ala., 320 U.S. 238, 240, 64 S. Ct. 5 (1943); Holley Equipment Co., v. Credit Alliance Corp., 821 F. 2d

11

1531, 1535 (11th Cir. 1987), <u>Swafford v. Transit Cas. Company</u>, 486 F. Supp. 175, 177 (N.D. Ga. 1980).

26.    Thus, under the pleadings of the Plaintiff and the facts before the court, it is clear that the amount in controversy in this action is in excess of $75,000.00, exclusive of interest and costs.

27.    A copy of this notice of removal is being served upon all counsel of record.

28.    A true and correct copy of this notice of removal is being filed with the Circuit Court of Covington County, Alabama. <u>See</u>, Exhibit "2".

29.    By filing this notice of removal, defendants do not waive any defense that may be available to the defendants.

**WHEREFORE**, Defendant Auto-Owners Insurance Company files this notice of removal so as to effect the removal of this action from the Circuit Court of Covington County, Alabama, to this court. Defendant prays this Honorable Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause so that all proceedings that may have been had in said Circuit Court are removed to this Court. Defendant Auto-Owners Insurance Company further prays that the removal of this cause to this court should be effected and that no further or other proceedings shall be had with respect to this cause in the Circuit Court of Covington County, Alabama.

Dated this the 25th day of April          , 2006.

Respectfully submitted,

12

_Roger S. Morrow_

**ROGER S. MORROW (MOR032)**

_Joel H. Pearson_

**JOEL H. PEARSON (PEA019)**
**ATTORNEYS FOR DEFENDANT**
**AUTO-OWNERS INSURANCE COMPANY**

**OF COUNSEL:**

**MORROW, ROMINE & PEARSON, P.C.**
**P.O. Box 4804**
**Montgomery, AL 36103-4804**
**Telephone:  (334) 262-7707**
**Facsimile:   (334) 262-7742**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the 25th day of April, 2006.

Leland Enzor, Jr., Esq.
Enzor & Enzor
P.O. Box 339
Andalusia, AL 36420

Harry P. Hall, II, Esq.
Farmer, Price, Hornsby & Weatherford, LLC
P.O. Drawer 2228
Dothan, AL 36303

_Of Counsel_

**OF COUNSEL**