# EXHIBIT "1"

) ORIGINAL
RETURN TO CLERK )

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,   )
JIMMY WILLIAMSON, and
KELLY WILLIAMSON,    )

  PLAINTIFFS,     )

VS.         )  CIVIL ACTION NO.: CV- **05-110**

AUTO-OWNERS INSURANCE  )
COMPANY, INC., a corporation, and
SOUTH CENTRAL AGENCY, INC., )
a corporation, and XYZ fictitious
defendants, "X", "Y", and/or "Z"  )
being that person or persons who
caused and/or contributed to the  )
injuries and/or damages suffered
and sustained by the Plaintiffs, whose )
identity is unknown at this time but will
be added by amendment when such is )
ascertained, et.al.,
         )

  DEFENDANTS.

RECEIVED
APR 2 8 2005
COVINGTON CO.
SHERIFF'S DEPT.

## SUMMONS - CIVIL

**NOTICE TO:**  South Central Agency, Inc
      1831 E. Three Notch Street
      Andalusia, Alabama 36420-2438

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.
YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR
WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION
IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR
ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR
ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY **Leland Enzor,
Jr.,** WHOSE ADDRESS IS **P. O. Drawer 339, Andalusia, AL 36420.** THIS
ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS
SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT
BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER
THINGS DEMANDED IN THE COMPLAINT.
************************************************************************************

FILED IN OFFICE
APR 2 6 2005
Roger A. Powell
CLEAR

)                                        )

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil
Procedure:

☒    You are hereby commanded to serve this summons and a copy of the  complaint
     in this action upon the Defendant.

☐    Service by certified mail of this summons is initiated upon the written request of the State of
     Alabama pursuant to the Alabama Rules of Civil Procedure

Date___**4·26·05**_____    _Roger A Powell_ By _ds___
                                      Clerk/Register

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
RETURN ON SERVICE:

☐    Return receipt of certified mail received in this office on _____.

☐    I certify that I personally delivered a copy of the Summons to _SOUTH CENTRAL AGENCY, INC._
     _____ in _COVINGTON_____ County, Alabama on
     _4 – 28 – 05_____ (Date).


___4 – 29 – 05_____    _Ed R Byrn_____
Date                             Server's Signature

_____    _DEPUTY  PS_____
Address of Server                 Type of Server


                                            FILED IN OFFICE

                                            APR 2 6 2005

                                            _Roger A Powell_
                                                CLERK

)                                                    )

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,                    )
JIMMY WILLIAMSON, and
KELLY WILLIAMSON,                          )

     PLAINTIFFS,                           )

VS.                                        )        CIVIL ACTION NO.: CV-

AUTO-OWNERS INSURANCE                      )
COMPANY, INC., a corporation, and
SOUTH CENTRAL AGENCY, INC.,                )
a corporation, and XYZ fictitious
defendants, "X", "Y", and/or "Z"           )
being that person or persons who
caused and/or contributed to the           )
injuries and/or damages suffered
and sustained by the Plaintiffs, whose     )
identity is unknown at this time but will
be added by amendment when such is         )
ascertained, et al.,
                                           )
     DEFENDANTS.

## SUMMONS - CIVIL

**NOTICE TO:**    Auto Owners Insurance Company, Inc.
              Attn: Drew Klasin
              5915 Carmichael Road
              Montgomery, Alabama 36124-4017

THE COMPLAINT WHICH IS ATTACHED TO
AND YOU MUST HAVE IMMEDIATE ACTIC
YOU OR YOUR ATTORNEY ARE REQUIRED
WRITTEN ANSWER, EITHER ADMITTING OI
IN THE COMPLAINT WITH THE CLERK OF '
ANSWER MUST BE MAILED OR HAND E
ATTORNEY TO THE PLAINTIFF OR PLAINT
**Jr.,** WHOSE ADDRESS IS **P. O. Drawer**
ANSWER MUST BE MAILED OR DELIVERED
SUMMONS AND COMPLAINT WERE DELIVI
BY DEFAULT MAY BE ENTERED AGAINST Y
THINGS DEMANDED IN THE COMPLAINT
**********************************************

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only: No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

# OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

*Sent To*
Auto Owners
*Street, Apt. No.; or PO Box No.*
D Klasin
*City, State, ZIP+4*

PS Form 3800, June 2002          See Reverse for Instructions

CLERK

)                                    )

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☒   You are hereby commanded to serve this summons and a copy of the  complaint in this action upon the Defendant.

☐   Service by certified mail of this summons is initiated upon the written request of the State of Alabama pursuant to the Alabama Rules of Civil Procedure

Date____4-26-05_____          _Roger A Powell_____By _ds_
                                        Clerk/Register

***************************************************************************************
RETURN ON SERVICE:

☐   Return receipt of certified mail received in this office on _____.

☐   I certify that I personally delivered a copy of the Summons to _____
     _____ in _____County, Alabama on
     _____ (Date).


_____          _____
Date                               Server's Signature


_____          _____
Address of Server                  Type of Server


FILED IN OFFICE

APR 2 6 2005

Roger A Powell
CLERK

)                                              )

## IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,                    )
JIMMY WILLIAMSON, and
KELLY WILLIAMSON,                          )

      PLAINTIFFS,                          )

VS.                                        )     CIVIL ACTION NO.: CV-

AUTO-OWNERS INSURANCE                      )
COMPANY, INC., a corporation, and
SOUTH CENTRAL AGENCY, INC.,                )
a corporation, and XYZ fictitious
defendants, "X", "Y", and/or "Z"           )
being that person or persons who
caused and/or contributed to the           )
injuries and/or damages suffered
and sustained by the Plaintiffs, whose     )
identity is unknown at this time but will
be added by amendment when such is         )
ascertained, et.al.,
                                           )

      DEFENDANTS                           )

### SUMMONS - CIVIL

**NOTICE TO:**    Auto Owners Insurance Company, Inc.
                Attn: Legal Department
                6101 Anacapri Blvd
                Lancing, Michigan 48917

THE COMPLAINT WHICH IS ATTACHED TO
AND YOU MUST TAKE IMMEDIATE ACTIO
YOU OR YOUR ATTORNEY ARE REQUIRED T
WRITTEN ANSWER, EITHER ADMITTING OR
IN THE COMPLAINT WITH THE CLERK OF T
ANSWER MUST BE MAILED OR HAND DI
ATTORNEY TO THE PLAINTIFF OR PLAINTI
**Jr.,** WHOSE ADDRESS IS __P. O. Drawer 3__
ANSWER MUST BE MAILED OR DELIVERED
SUMMONS AND COMPLAINT WERE DELIVE
BY DEFAULT MAY BE ENTERED AGAINST Y
THINGS DEMANDED IN THE COMPLAINT.
*********************************************

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To   Auto Owners
Street, Apt. No.; or PO Box No.   Lancing
City, State, ZIP+4

PS Form 3800, June 2002          See Reverse for Instructions

)                                    )

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil
Procedure:

☒   You are hereby commanded to serve this summons and a copy of the  complaint
    in this action upon the Defendant.

☐   Service by certified mail of this summons is initiated upon the written request of the State of
    Alabama pursuant to the Alabama Rules of Civil Procedure

Date_____**4·26·05**_____          _____*Roger A Powell*_____ By **ds**_____
                                        Clerk/Register

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
RETURN ON SERVICE:

☐   Return receipt of certified mail received in this office on _____.

☐   I certify that I personally delivered a copy of the Summons to _____
    _____ in _____County, Alabama on _____
    _____ _____ (Date).


_____          _____
Date                                 Server's Signature


_____          _____
Address of Server                    Type of Server


                                              FILED IN OFFICE

                                              APR 2 6 2005

                                              *Roger A Powell*
                                                   CLERK

)                              )

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,              )
JIMMY WILLIAMSON, and
KELLY WILLIAMSON,                    )

     PLAINTIFFS,                      )

Vs.                                  )          CIVIL ACTION NO.: CV-

AUTO-OWNERS INSURANCE                )
COMPANY, INC., a corporation, and
SOUTH CENTRAL AGENCY, INC.,          )
a corporation, and XYZ fictitious
defendants, "X", "Y", and/or "Z"     )
being that person or persons who
caused and/or contributed to the     )
injuries and/or damages suffered
and sustained by the Plaintiffs, whose )
identity is unknown at this time but will
be added by amendment when such is   )
ascertained, et.al.,
                                     )
     DEFENDANTS.

**FILED IN OFFICE**

APR 2 6 2005

*Royd A Powell*
                    CLERK

## CIVIL COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

     COME NOW THE PLAINTIFFS, and hereby file their Complaint for Damages and Demand for Trial by Jury as to the Defendants, stating as follows:

     1.    Plaintiff's Complaint is an action for damages for property damage and other injuries suffered by Plaintiff(s) resulting from the acts of the Defendants. The amount in controversy exceeds the jurisdictional minimum of this Court.

     2    Plaintiffs, Jimmy Williamson and Kellie Williamson, are residents and citizens of Covington County, Alabama, and specifically reside at 25083 Sutton Road, Andalusia, Alabama.

)                                    )

3. Plaintiff, Pioneer Services, Inc., is a domestic corporation, properly licensed to conduct business in Alabama, and whose principal place of business is Covington County, Alabama.

4. Defendant, Auto-Owners Insurance Company, is a corporation, properly licensed and qualified to do business in the State of Alabama, that is itself doing business, for itself and through its agents, in Covington County, Alabama. It is subject to service of process at P.O. Box 244017, Montgomery, Alabama 36124-4017.

5. Defendant, South Central Agency, Inc., is a domestic corporation, properly licensed to do business in the State of Alabama, that is itself doing business in Covington County, Alabama. It principal place of business is 1831 E. Three Notch Street, Andalusia, Alabama 36420-2438.

6 Fictitious Party Defendants X, Y, and Z, are those individuals, businesses, associations, organizations, corporations, or other entities who or which are described in the caption of the Complaint, and who either caused or contributed to the injuries and/or damages suffered by Plaintiffs. Plaintiffs aver that the identity of the Fictitious Party Defendants are otherwise unknown to the Plaintiffs at this time, or, if their names are known to the Plaintiffs, their identity as proper party Defendants are not known to the Plaintiffs at this time; but their true names will be substituted by amendment to the Complaint when the aforesaid lacking knowledge is ascertained.

7. This honorable Court has both subject matter jurisdiction over all of the claims presented herein and personal jurisdiction over the parties hereto. Suit over the claims present is therefore proper and lawful in this honorable Court.

FILED IN OFFICE

APR 2 6 2005

Roye A Pomere
CLERK

)                                    )

## COUNT ONE-BREACH OF CONTRACT

8.      Plaintiffs hereby adopt and reaver all of the above allegations, as if fully set-out and reavered herein in full.

9.      Prior to the destruction caused by Hurricane Ivan, in 2004, the Plaintiffs bought, maintained and had in affect, insurance on three separate insurance policies, by and through the Defendants.

10.     As part of the obligations of the Defendants under the specific insurance policies, the Defendants were liable for any and all damages caused by hurricane and/or storm destruction, which occurred to the personal and real property of the Plaintiffs, including lightning damages and other such damages associated therewith, as well as damages to the Plaintiff's inventory.

11.     Around and during the events of Hurricane Ivan, in 2004, the Plaintiff suffered extreme and severe damages to their real and personal property, both at their home, their office, as well to their associated structures and property. Plaintiffs also suffered damages to their inventory.

12.     The Defendants recognized the damages suffered by the Plaintiffs and therefore, paid for some of the damages under two of the insurance policies maintained by the Plaintiffs

13.     As to the third policy however, the Defendants refused to cover the damages suffered by the Plaintiffs, even though such damages were caused by lightning and other similarly related water issues. Lightning damages and water damages are expressly included as a covered damages in the Plaintiff's insurance policies with the Defendants.

FILED IN OFFICE

APR 2 6 2005

Roger A Penner
CLERK

)                                        )

14.    Even so, the Defendants wrongfully refused to cover lightning and/or water damages suffered by the Plaintiffs, even though they had previously paid for such damages under other policies and had previously promised the Plaintiffs that any and all lightning and other water related damages that they suffered would be covered.

15.    As a result of the Defendant's Breach of Contract, the Plaintiffs have been severely damaged.

WHEREFORE ALL PREMIES CONSIDERED, Plaintiffs hereby DEMAND JUDGMENT against all of the Defendants for any and all compensatory damages as necessary to compensate them for the injuries that they sustained. Plaintiffs further demand costs, attorney's fees, interest, and any and all other damages as allowed by law, in an amount to be determined by the trier of fact.

## COUNT TWO-NEGLIGENCE/WANTONNESS

16    Plaintiffs hereby adopt and reaver all of the above allegations, as if fully set-out and reavered herein in full.

17.    Prior to the destruction caused by Hurricane Ivan, in 2004, the Plaintiffs bought, maintained and had in affect, insurance on three separate insurance policies, by and through the Defendants.

18.    As part of the obligations of the Defendants under the specific insurance policies, the Defendants were liable for any and all damages caused by hurricane and/or storm destruction, which occurred to the personal and real property of the Plaintiffs, including lightning damages and other such damages associated therewith, as well as damages to the Plaintiff's inventory.

FILED IN OFFICE

APR 2 6 2005

Roger A. Pomeroy
CLERK

)                                    )

19.    Around and during the events of Hurricane Ivan, the Plaintiffs suffered extreme and severe damages to their real and personal property, both at their home, their office, as well to their associated structures and property.    Plaintiffs also suffered damages to their inventory.

20.    The Defendants recognized the damages suffered by the Plaintiffs and therefore, paid for some of the damages suffered by the Plaintiffs, under two of the insurance policies maintained by the Plaintiffs.

21.    As to the third policy however, the Defendants refused to cover the damages suffered by the Plaintiffs, even though such damages were caused by lightning and other water issues.  Lightning damages and water damages were expressly included as covered damages in the Plaintiff's policies with the Defendants.

22.    Even so, the Defendants wrongfully refused to cover lightning and/or water damages suffered by the Plaintiffs, even though they had previously paid for such damages under other policies and promised the Plaintiffs previously that any and all lightning damages that they suffered would be covered.

23    The Defendants had a duty to the Plaintiffs to properly investigate all claims, to fully and completely investigate all claims in an appropriate fashion, to handle claims in a non-negligent manner, and to pay all  damages as appropriate and required under the specific policies of insurance, et al

24    The Defendants breached the legal duties that they owed to the Plaintiffs, as aforesaid.

25.    As   a   direct   and   proximate   result   of   the   Defendant's Negligence/Wantonness, the Plaintiffs have been severely damaged.

FILED IN OFFICE

APR 2 6 2005

*Roget A Penne*
CLERK

)                                      )

WHEREFORE ALL PREMIES CONSIDERED, Plaintiffs hereby DEMAND JUDGMENT against all of the Defendants for any and all compensatory damages as necessary to compensate them for the injuries that they sustained. Plaintiffs further demand costs, attorney's fees, interest, and any and all other damages as allowed by law, in an amount to be determined by the trier of fact. Plaintiff further demand punitive damages of the Defendants to punish them for their misconduct and to stop other such misconduct from occurring in the future.

## COUNT THREE-BAD FAITH

26. Plaintiffs hereby adopt and reaver all of the above allegations, as if fully set-out and reavered herein in full.

27. Prior to the destruction caused by Hurricane Ivan, in 2004, the Plaintiffs bought, maintained and had in affect, insurance on three separate insurance policies, by and through the Defendants.

28. As part of the obligations of the Defendants under the specific insurance policies, the Defendants were liable for any and all damages caused by hurricane and/or storm destruction, which occurred to the personal and real property of the Plaintiffs, including lightning damages and other such damages associated therewith, as well as damages to the Plaintiff's inventory.

29. Around and during the events of Hurricane Ivan, the Plaintiffs suffered extreme and severe damages to their real and personal property, both at their home, their office, as well to their associated structures and property. Plaintiffs also suffered damages to their inventory.

FILED IN OFFICE

APR 2 6 2005

*Royd A Panu*

CLERK

)                                    )

30.    The Defendants recognized the damages suffered by the Plaintiffs and therefore, paid for some of the damages suffered by the Plaintiffs under two of the insurance policies maintained by the Plaintiffs.

31.    As to the third policy however, the Defendants refused to cover the damages suffered by the Plaintiffs, even though such damages were caused by lightning and other water issues  They refused to cover the Plaintiff's damages even though it was recommend by their agents that they do so. They refused to cover the Plaintiff's damages even though they had paid almost identical damages in the past.

32    The Defendants further refused to pay for lightning damages and water damages even though coverage for such claims are expressly included as a covered damages in the Plaintiff's policies with the Defendants.

31.    In their handling of the specific insurance policies in question, the Defendants, in bad-faith, failed to investigate the claims in a timely manner, failed to handle the claims in a competent and appropriate manner, failed to notify the Plaintiffs of their decisions in a timely manner, failed to communicate with the Plaintiffs in a timely manner, and otherwise, exhibited a complete and utter disregard for the obligations that they owed the Plaintiffs

32.    As a result of their misconduct, as aforesaid, et al., the Defendants are liable for their bad-faith misconduct

33    As a result of the Defendants misconduct, as aforesaid, et al., the Plaintiffs have suffered severe and extreme damage, including emotional distress and mental anguish.

FILED IN OFFICE

APR 2 6 2005

*Roger A Pasacan*
CLERK

)                                    )

WHEREFORE ALL PREMIES CONSIDERED, Plaintiffs hereby DEMAND JUDGMENT against all of the Defendants for any and all compensatory damages as necessary to compensate them for the injuries that they sustained. Plaintiffs further demand costs, attorney's fees, interest, and any and all other damages as allowed by law, in an amount to be determined by the trier of fact. Plaintiff further demand punitive damages of the Defendants to punish them for their misconduct and to stop other such misconduct from occurring in the future.

## COUNT FOUR-FRAUDULENT INDUCEMENT

34. Plaintiffs hereby adopt and reaver all of the above allegations, as if fully set-out and reavered herein in full.

35 Prior to the destruction caused by Hurricane Ivan, in 2004, the Plaintiffs bought, maintained and had in affect, insurance on three separate insurance policies, by and through the Defendants.

36 The Plaintiffs only agreed to purchase the specific insurance policies in question from the Defendants, as the Defendants, by and through their agents, represented that said policies would cover any and all damages caused by hurricanes and/or storm destruction, which occurred to the personal and real property of the Plaintiffs, including lightning damages and other such damages associated therewith, as well as damages to the Plaintiff's inventory.

37. The Plaintiffs reasonably and justifiably relied upon the fraudulent misrepresentations of the Defendants and purchased the specific insurance policies in question.

FILED IN OFFICE

APR 2 6 2005

_Roger A Penn_
CLERK

)                                    )

38    Thereafter, around and during the events of Hurricane Ivan, the Plaintiffs suffered extreme and severe damages to their real and personal property, both at their home, their office, as well to their associated structures and property. Plaintiffs also suffered damages to their inventory.

39.    The Defendants recognized the damages suffered by the Plaintiffs and therefore, paid for some of the damages suffered by the Plaintiffs under two of the insurance policies maintained by the Plaintiffs.

40.    As to the third policy however, the Defendants refused to cover the damages suffered by the Plaintiffs, even though such damages were caused by lightning and other water issues. They refused to cover the Plaintiff's damages even though it was recommend by their agents that they do so. They refused to cover the Plaintiff's damages even though they had paid almost identical damages in the past and had promised the Plaintiffs that such damages would be covered, as aforesaid.

41.    The Defendants fraudulently induced the Plaintiffs to purchase the insurance policies in question, by representing that they would provide coverage as aforesaid

42.    As a result of their misconduct, as aforesaid, et.al., the Defendants are liable for fraudulent inducement.

43.    As a result of the Defendants misconduct, as aforesaid, et.al , the Plaintiffs have suffered severe and extreme damage, including emotional distress and mental anguish

FILED IN OFFICE

APR 2 6 2006

Roger A Romine
CLERK

)                                              )

WHEREFORE ALL PREMIES CONSIDERED, Plaintiffs hereby DEMAND JUDGMENT against all of the Defendants for any and all compensatory damages as necessary to compensate them for the injuries that they sustained. Plaintiffs further demand costs, attorney's fees, interest, and any and all other damages as allowed by law, in an amount to be determined by the trier of fact. Plaintiff further demand punitive damages of the Defendants to punish them for their misconduct and to stop other such misconduct from occurring in the future.

### COUNT FIVE-FRAUDULENT CONCEALMENT

44. Plaintiffs hereby adopt and reaver all of the above allegations, as if fully set-out and reavered herein in full.

45. Prior to the destruction caused by Hurricane Ivan, in 2004, the Plaintiffs bought, maintained and had in affect, insurance on three separate insurance policies, by and through the Defendants.

46. The Plaintiffs only agreed to purchase the specific insurance policies in question from the Defendants, as the Defendants, by and through their agents, represented that said policies would cover any and all damages caused by hurricanes and/or storm destruction, which occurred to the personal and real property of the Plaintiffs, including lightning damages and other such damages associated therewith, as well as damages to the Plaintiff's inventory.

47. The Plaintiffs reasonably and justifiably relied upon the fraudulent misrepresentations of the Defendants and purchased the specific insurance policies in question.

FILED IN OFFICE

APR 2 6 2005

Royal A. Pans
CLERK

)                                                    )

48.     Thereafter, around and during the events of Hurricane Ivan, the Plaintiffs

suffered extreme and severe damages to their real and personal property, both at their

home, their office, as well to their associated structures and property. Plaintiffs also

suffered damages to their inventory.

49.     The Defendants recognized the damages suffered by the Plaintiffs and

therefore, paid for some of the damages suffered by the Plaintiffs under two of the

insurance policies maintained by the Plaintiffs.

50.     As to the third policy however, the Defendants refused to cover the

damages suffered by the Plaintiffs, even though such damages were caused by lightning

and other water issues. They refused to cover the Plaintiff's damages even though it was

recommend by their agents that they do so   They refused to cover the Plaintiff's damages

even though they had paid almost identical damages in the past and had promised the

Plaintiffs that such damages would be covered, as aforesaid.

51.     The Defendants now claim that the damages suffered by the Plaintiffs are

not covered damages under their policy and therefore, the claims of the Plaintiff are not

due to be satisfied

52.     If the damages of the Plaintiffs are not now covered, as described above

and herein, then the Defendants are liable for fraudulently concealing the true terms of

the insurance policies in question, fraudulent concealing their intentions and obligations

under their policies, and otherwise, fraudulently concealing specific details of the policies

in question which would have been completely material to the Plaintiffs if properly

disclosed as required.

FILED IN OFFICE

APR 2 6 2005

Boyd A. Parre
CLERK

)                                    )

53.    As a result of their misconduct, as aforesaid, et.al., the Defendants are liable for fraudulent concealment.

54.    The Plaintiff's justifiably and reasonably relied upon the Defendants, as aforesaid, and said reliance is responsible for the damages suffered by the Plaintiffs.

55.    As a result of the Defendants misconduct, as aforesaid, et.al., the Plaintiffs have suffered severe and extreme damage, including emotional distress and mental anguish.

WHEREFORE ALL PREMIES CONSIDERED, Plaintiffs hereby DEMAND JUDGMENT against all of the Defendants for any and all compensatory damages as necessary to compensate them for the injuries that they sustained.  Plaintiffs further demand costs, attorney's fees, interest, and any and all other damages as allowed by law, in an amount to be determined by the trier of fact.  Plaintiff further demand punitive damages of the Defendants to punish them for their misconduct and to stop other such misconduct from occurring in the future.

### COUNT SIX-MISREPRESENTATION

56.    Plaintiffs hereby adopt and reaver all of the above allegations, as if fully set-out and reavered herein in full.

57    Prior to the destruction caused by Hurricane Ivan, in 2004, the Plaintiffs bought, maintained and had in affect, insurance on three separate insurance policies, by and through the Defendants.

FILED IN OFFICE

APR 2 6 2005

*Rayed A Pennel*
                                              CLERK

58.    , The Plaintiffs only agreed to purchase the specific insurance policies in question from the Defendants, as the Defendants, by and through their agents, represented that said policies would cover any and all damages caused by hurricanes and/or storm destruction, which occurred to the personal and real property of the Plaintiffs, including lightning damages and other such damages associated therewith, as well as damages to the Plaintiff's inventory.

59.    The Plaintiffs reasonably and justifiably relied upon the misrepresentations of the Defendants and purchased the specific insurance policies in question.

60.    Thereafter, around and during the events of Hurricane Ivan, the Plaintiffs suffered extreme and severe damages to their real and personal property, both at their home, their office, as well to their associated structures and property. Plaintiffs also suffered damages to their inventory.

61.    The Defendants recognized the damages suffered by the Plaintiffs and therefore, paid for some of the damages suffered by the Plaintiffs under two of the insurance policies maintained by the Plaintiffs.

62    As to the third policy however, the Defendants refused to cover the damages suffered by the Plaintiffs, even though such damages were caused by lightning and other water issues. They refused to cover the Plaintiff's damages even though it was recommend by their agents that they do so. They refused to cover the Plaintiff's damages even though they had paid almost identical damages in the past and had promised the Plaintiffs that such damages would be covered, as aforesaid.

FILED IN OFFICE

APR 2 6 2005

Reyd A Ph_____
CLERK

)                                    )

63.    The Defendants now claim that the damages suffered by the Plaintiffs are not covered damages under their policy and therefore, the claims of the Plaintiffs are not due to be satisfied.

64.    If the damages of the Plaintiffs are not now covered, as described above and herein, then the Defendants are liable for misrepresenting the true terms of the insurance policies in question, misrepresenting their intentions and obligations under their policies, and otherwise, misrepresenting specific details of the policies in question which would have been completely material to the Plaintiffs if properly disclosed as required.

65.    As a result of their misconduct, as aforesaid, et.al., the Defendants are liable for misrepresentation

66.    The Plaintiff's justifiably and reasonably relied upon the Defendants, as aforesaid, and said reliance is responsible for the damages suffered by the Plaintiffs.

67.    As a result of the Defendants misconduct, as aforesaid, et al , the Plaintiffs have suffered severe and extreme damage, including emotional distress and mental anguish.

WHEREFORE ALL PREMIES CONSIDERED, Plaintiffs hereby DEMAND JUDGMENT against all of the Defendants for any and all compensatory damages as necessary to compensate them for the injuries that they sustained. Plaintiffs further demand costs, attorney's fees, interest, and any and all other damages as allowed by law, in an amount to be determined by the trier of fact. Plaintiff further demand punitive

FILED IN OFFICE

APR 2 6 2005

Ruxyed A Ruxxxx

CLERK

)                                )

damages of the Defendants to punish them for their misconduct and to stop other such misconduct from occurring in the future

## COUNT SEVEN-FICTITOUS PARTIES

68.    Plaintiffs hereby adopt and reaver all of the above allegations, as if fully set-out and reavered herein in full.

69.    Plaintiffs hereby adopt and reaver all of the above allegations and causes of action against all fictitously pled parties, whose identify is currently unknown to the Plaintiffs. Said fictitous parties will be substituted by amendment upon being ascertained by the Plaintiffs in the ordinary course, as required and necessary.

WHEREFORE ALL PREMIES CONSIDEREED, Plaintiffs hereby DEMAND JUDGMENT against all of the fictitously pled Defendants for any and all compensatory damages as necessary to compensate them for the injuries that they sustained. Plaintiffs further demand costs, attorney's fees, interest, and any and all other damages as allowed by law, in an amount to be determined by the trier of fact.    Plaintiff further demand punitive damages of the fictitously pled Defendants to punish them for their misconduct and to stop other such misconduct from occurring in the future

FILED IN OFFICE

APR 2 6 2005

*Royd A Powell*

CLERK

)                                        )

## JURY DEMAND

Plaintiffs demand trial by struck jury as to all of the issues in this Complaint so triable.

DONE AND SUBMITTED, this the 26 day of April , 2005.

ENZOR & ENZOR, Attorneys at Law

BY: _____
 Leland Enzor, Jr.
 Attorney for the Plaintiffs
 Post Office Box 339
 Andalusia, Alabama 36420
 (334) 222-8177

## PLEASE SERVE DEFENDANTS:

Auto Owners Insurance Company, Inc.
Attn: Drew Klasin
5915 Carmichael Road
Montgomery, Alabama 36124-4017

Auto Owners Insurance Company, Inc.
Attn: Legal Department
6101 Anacapri Blvd
Lancing, Michigan 48917

South Central Agency, Inc.
Defendant, South Central Agency, Inc.
1831 E. Three Notch Street
Andalusia, Alabama 36420-2438

FILED IN OFFICE
APR 2 6 2005
*Royd A Powel*
CLERK

**23**

## STATE OF ALABAMA
**Unified Judicial System**

_____ COVINGTON _____ County

Check one(Not for Workers' Comp, PFA, or Small Claims cases):
☐ District Court  ☒ Circuit Court

▶ **File No.**

CV-05-110

Style of case:

PIONEER SERVICES, INC., ET AL.,
v
AUTO-OWNERS INS. CO., ET AL.

# MOTION COVER SHEET

Name of Filing Party:  Defendant Auto-Owners Ins. Co.

Name, Address, and Telephone No. of Attorney or Party, If Not Represented:
Roger S. Morrow
P.O. Box 4804, Montgomery, AL 36103-4804
Attorney Bar No.:  MOR032

## Type of Motion (Check One)

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Intervene or Appear as Third Party Plaintiff ($297.00) | ☐ Amend |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| | ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Contempt |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| ☐ Other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Deposition |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment or other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Discovery |
| ☐ Other _____ | ☐ Ex Parte Restraining |
| pursuant to Rule_____ ($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| | ☐ Joinder |
| | ☒ More Definite Statement |
| * Motion fees are enumerated in §12-19-71(a)  Fees pursuant to Local Act are not included.  Please contact the Clerk of the Court regarding applicable local fees | ☒ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Plaintiff's Motion to Dismiss or Stipulation of Dismissal |
| ☐ Local Court Cost $_____ | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Show Cause |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Temporary Restraining Order |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other_____ |
| | pursuant to Rule_____ (Subject to filing fee) |

FILED IN OFFICE

MAY 2 6 2005

_Roy A Powell_
CLERK

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date: 5-25-05 | Signature of Attorney or Party: _[signature]_ |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
** Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee

## IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,  )
JIMMY WILLIAMSON, and    )
KELLY WILLIAMSON,        )
                         )
      Plaintiffs,        )
                         )    **CIVIL ACTION NO.: CV-05-110**
v.                       )
                         )
AUTO-OWNERS INSURANCE    )    **ORAL ARGUMENT REQUESTED.**
COMPANY, INC., a corporation, and  )
SOUTH CENTRAL AGENCY, INC.,  )    FILED IN OFFICE
et al.,                  )
                         )    MAY 2 5 2005
      Defendants.        )
                         )    _Roger A. Powell_
                              CLERK

## DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

COMES NOW Defendant Auto-Owners Insurance Company (hereinafter "Auto-Owners"), pursuant to Rule 12, *A.R.C.P.*, and moves this Honorable Court to dismiss Plaintiffs' Complaint as to each Plaintiff named in the Complaint and to further dismiss each count contained in the Complaint, separately and severally. Alternatively, Defendant Auto-Owners requests the Court, pursuant to Rule 12(e), *A.R.C.P.*, to order the Plaintiffs to file a more definite statement as to all claims purported alleging claims based on fraud in the Complaint. Defendant Auto-Owners sets forth the following grounds in support of this motion, to-wit:

1.      The Complaint, and each count contained therein, separately and severally, fails to state a cause of action against Defendant Auto-Owners upon which relief can be granted.

2.      The Complaint fails to state a cause of action on behalf of Plaintiffs Jimmy Williamson and/or Kelly Williamson because neither plaintiff was an insured under the

insurance policy at issue in this lawsuit for the claim which is the subject of this lawsuit. The named insured in the policy is Pioneer Telephone Services, Inc., an Alabama Corporation.

3.    Counts One, Two, Three, Four, Five and Six of the Complaint are all due to be dismissed as to Plaintiffs, Jimmy Williamson and Kelly Williamson, because they were not named insureds under the policy at issue in this case. Consequently, those Plaintiffs do not have the capacity, standing or insurable interest necessary to maintain this action.

4.    Count Two of the Complaint alleging negligence and wantonness is due to be dismissed as to all Plaintiffs because Alabama law does not recognize a cause of action for negligent or wanton investigation of a claim. *Kervin v. Southern Guaranty Ins. Co.*, 667 So.2d 704 (Ala. 1995).

5.    Counts Four, Five and Six of the Complaint are due to be dismissed as to all Plaintiffs because the allegations of the pleadings are so non-specific and without substance that such allegations fail to state a cause of action against this Defendant upon which relief can be granted. *See, State Farm Fire & Casualty Co. v. Slade*, 747 So.2d 293 (Ala. 1999).

6.    Alternatively, the Court is requested to enter an order directing Plaintiffs to file a more definite statement as to Counts Four, Five and Six of the Complaint. Counts Four, Five and Six fail to plead claims of fraud with the sufficient specificity and particularity required by Rule 9(b) of the *Alabama Rules of Civil Procedure*. The Complaint completely fails to identify: (a) the time and date of the alleged misrepresentations; (b) the identity of the person(s) alleged to have made the representation; and (c) the facts allegedly misrepresented or suppressed. *Robinson v. Allstate*, 399 So.2d 288 (Ala. 1981); *Anderson*

2

FILED IN OFFICE

MAY 2 5 2005

*Roy A. Ferrell*
CLERK

*v. Clark*, 775 So.2d 749 (Ala. 2000); *Llyde v. United Ins. Co. of America*, 628 So.2d 665 (Ala.Civ.App. 1993).

**WHEREFORE, THESE PREMISES CONSIDERED,** Defendant Auto-Owners Insurance Company respectfully requests this Honorable Court to dismiss each count and claim contained in the Complaint as to each Plaintiff, separately and severally, and to enter an order dismissing Auto-Owners from this action. Alternatively, Defendant Auto-Owners moves this Honorable Court to order the Plaintiffs to file a more definite statement as to all claims purporting to allege fraud, misrepresentation or suppression of fact as required by Rule 9(b) of the *Alabama Rules of Civil Procedure*.

Respectfully submitted this the 24th day of May , 2005.

ROGER S. MORROW (MOR032)

JOEL H. PEARSON (PEA019)
**ATTORNEYS FOR DEFENDANT
AUTO-OWNERS INSURANCE COMPANY**

**OF COUNSEL:
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804
Telephone:  (334) 262-7707
Facsimile:   (334) 262-7742**

**ORAL ARGUMENT REQUESTED ON THIS MOTION.**

OF COUNSEL

3

FILED IN OFFICE
MAY 2 5 2005

CLERK

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following via facsimile and by placing a copy of same in the United States mail, first class postage prepaid on this the ___24__day of _____May_____, 2005.

Leland Enzor, Jr., Esq.
ENZOR & ENZOR
P.O. Box 339
Andalusia, AL 36420
(Fax No.: 334-222-6504)

_____
OF COUNSEL

FILED IN OFFICE
MAY 2 5 2005

CLERK

4

## IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC., )
JIMMY WILLIAMSON, and )
KELLY WILLIAMSON, )
 )
      Plaintiffs, )
 )
    v. )    CIVIL ACTION NO.: CV-05-110
 )
AUTO-OWNERS INSURANCE )
COMPANY, INC., a corporation, and )
SOUTH CENTRAL AGENCY, INC., )
et al., )
 )
      Defendants. )

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:   Hon. Roger A. Powell, Clerk
      Covington County Circuit Court
      Courthouse, Court Square
      Andalusia, AL 36420-3995

Please take notice that the following discovery documents were served by

Defendant Auto-Owners Insurance Company on all parties on May 25, 2005, in the above

entitled action

    1.    Defendant Auto-Owners Insurance Company's First Set of Interrogatories to
        Plaintiffs; and

    2.    Defendant Auto-Owners Insurance Company's First Request for Production
        to Plaintiffs.

Dated this the _25th_ day of _May_, 2005.

_____
ROGER S. MORROW (MOR032)
JOEL H. PEARSON (PEA019)
ATTORNEYS FOR DEFENDANT
AUTO-OWNERS INSURANCE COMPANY

FILED IN OFFICE

MAY 2 6 2005

_Roger A. Powell_
CLERK

**OF COUNSEL:**
**MORROW, ROMINE & PEARSON, P.C.**
**P.O. Box 4804**
**Montgomery, AL 36103-4804**
**Telephone:  (334) 262-7707**
**Facsimile:   (334) 262-7742**

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the above and foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the _2.5_ day of _____, 2005.

     Leland Enzor, Jr., Esq.
ENZOR & ENZOR
P.O. Box 339
Andalusia, AL 36420

OF COUNSEL

FILED IN OFFICE
MAY 2 6 2005
CLERK

## IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

|  |  |
|---|---|
| PIONEER SERVICES, INC., JIMMY WILLIAMSON, and KELLY WILLIAMSON, | ) ) ) |
|  | ) |
|     Plaintiffs, | ) |
|  | ) |
| vs. | ) CIVIL ACTION NO.: CV-05-010 |
|  | ) |
| AUTO-OWNERS INSURANCE COMPANY, INC. a corporation, and SOUTH CENTRAL AGENCY, INC., a corporation, et al., | ) ) ) ) |
|  | ) |
|     Defendants. | ) |

## ANSWER TO COMPLAINT

**COMES NOW** South Central Agency, Inc., one of the defendants in the above-styled cause and for answer to Plaintiffs' complaint and each and every count, paragraph and aspect thereof, separately and severally, set down and assign the following, to-wit:

## FIRST DEFENSE

Plaintiffs' complaint fails to state a claim against this Defendant upon which relief can be granted.

## SECOND DEFENSE

1.    This Defendant denies each and every allegation contained in Plaintiffs' complaint and demand strict proof thereof.

2.    In further response to Plaintiffs' complaint, this Defendant states that it is not guilty of the matters and things alleged therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs are guilty of contributory negligence proximately causing their own damages; hence, Plaintiffs ought not recover.

### SECOND AFFIRMATIVE DEFENSE

This Defendant denies that it has been guilty of any conduct which entitles the Plaintiffs to recover punitive damages.

### THIRD AFFIRMATIVE DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiffs in this case would be in violation of the constitutional safeguards provided to this Defendant under the Constitution of the State of Alabama.

### FOURTH AFFIRMATIVE DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiffs in this case would be in violation of the constitutional safeguards provided to this Defendant under the Constitution of the United States of America.

### FIFTH AFFIRMATIVE DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiffs in this case would be in violation of the constitutional safeguards provided to this Defendant under the Due Process clause of the Fourteenth Amendment to the Constitution of the United States of America in that punitive damages are vague and are not rationally related to the legitimate government interest.

2

## SIXTH AFFIRMATIVE DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiffs in this case would be in violation of Article I, Section 6, of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## SEVENTH AFFIRMATIVE DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiffs in this case would be in violation of the procedural safeguards provided to this Defendant under the Sixth Amendment of the Constitution of the United States of America in that punitive damages are penal in nature, and consequently, this Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## EIGHTH AFFIRMATIVE DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiffs in this case would be in violation of the Self-Incrimination Clause of the Fifth Amendment of the Constitution of the United States of America since to impose punitive damages against them, which are penal in nature, would compel it to disclose potentially incriminating documents and evidence.

## NINTH AFFIRMATIVE DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiffs in this case would be in violation of Article I, Section 15 of the Constitution of the State of Alabama, in that the damages would be an excessive fine.

3

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages on its face and/or as applied, violate Article I, Section 10, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, separately and severally, of the Constitution of the United States and Article I, Sections 6, 11, 13, 15, and 22 of the Constitution of Alabama, separately and severally, on each of the following separate and several grounds:

(a)    The present Alabama procedures fail to provide sufficiently objective and specific standards by which juries may award punitive damages against this defendant for the same alleged act of wrongdoing.

(b)    The present Alabama procedures fail to provide constitutional, sufficiently objective and specific standards by which juries may award judgments.

(c)    The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of the award against these Defendants.

(d)    The present Alabama procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(e)    The present Alabama procedures fail to provide a sufficiently clear, objective and consistent appellate standard of review of an award of punitive damages.

(f)    The present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined.

(g)    The standards of conduct upon which punitive damages are sought are unconstitutionally vague.

4

(h)     The present Alabama procedures do not allow for the jury to be instructed to adhere to any ascertainable standard or apply any specified sets of factors, and, accordingly, no appellate court can subsequently determine whether the jury improperly applied or ignored any standard or set of factors.

(i)     The availability of punitive damages, which are penal in nature, against a civil defendant upon plaintiff satisfying a burden of proof which is less than that required in criminal cases is constitutionally deficient.

(j)     The present Alabama procedures fail to provide a meaningful procedure for challenging the excessiveness of an award of punitive damages.

(k)     The award of or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution as well as the Alabama Constitutional provisions set forth above.

(l)     It is improper and unconstitutional to assess punitive damages and derivative or attributed liability, such as respondeat superior liability.

(m)     The present Alabama procedures fail to provide protection against an excessive amount of punitive damages.

(n)     The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability.

(o)     The current Alabama procedures permit the imposition of substantially different punishments for the same and similar conduct.

(p)     The current Alabama procedures permit the impairment of obligations to

contracts.

(q)    The current Alabama procedures do not require the bifurcation of the trial so that the punitive damages issue may be heard separately.

(a)    The current Alabama procedures permit the imposition of multiple punishments for the same alleged act of wrongdoing.

(s)    The current Alabama procedures prohibit the jury from hearing the same evidence and deciding the issue of remittitur which is now under the sole province of the trial court.

(t)    The current Alabama procedures permit the imposition of punitive damages and the enforcement of the same against one defendant when, in fact, multiple defendants have been found culpable.

## ELEVENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case could violate the equal protection clause of the Fifth and Fourteenth Amendments to the United States Constitution, separately, and would deprive this Defendant of the right to equal protection under the law as provided in Article I, Section 6, of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants in the same case or in different cases.

## TWELFTH AFFIRMATIVE DEFENSE

The present Alabama procedures pursuant to which punitive damages are awarded

6

permit the imposition of punitive damages in excess of the maximum criminal fine of the same or similar conduct, which thereby infringes upon the due process and equal protection provision of the Alabama and United States constitutions.

### THIRTEENTH AFFIRMATIVE DEFENSE

Section 6-11-21 of the <u>Code of Alabama</u> bars Plaintiffs' claims for punitive damages to the extent that it exceeds the amount of $250,000.00. Ala. Code §6-11-21 (Supp. 1987); see <u>Oliver v. Towns</u>, 738 So.2d 798, n. 7 (Ala. 1999)("[W]e question whether *Henderson [v. Alabama Power Co.]*, 627 So.2d 878 (Ala. 1993), remains good law.")(citations omitted). The Alabama Supreme Court acted beyond its authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution in striking down this legislative mandate, and therefore, its action was unconstitutional and without effect.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are limited by the cap imposed by <u>Ala. Code</u> §6-11-21, as amended by Alabama Act No. 99-358. Allowing an award in excess of this legislative cap would directly contravene the express public policy of the State of Alabama.

_____

CARROLL H. SULLIVAN   (SUL013)
Attorney for Defendant South Central Agency, Inc.

**OF COUNSEL:**
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Post Office Box 1034
Mobile, Alabama 36633
Telephone: (251) 433-1346
Facsimile: (251) 433-1086
E-mail: <u>csullivan@scottsullivanlaw.com</u>

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 24 day of June, 2005, served a copy of the foregoing upon counsel for all parties to this proceeding by depositing the same in United States Mail, properly addressed and first class postage prepaid as follows:

Leland Enzor, Jr., Esquire
Enzor & Enzor
Post Office 339
Andalusia, Alabama 36420

Auto Owners Insurance Company, Inc.
ATTN: Drew Klasin
5915 Carmichael Road
Montgomery, AL 36124-4017

Auto Owners Insurance Company, Inc.
ATTN: Legal Department
6101 Anacapri Boulevard
Lancing, Michigan 48917

_____
OF COUNSEL

## IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| PIONEER SERVICES, INC., JIMMY WILLIAMSON, and KELLY WILLIAMSON, | ) ) ) ) |
| **Plaintiffs,** | ) ) |
| vs. | ) CIVIL ACTION NO.: CV-05-0110 ) |
| AUTO-OWNERS INSURANCE COMPANY, INC. a corporation, and SOUTH CENTRAL AGENCY, INC., a corporation, et al., | ) ) ) ) ) |
| **Defendants.** | ) |

### APPEARANCE

COMES NOW, **JAMES E. ROBERTSON** of Scott, Sullivan, Streetman & Fox, P.C.,

and files this, his notice of appearance as additional counsel for Defendant South Central

Agency, Inc., in the above-styled cause.

Respectfully submitted,

JAMES E. ROBERTSON    (ROB030)
Attorneys for Defendant South Central Agency, Inc.

**OF COUNSEL:**
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Post Office Box 1034
Mobile, Alabama 36633
Telephone: (251) 433-1346
Facsimile: (251) 433-1086
jrobertson@scottsullivanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 13th day of June, 2005, served a copy of the foregoing upon all counsel of record listed below via U.S. mail:

Leland Enzor, Jr., Esquire
Enzor & Enzor
Post Office 339
Andalusia, Alabama 36420
*Attorney for Plaintiffs*

Roger S. Morrow, Esquire
Joel H. Pearson, Esquire
Morrow, Ramine & Pearson, P.C.
Post Office Box 4804
Montgomery, Alabama 36103
*Attorneys for Auto-Owners Insurance Company, Inc.*

OF COUNSEL

2

PIONEER SERVICES, INC.,          *        IN THE CIRCUIT COURT OF
et al,
                                 *        COVINGTON COUNTY, ALABAMA
    PLAINTIFFS,
                                 *        CASE NO.   CV-2005-110
VS.
                                 *
AUTO-OWNERS INS. CO., et al,
                                 *
    DEFENDANTS.
                                 *

## ORDER

The undersigned is of the opinion that the ends of justice
require that he recuse himself in the above entitled matter.  Such
recusal is hereby entered of record, and, unless otherwise
instructed, the Clerk shall reassign this cause to another circuit
judge, according to the provisions of law.

Done and Ordered this 28th day of June, 2005.


CHARLES A. SHORT
CIRCUIT JUDGE


FILED IN OFFICE

JUN 2 9 2005

Roy A. Powell
CLERK



**IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA**

PIONEER SERVICES, INC.,
JIMMY WILLIAMSON, and
KELLY WILLIAMSON,

        Plaintiffs,

v.

AUTO-OWNERS INSURANCE
COMPANY, INC., a corporation, and
SOUTH CENTRAL AGENCY, INC.,
et al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED IN OFFICE

JUL   2005

*Ray A Powell*
        CLERK

CIVIL ACTION NO.: CV-05-110

ORAL ARGUMENT REQUESTED.

FILED IN OFFICE

MAY 2 5 2005

*Ray A Powell*
        CLERK

ORDER

A hearing on the matters contained in this document is set for 08/30/05 at 9:00 A. m.

*[signature]* CIRCUIT JUDGE

## DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

COMES NOW Defendant Auto-Owners Insurance Company (hereinafter "Auto-Owners"), pursuant to Rule 12, *A.R.C.P.*, and moves this Honorable Court to dismiss Plaintiffs' Complaint as to each Plaintiff named in the Complaint and to further dismiss each count contained in the Complaint, separately and severally. Alternatively, Defendant Auto-Owners requests the Court, pursuant to Rule 12(e), *A.R.C.P.*, to order the Plaintiffs to file a more definite statement as to all claims purported alleging claims based on fraud in the Complaint. Defendant Auto-Owners sets forth the following grounds in support of this motion, to-wit:

1.     The Complaint, and each count contained therein, separately and severally, fails to state a cause of action against Defendant Auto-Owners upon which relief can be granted.

2.     The Complaint fails to state a cause of action on behalf of Plaintiffs Jimmy Williamson and/or Kelly Williamson because neither plaintiff was an insured under the

```
51                                          CV 2005 000110.00
                                 MAM
                        JUDGE: CHARLES A. SHORT
          ALABAMA JUDICIAL DATA CENTER
              CASE ACTION SUMMARY
                 CIRCUIT CIVIL
HE CIRCUIT  COURT OF COVINGTON      COUNTY

NEER SERVICES INC ET ALS VS AUTO-OWNERS INS CO  ET AL
:  04/26/2005 TYPE: CONTRACT/EJMNT/SEIZU TYPE TRIAL: JURY     TRACK:
***********************************************************************
            CA:               CA DATE:
            AMT:         $.OO  PAYMENT:
***********************************************************************
27/2005   CERTIFIED MAI ISSUED: 04/27/2005 TO DOO1    (AVO2)
27/2005   SHERIFF ISSUED: 04/27/2005 TO DOO3         (AVO2)
27/2005   CERTIFIED MAI ISSUED: 04/27/2005 TO DOO2    (AVO2)
```

Defendant Auto-Owners Insurance Company's
Motion to Dismiss Plaintiffs' Complaint, or in the
Alternative, Motion for a More Definite Statement
Notice of Service of Discovery Documents
Answer to Complaint
Interrogatories to Plaintiffs
Requests for Production of Documents
Appearance
Order: The Clerk shall reassign this cause to
another Circuit Judge.

**ORDER**

August 30, 20 05. The hearing scheduled this
day is continued unto 12/04/05, at 9:00 a.m,
all by consent.

CIRCUIT JUDGE

```
27/2005                                     CV 2005 000110.00
```

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,                )
JIMMY WILLIAMSON, and                  )
KELLY WILLIAMSON,                      )
                                       )
       PLAINTIFFS,                     )
                                       )
V.                                     )    CASE NO. CV 05-110
                                       )
AUTO-OWNERS INSURANCE                  )
COMPANY, INC., a corporation, and      )
SOUTH CENTRAL AGENCY, INC.,            )
et al.,                                )
                                       )
       DEFENDANTS.                     )

## MOTION TO CONTINUE HEARING ON
## DEFENDANT'S MOTION TO DISMISS

Come now the Plaintiffs by and through their attorney of record and move this

Court to continue the hearing on Defendant Auto-Owners' Motion to Dismiss or in the

alternative Motion for More Definite Statement currently scheduled for hearing on

Tuesday, October 4, 2005. As grounds for said motion the Plaintiffs would show as

follows:

       1.      The undersigned counsel was retained on September 28, 2005 to represent

the Plaintiffs in this matter.

       2.      The undersigned requires a short period of time to become familiar with all

issues involved in this case and respond to the Motion to Dismiss currently pending.

       3.      The undersigned counsel believes that allowing this period of time for

review will allow the Plaintiffs to voluntarily dismiss certain parts of the complaint and

to streamline the litigation in this matter.

4.    The undersigned has been advised there has been a partial sale of assets of Plaintiff Pioneer Services, Inc. subsequent to the filing of this lawsuit and the undersigned must investigate the exact terms of this transaction in order to determine the proper Plaintiffs and real parties in interest concerning claims made in this lawsuit.

5.    The undersigned has been scheduled for several weeks to be out of the state on October 4th for a family vacation.

6.    The Plaintiffs request a continuance of thirty (30) days in order for the complaint to be revised and/or certain counts dismissed. The Plaintiffs counsel has conferred with counsel for Defendant Auto-Owners in this matter and defense counsel does not oppose this motion for continuance.

7.    At the time of filing, the undersigned has been unable, despite leaving messages today, to speak with counsel for South Central Agency to determine their response.

WHEREFORE, premises considered, Plaintiffs request this Court continue the hearing currently scheduled for Tuesday, October 4, 2005 for a period of thirty (30) days.

_____
Harry P. Hall, II (HAL053)
Co-Counsel for Plaintiffs


OF COUNSEL:
Farmer, Price, Hornsby & Weatherford, L.L.P.
P.O. Drawer 2228
Dothan, Alabama 36302
(334) 793-2424
(334) 793-6624-Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a copy of the foregoing upon the following individual(s) by U.S. Mail, postage prepaid and properly addressed on this the 29th day of September, 2005.

Roger S. Morrow
Joel H. Pearson
P.O. Box 4804
Montgomery, Alabama 36103-44804


Carroll H. Sullivan
James E. Robertson, Jr.
P.O. Box 1034
Mobile, Alabama  36633

_____
Of Counsel

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| PIONEER SERVICES, INC., | ) |
| JIMMY WILLIAMSON, and | ) |
| KELLY WILLIAMSON, | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| V. | )   CASE NO. CV 05-110 |
| | ) |
| AUTO-OWNERS INSURANCE | ) |
| COMPANY, INC., a corporation, and | ) |
| SOUTH CENTRAL AGENCY, INC., | ) |
| et al., | ) |
| | ) |
| DEFENDANTS. | ) |

## ENTRY OF APPEARANCE

Comes now Harry P. Hall, II, and enters his appearance as co-counsel for the

Plaintiffs in the above matter.

Harry P. Hall, II (HAL053)
Co-Counsel for Plaintiffs

OF COUNSEL:
Farmer, Price, Hornsby & Weatherford, L.L.P.
P.O. Drawer 2228
Dothan, Alabama 36302
(334) 793-2424
(334) 793-6624-Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a copy of the foregoing upon the
following individual(s) by U.S. Mail, postage prepaid and properly addressed on this the
29th day of September, 2005.

Roger S. Morrow
Joel H. Pearson
P.O. Box 4804
Montgomery, Alabama 36103-44804

Carroll H. Sullivan
James E. Robertson, Jr.
P.O. Box 1034
Mobile, Alabama 36633

Of Counsel

Case 2:06-cv-00377-WKW-TFM     Document 1-2     Filed 04/25/2006     Page 49 of 162

48

51                                              CV 2005 000110.00

                                    JUDGE: ~~CHARLES A. SHORT~~  MAM

ALABAMA JUDICIAL DATA CENTER
CASE ACTION SUMMARY
CIRCUIT CIVIL

E CIRCUIT COURT OF COVINGTON     COUNTY

EER SERVICES INC ET ALS VS AUTO-OWNERS INS CO  ET AL
 04/26/2005 TYPE: CONTRACT/EJMNT/SEIZU TYPE TRIAL: JURY     TRACK:

******************************************************************
     CA:                    CA DATE:
     AMT:              $.00  PAYMENT:
******************************************************************
7/2005   CERTIFIED MAI ISSUED: 04/27/2005 TO D001     (AV02)

7/2005   SHERIFF ISSUED: 04/27/2005 TO D003     (AV02)

7/2005   CERTIFIED MAI ISSUED: 04/27/2005 TO D002     (AV02)

Defendant Auto-Owners Insurance Company's
Motion to Dismiss Plaintiffs' Complaint, or in the
Alternative, Motion for a More Definite Statement
Notice of Service of Discovery Documents
Answer to Complaint
Interrogatories to Plaintiffs
Requests for Production of Documents
Appearance
Order: The Clerk shall reassign this cause to
another Circuit Judge

**ORDER**

August 30, 20 05. The hearing scheduled this
day is continued unto 12/04/05, at 9:00 a.m.
all by consent.

_____
CIRCUIT JUDGE

Entry of Appearance
Motion to Continue Hearing on Defendant's Motion
to Dismiss

**ORDER**

October 4, 20 05. The hearing scheduled this
day is continued unto 01/03/06, at 9:00 a.m.
all by consent.

27/2005                          CV 2005 000110.00
_____
CIRCUIT JUDGE

# IN THE CIRCUIT COURT OF
## COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,           )
JIMMY WILLIAMSON, and             )
KELLY WILLIAMSON,                 )
                                  )
     Plaintiffs,            )
                                  )    CIVIL ACTION NO.: CV-05-110
v.                                )
                                  )
AUTO-OWNERS INSURANCE             )
COMPANY, INC., a corporation, and )
SOUTH CENTRAL AGENCY, INC.,       )
et al.,                           )
                                  )
     Defendants.            )

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:   Hon. Roger A. Powell, Clerk
       Covington County Circuit Court
       Courthouse, Court Square
       Andalusia, AL 36420-3995

Please take notice that the following discovery document was served by Defendant

Auto-Owners Insurance Company on all parties on October 26, 2005, in the above entitled

action.

    1   Defendant Auto-Owners Insurance Company's Responses and Objections to

Plaintiff's Notice of Taking Video Deposition Duces Tecum.

Dated this the 26th day of October , 2005

                         ROGER S. MORROW (MOR032)

FILED IN OFFICE

OCT 2 7 2005

JOEL H. PEARSON (PEA019)
ATTORNEYS FOR DEFENDANT
AUTO-OWNERS INSURANCE COMPANY

**OF COUNSEL:**

**MORROW, ROMINE & PEARSON, P.C.**
**P.O. Box 4804**
**Montgomery, AL 36103-4804**
**Telephone:  (334) 262-7707**
**Facsimile:  (334) 262-7742**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the 26th day of _October_, 2005.

Leland Enzor, Jr., Esq.
Enzor & Enzor
P.O. Box 339
Andalusia, AL 36420

Harry P. Hall, II, Esq.
Farmer, Price, Hornsby & Weatherford, LLC
P.O. Drawer 2228
Dothan, AL 36303

James E. Robertson, Jr., Esq.
Carroll H. Sullivan, Esq.
P.O. Box 1034
Mobile, AL 36633

OF COUNSEL

2

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,            *
JIMMY WILLIAMSON and
KELLY WILLIAMSON,                  *

      PLAINTIFFS,              *

VS.                                *    CIVIL ACTION NO : CV-2005-110

AUTO-OWNERS INSURANCE              *
COMPANY, INC , A Corporation,
and SOUTH CENTRAL AGENCY,          *
INC., et al ,
                                   *
      DEFENDANTS
                                   *

## ORDER

Hearing on "Defendant Auto-Owners Insurance Company's Motion To Dismiss Plaintiffs' Complaint, Or, In The Alternative, Motion For More Definite Statement" has twice been continued, all by consent  At this point, it appears that such hearing ought to be rescheduled, and, accordingly, it is reset so as to now transpire on the 3rd day of January, 2006, at 9:00 a m.

Done and Ordered this the 28th day of October, 2005

ASHLEY McKATHAN, CIRCUIT JUDGE

FILED IN OFFICE

OCT 2 8 2005

CLERK

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | | |
|---|---|---|
| PIONEER SERVICES, INC., | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| Vs. | ) | CASE NO. CV 05-110 |
| | ) | |
| AUTO-OWNERS INSURANCE | ) | |
| COMPANY, INC., et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## MOTION TO AMEND COMPLAINT

Comes now the Plaintiff in the above styled cause and moves to Amend its Complaint in this matter. As grounds for said Motion, Plaintiff would state as follows:

1.      On April 26, 2005 this Plaintiff filed its initial Complaint in this matter including claims on behalf of Kellie and Jimmy Williamson.

2      After researching the insurance policies involved in this case it has become apparent the only claims Plaintiffs would have at this time would be based on a policy of insurance between Auto-Owners Insurance Company, Inc. and Pioneer Services, Inc.

3.      As such, Plaintiffs wish to amend their Complaint so that Pioneer Services, Inc. is the only Plaintiff remaining with claims in this matter. Plaintiff would request of this Court permission to substitute the attached Amended Complaint (attached as Exhibit "A") for the original Complaint filed herein.

4.      Counsel for Plaintiff has confirmed that the Defendants have no objection to this Amendment of Plaintiff's Complaint.

WHEREFORE Plaintiff requests this Court to allow it to Amend its Complaint by

substituting the attached Amended Complaint for the original filed on April 26, 2005.


_____
Harry P. Hall, II (HAL053)
Counsel for Plaintiff

OF COUNSEL:
Farmer, Price, Hornsby & Weatherford, L.L.P.
P.O. Drawer 2228
Dothan, Alabama 36302
(334) 793-2424
(334) 793-6624-Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a copy of the foregoing upon the
following individual(s) by U.S. Mail, postage prepaid and properly addressed on this
the _16th_ day of December, 2005.

Roger S. Morrow
Joel H. Pearson
P.O. Box 4804
Montgomery, Alabama 36103-44804

Carroll H. Sullivan
James E. Robertson, Jr.
P.O. Box 1034
Mobile, Alabama 36633


_____
Of Counsel

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| PIONEER SERVICES, INC., | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| Vs. | )    CASE NO. CV 05-110 |
| | ) |
| AUTO-OWNERS INSURANCE | ) |
| COMPANY, INC., a corporation, and | ) |
| SOUTH CENTRAL AGENCY, INC., | ) |
| a corporation, and XYZ fictitious | ) |
| defendants, "X", "Y", and/or "Z" | ) |
| being that person or persons who | ) |
| caused and/or contributed to the | ) |
| injuries and/or damages suffered | ) |
| and sustained by the Plaintiffs, whose | ) |
| identity is unknown at this time but | ) |
| will be added by amendment when | ) |
| such is ascertained, et.al., | ) |
| | ) |
| DEFENDANTS. | ) |

## AMENDED COMPLAINT

COMES NOW THE PLAINTIFF, and hereby files its Amended Complaint for Damages by stating as follows:

1.    Plaintiff's Complaint is an action for damages for property damage and other injuries suffered by Plaintiff resulting from the acts of the Defendants. The amount in controversy exceeds the jurisdictional minimum of this Court.

2.    Plaintiff, Pioneer Services, Inc., ("Pioneer") is a domestic corporation, properly licensed to conduct business in Alabama, and whose principal place of business is Covington County, Alabama.

3.    Defendant, Auto-Owners Insurance Company, Inc., ("Auto-Owners") is a corporation, properly licensed and qualified to do business in the

State of Alabama, that is itself doing business, for itself and through its agents, in Covington County, Alabama. It is subject to service of process at P.O. Box 244017, Montgomery, Alabama 36124-4017.

4.     Defendant, South Central Agency, Inc., ("South Central") is a domestic corporation, properly licensed to do business in the State of Alabama, that is itself doing business in Covington County, Alabama. It principal place of business is 1831 E. Three Notch Street, Andalusia, Alabama 36420-2438.

5.     Fictitious Party Defendants X, Y, and Z, are those individuals, businesses, associations, organizations, corporations, or other entities who or which are described in the caption of the Complaint, and who either caused or contributed to the injuries and/or damages suffered by Plaintiffs. Plaintiffs aver that the identity of the Fictitious Party Defendants are otherwise unknown to the Plaintiffs at this time, or, if their names are known to the Plaintiffs, their identity as proper party Defendants are not known to the Plaintiffs at this time; but their true names will be substituted by amendment to the Complaint when the aforesaid lacking knowledge is ascertained.

6.     This honorable Court has both subject matter jurisdiction over all of the claims presented herein and personal jurisdiction over the parties hereto. Suit over the claims present is therefore proper and lawful in this honorable Court.

## COUNT ONE-BREACH OF CONTRACT

7.    Plaintiff hereby adopts and reavers all of the above allegations, as if fully set-out and reavered herein in full.

8.    Prior to the destruction caused by Hurricane Ivan, in 2004, the Plaintiff bought, maintained and had in effect, insurance on an insurance policy, by and through the Defendant South Central Agency. Said policy was with Defendant Auto-Owners

9.    As part of the obligations of the Defendant Auto-Owners under the specific insurance policies, the Defendant was liable for any and all damages caused by hurricane and/or storm destruction, which occurred to the personal and real property of the Plaintiff, including lightning damages and other such damages associated therewith, as well as damages to the Plaintiff's inventory.

10.    Around and during the events of Hurricane Ivan, in 2004, the Plaintiff suffered extreme and severe damages to its real and personal property. Plaintiff also suffered damages to its inventory.

11    The Defendants recognized the damages suffered by the Plaintiffs and therefore, paid for some of the damages under one of the insurance policies maintained by the Plaintiff.

12    The Defendant refused to cover the damages suffered by the Plaintiff, even though such damages were caused by lightning and other similarly related water issues. Lightning damages and water damages are

3

expressly included as a covered damages in the Plaintiff's insurance policies with the Defendant Auto-Owners.

13.     Even so, the Defendant wrongfully refused to cover lightning and/or water damages suffered by the Plaintiff, even though they had previously paid for such damages under other policies and had previously promised the Plaintiff that any and all lightning and other water related damages that it suffered would be covered.

14.     As a result of the Defendant's Breach of Contract, the Plaintiff has been severely damaged.

WHEREFORE ALL PREMISES CONSIDERED, Plaintiff hereby DEMANDS JUDGMENT against the Defendant Auto-Owners for any and all damages as necessary to compensate it for the losses that it sustained. Plaintiff further demands costs, attorney's fees, interest, and any and all other damages as allowed by law, in an amount to be determined by the trier of fact.

<u>COUNT TWO-BAD FAITH</u>

15     Plaintiff hereby adopts and reavers all of the above allegations, as if fully set-out and reavered herein in full.

16.     Prior to the destruction caused by Hurricane Ivan, in 2004, the Plaintiffs bought, maintained and had in effect, insurance on two separate insurance policies, by and through the Defendants.

4

17.    As part of the obligations of the Defendant Auto-Owners under the specific insurance policies, the Defendant was liable for any and all damages caused by hurricane and/or storm destruction, which occurred to the personal and real property of the Plaintiff, including lightning damages and other such damages associated therewith, as well as damages to the Plaintiff's inventory.

18.    Around and during the events of Hurricane Ivan, the Plaintiff suffered extreme and severe damages to its real and personal property, at its office, as well to its associated structures and property. Plaintiff also suffered damages to its inventory

19.    The Defendants recognized the damages suffered by the Plaintiff and thereafter Defendant Auto-Owners paid for some of the damages suffered by the Plaintiff under one of the insurance policies maintained by the Plaintiff.

20.    Auto-Owners refused to cover all the damages suffered by the Plaintiff, even though such damages were caused by lightning and other water issues. They refused to cover the Plaintiff's damages even though it was recommended by their agents that they do so. They refused to cover the Plaintiff's damages even though they had paid almost identical damages in the past.

21.    The Defendant Auto-Owners further refused to pay for lightning damages and water damages even though coverage for such claims are expressly included as covered damages in the Plaintiff's policies with the Defendant.

5

22.    In their handling of the specific insurance policies in question, the Defendant Auto-Owners, in bad-faith, failed to investigate the claims in a timely manner, failed to handle the claims in a competent and appropriate manner, failed to notify the Plaintiff of their decisions in a timely manner, failed to communicate with the Plaintiff in a timely manner, and otherwise, exhibited a complete and utter disregard for the obligations that they owed the Plaintiff. Defendant Auto-Owners' conduct was willful and wanton.

23.    As a result of their misconduct, as aforesaid, et al , the Defendant Auto-Owners are liable for their bad-faith misconduct.

24.    As a result of the Defendant's misconduct, as aforesaid, et.al., the Plaintiff has suffered severe and extreme damage.

WHEREFORE    ALL    PREMISES    CONSIDERED,    Plaintiff    hereby DEMANDS JUDGMENT against the Defendant Auto-Owners for any and all compensatory damages as necessary to compensate it for the losses that it sustained.    Plaintiff further demands costs, interest, and any and all other damages as allowed by law, in an amount to be determined by the trier of fact. Plaintiff further demands punitive damages of the Defendant to punish it for its misconduct and to stop other such misconduct from occurring in the future.

## COUNT THREE-FRAUDULENT INDUCEMENT

25.    Plaintiff hereby adopts and reavers all of the above allegations, as if fully set-out and reavered herein in full.

6

26.    Prior to the destruction caused by Hurricane Ivan, in 2004, the Plaintiff bought, maintained and had in effect, insurance on an insurance policy, by and through the Defendant Auto-Owners.

27.    The Plaintiff only agreed to purchase the specific insurance policy in question from the Defendant Auto-Owners, as the Defendants, by and through their agent South Central Agency, represented that said policy would cover any and all damages caused by hurricanes and/or storm destruction, which occurred to the personal and real property of the Plaintiff, including lightning damages and other such damages associated therewith, as well as damages to the Plaintiff's inventory.

28.    The Plaintiff reasonably and justifiably relied upon the fraudulent misrepresentations of the Defendants and purchased the specific insurance policy in question.

29.    Thereafter, around and during the events of Hurricane Ivan, the Plaintiff suffered extreme and severe damages to its real and personal property, at its office, as well to its associated structures and property. Plaintiff also suffered damages to its inventory.

30.    The Defendants recognized the damages suffered by the Plaintiff and therefore, paid for some of the damages suffered by the Plaintiff under one of the insurance policies maintained by the Plaintiff.

31.    The Defendants refused to cover all of the damages suffered by the Plaintiff, even though such damages were caused by lightning and other water issues. They refused to cover the Plaintiff's damages claiming that Plaintiff had a duty to maintain damaged inventory and property for an unreasonable length of time at Plaintiff's expense in order to be afforded coverage. They refused to cover the Plaintiff's damages even though they had paid almost identical damages in the past and had promised the Plaintiff that such damages would be covered, as aforesaid.

32.    The Defendants fraudulently induced the Plaintiff to purchase the insurance policies in question, by representing that they would provide coverage as aforesaid.

33.    As a result of their misconduct, as aforesaid, et al , the Defendants are liable for fraudulent inducement.

34.    As a result of the Defendants misconduct, as aforesaid, et al , the Plaintiff has suffered severe and extreme damage

WHEREFORE    ALL    PREMISES    CONSIDERED,    Plaintiff    hereby DEMANDS JUDGMENT against all of the Defendants for any and all compensatory damages as necessary to compensate it for the losses that it sustained. Plaintiff further demands costs, interest, and any and all other damages as allowed by law, in an amount to be determined by the trier of fact. Plaintiff further demands punitive damages of the Defendants to punish them

for their misconduct and to stop other such misconduct from occurring in the future.

## COUNT FOUR-MISREPRESENTATION

35.    Plaintiff hereby adopts and reavers all of the above allegations, as if fully set-out and reavered herein in full.

36.    Prior to the destruction caused by Hurricane Ivan, in 2004, the Plaintiff bought, maintained and had in effect, insurance under an insurance policy, by and through the Defendants.

37.    The Plaintiff only agreed to purchase the specific insurance policy in question from the Defendants, as the Defendants, by and through their agents, represented that said policy would cover any and all damages caused by hurricanes and/or storm destruction, which occurred to the personal and real property of the Plaintiff, including lightning damages and other such damages associated therewith, as well as damages to the Plaintiff's inventory.

38.    The Plaintiff reasonably and justifiably relied upon the misrepresentations of the Defendants and purchased the specific insurance policy in question.

39.    Thereafter, around and during the events of Hurricane Ivan, the Plaintiff suffered extreme and severe damages to its real and personal property, both at its office, as well to its associated structures and property. Plaintiff also suffered damages to its inventory.

9

40.    The Defendants recognized the damages suffered by the Plaintiff and therefore, paid for some of the damages suffered by the Plaintiff under the insurance policy maintained by the Plaintiff.

41.    As to the certain damages however, the Defendants refused to cover the damages suffered by the Plaintiff, even though such damages were caused by lightning and other water issues. They refused to cover the Plaintiff's damages even though it was recommended by their agents that they do so. They refused to cover the Plaintiff's damages even though they had paid almost identical damages in the past and had promised the Plaintiff that such damages would be covered, as aforesaid.

42.    The Defendants now claim that the damages suffered by the Plaintiff are not covered damages under their policy and therefore, the claims of the Plaintiff are not due to be satisfied.

43.    If the damages of the Plaintiff are not now covered, as described above and herein, then the Defendants are liable for misrepresenting the true terms of the insurance policies in question, misrepresenting their intentions and obligations under their policies, and otherwise, misrepresenting specific details of the policies in question which would have been completely material to the Plaintiff if properly disclosed as required.

44.    Defendant Auto-Owners sent a representative to review and inspect the damaged inventory held by Plaintiff's President. After that time

10

Plaintiff's President maintained said inventory for an extended period in his personal storage facility. Plaintiff's President made inquiry to Defendant South Central Agency as to how much longer he had to store the damaged inventory. In response to said inquiry Defendant South Central Agency represented to Plaintiff's President that it would be acceptable to dispose of the damaged inventory. Thereafter Plaintiff's President disposed of the damaged inventory by throwing it away.

45.    Shortly after Plaintiff disposed of the damaged inventory Plaintiff informed Defendant South Central Agency that the damaged inventory had been disposed of as they had instructed. Since that time Defendant Auto-Owners has denied liability for the damaged inventory claim because Plaintiff did not keep said property. If Plaintiff is not entitled to coverage for the damaged inventory due to its disposal, then Defendant South Central Agency's representations were false.

46.    As a result of their misconduct, as aforesaid, et al., the Defendants are liable for misrepresentation.

47    The Plaintiff justifiably and reasonably relied upon the Defendants' representations, and said reliance is responsible for the damages suffered by the Plaintiff.

48.    As a result of the Defendants' misconduct, the Plaintiff has suffered severe and extreme damage.

11

WHEREFORE ALL PREMIES CONSIDERED, Plaintiff hereby DEMANDS JUDGMENT against all of the Defendants for any and all compensatory damages as necessary to compensate it for the losses that it sustained. Plaintiff further demands costs, interest, and any and all other damages as allowed by law, in an amount to be determined by the trier of fact. Plaintiff further demands punitive damages of the Defendants to punish them for their misconduct and to stop other such misconduct from occurring in the future.

## COUNT FIVE-FICTITOUS PARTIES

49.     Plaintiff hereby adopts and reavers all of the above allegations, as if fully set-out and reavered herein in full.

50.     Plaintiff hereby adopts and reavers all of the above allegations and causes of action against all fictitiously pled parties, whose identify is currently unknown to the Plaintiff. Said fictitious parties will be substituted by amendment upon being ascertained by the Plaintiff in the ordinary course, as required and necessary.

WHEREFORE ALL PREMIES CONSIDEREED, Plaintiff hereby DEMANDS JUDGMENT against all of the fictitiously pled Defendants for any and all compensatory damages as necessary to compensate it for the losses that it sustained. Plaintiff further demands costs, attorney's fees, interest, and any and all other damages as allowed by law, in an amount to be determined by the trier

12

of fact.    Plaintiff further demands punitive damages of the fictitiously pled Defendants to punish them for their misconduct and to stop other such misconduct from occurring in the future.

### JURY DEMAND

Plaintiff demands trial by struck jury as to all of the issues in this Complaint so triable.

_____
Harry P. Hall, II (HAL053)
Counsel for Plaintiff

OF COUNSEL:
Farmer, Price, Hornsby & Weatherford, L.L.P.
P.O. Drawer 2228
Dothan, Alabama 36302
(334) 793-2424
(334) 793-6624-Facsimile

### CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a copy of the foregoing upon the following individual(s) by U.S. Mail, postage prepaid and properly addressed on this the _____ day of _____, 2005.

Roger S. Morrow
Joel H. Pearson
P.O. Box 4804
Montgomery, Alabama 36103-44804

Carroll H. Sullivan
James E. Robertson, Jr.
P.O. Box 1034
Mobile, Alabama  36633

_____
Of Counsel

13

IN THE CIRCUIT COURT OF
COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,           )
JIMMY WILLIAMSON, and             )
KELLY WILLIAMSON,                 )
                                  )
        Plaintiffs,               )
                                  )    CIVIL ACTION NO.: CV-05-110
v.                                )
                                  )
AUTO-OWNERS INSURANCE             )
COMPANY, INC., a corporation, and )
SOUTH CENTRAL AGENCY, INC.,       )
et al.,                           )
                                  )
        Defendants.               )

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:    Hon. Roger A. Powell, Clerk
       Covington County Circuit Court
       1-K N. Court Square
       Andalusia, AL 36420-3995

       Please take notice that the following discovery document was served by Defendant

Auto-Owners Insurance Company on all parties on December 19, 2005, in the above

entitled action.

       1.     Defendant Auto-Owners Insurance Company's Responses and Objections

to Plaintiffs' Interrogatories and Request for Production to Defendant Auto-Owners

Insurance Company, Inc.

       Dated this the _19th_ day of _December_____, 2005.

                                        FILED IN OFFICE

                                        DEC 2 0 2005

                                        _Roger A. Powell_
                                                   CLERK

_____
ROGER S. MORROW (MOR032)

_____
JOEL H. PEARSON (PEA019)
**ATTORNEYS FOR DEFENDANT**
**AUTO-OWNERS INSURANCE COMPANY**

**OF COUNSEL:**

**MORROW, ROMINE & PEARSON, P.C.**
**P.O. Box 4804**
**Montgomery, AL 36103-4804**
**Telephone: (334) 262-7707**
**Facsimile:   (334) 262-7742**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the _19th_ day of _December_ , 2005.

Leland Enzor, Jr., Esq.
Enzor & Enzor
P.O. Box 339
Andalusia, AL 36420

Harry P. Hall, II, Esq.
Farmer, Price, Hornsby & Weatherford, LLC
P.O. Drawer 2228
Dothan, AL 36303

James E. Robertson, Jr., Esq.
Carroll H. Sullivan, Esq.
P.O  Box 1034
Mobile, AL 36633

_____
OF COUNSEL

2

69

**STATE OF ALABAMA**
Unified Judicial System
_____ COVINGTON _____ County     Check one(Not for Workers' Comp, PPA, or Small Claims cases):
☐ District Court    ☒ Circuit Court

► File No.

CV-05-110

Style of case:
PIONEER SERVICES, INC., ET AL.,
v.
AUTO-OWNERS INS. CO., ET AL.

# MOTION COVER SHEET

Name of Filing Party:  Defendant Auto-Owners Ins. Co

Name, Address, and Telephone No. of Attorney or Party, If Not Represented:
Joel H. Pearson
P.O. Box 4804, Montgomery, AL 36103-4804
Attorney Bar No.:  PEA019        (334) 262-7707

## Type of Motion (Check One)

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Intervene or Appear as Third Party Plaintiff ($297.00) | ☐ Amend |
| ☐ Joinder in Other Party's Dispositive Motion (i.e Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Change of Venue/Transfer |
|  | ☒ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Contempt |
| ☐ Other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Continue |
|  | ☐ Deposition |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
|  | ☐ Judgment as a Matter of Law (during trial) |
| ☐ Summary Judgment or other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Disburse Funds |
|  | ☐ Discovery |
| ☐ Other _____ pursuant to Rule _____ ($50.00) | ☐ Ex Parte Restraining |
|  | ☐ Extension of Time |
|  | ☐ In Limine |
|  | ☐ Joinder |
|  | ☐ More Definite Statement |
|  | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| * Motion fees are enumerated in §12-19-71(a)  Fees pursuant to Local Act are not included.  Please contact the Clerk of the Court regarding applicable local fees | ☐ New Trial |
|  | ☐ Objection of Exemptions Claimed |
|  | ☐ Plaintiff's Motion to Dismiss or Stipulation of Dismissal |
|  | ☐ Preliminary Injunction |
| ☐ Local Court Cost $_____ | ☐ Protective Order |
|  | ☐ Quash |
|  | ☐ Release from Stay of Execution |
|  | ☐ Sanctions |
|  | ☐ Sever |
|  | ☐ Show Cause |
|  | ☐ Special Practice in Alabama |
|  | ☐ Stay |
|  | ☐ Strike |
|  | ☐ Supplement to Pending Motion |
|  | ☐ Temporary Restraining Order |
|  | ☐ Vacate or Modify |
|  | ☐ Withdraw |
|  | ☐ Other _____ pursuant to Rule _____ (Subject to filing fee) |

FILED IN OFFICE

DEC 2 7 2005

_Margaret A. Powell_
CLERK

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship    ☐ | Date:  December 22, 2005 | Signature of Attorney or Party: |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion.  Each motion should contain a separate Cover Sheet.
** Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee

IN THE CIRCUIT COURT OF
COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,           )
JIMMY WILLIAMSON, and             )
KELLY WILLIAMSON,                 )
                                  )
        Plaintiffs,               )
                                  )       CIVIL ACTION NO.: CV-05-110
v.                                )
                                  )
AUTO-OWNERS INSURANCE             )
COMPANY, INC., a corporation, and )
SOUTH CENTRAL AGENCY, INC.,       )       FILED IN OFFICE
et al.,                           )
                                  )       DEC 2 7 2005
        Defendants.               )
                                          *Royal A. Ramer*
                                          CLERK

## DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S MOTION TO COMPEL PLAINTIFF TO RESPOND TO REQUESTS FOR PRODUCTION AND TO ANSWER INTERROGATORIES, OR ALTERNATIVELY, MOTION FOR LEAVE TO FILE ADDITIONAL INTERROGATORIES

**COMES NOW** Defendant, Auto-Owners Insurance Company (Auto-Owners), by and through the undersigned counsel, and moves this Honorable Court for an order compelling Plaintiff to respond to requests for production and to answer interrogatories served on Plaintiff on or about May 25, 2005, or in the alternative, pursuant to Rule 33(a), *ARCP*, moves this Honorable Court to permit Defendant to propound more than forty interrogatories to the Plaintiff  Defendant Auto-Owners sets forth the following grounds in support of this motion, to wit:

1.    Defendant Auto-Owners served interrogatories and requests for production upon Plaintiff on or about May 25, 2005  A copy of the interrogatories and requests for production to Plaintiff are attached hereto as Exhibit "A"

2     Responses to said discovery were due on or about June 24, 2005.

3.      Counsel for Defendant has previously communicated with counsel for Plaintiff in an effort to resolve this discovery matter, and on or about December 13, 2005 counsel for Defendant Auto-Owners attempted to obtain responses to said discovery informally by letter sent via first class mail. A copy of said letter is attached as Exhibit "B"

4.      On or about December 16, 2005, Plaintiff served answers to interrogatories, approximately half of which Plaintiff objected to as exceeding the number allowed by the *Alabama Rules of Civil Procedure.* Plaintiff served responses to requests for production on or about November 18, 2005, which included objections to requests 22, 23 and 32. Plaintiffs' answers to interrogatories and responses to request for production are attached as Exhibit "C".

5.      That there were only 29 interrogatories propounded to Plaintiff although said interrogatories do contain sub-parts.

6.      That Rule 33(a) of the *Alabama Rules of Civil Procedure* states that each interrogatory must be answered, unless objected to, within thirty (30) days from service. Similarly, Rule 34(b) requires responses to requests for production within thirty (30) days. In this case, Plaintiff did not object to the number of interrogatories propounded or the requests for production until after the expiration of more than 160 days. Because Plaintiff failed to object in a timely fashion, Plaintiff has waived his right to object to the requests for production or the number of interrogatories propounded.

7      If the Court finds that Plaintiff did not waive his objections to the requests for production or the number of interrogatories propounded, Defendant requests this Court to compel the production and to extend the number of interrogatories propounded due to the nature and/or number of issues involved in this case. Rule 33(a) of the *Alabama Rules of*

2

*Civil Procedure* allows for the Court to extend the number of interrogatories propounded

8.    Defendant requests that the Court enter and order compelling Plaintiff to respond to the objected to requests for production and to answer said interrogatories fully and completely, and, if the Court finds it necessary, to extend the number of interrogatories allowed to be propounded to include the twenty-nine interrogatories and sub-parts already served on the Plaintiff. All information requested is necessary to the defense of this case and subject to discovery.

**WHEREFORE,** Defendant Auto-Owners Insurance Company respectfully requests this Court to overrule all objections to the requests for production and the interrogatories propounded to Plaintiff by Defendant and requests that this Honorable Court enter an order requiring Plaintiff to fully and completely respond to the request for production and fully and completely answer all interrogatories propounded by the Defendant.

Dated this 22nd day of December, 2005.

ROGER S. MORROW (MOR032)

JOEL H. PEARSON (PEA019)
**ATTORNEYS FOR DEFENDANT
AUTO-OWNERS INSURANCE COMPANY**

**OF COUNSEL:**

**MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804
Telephone: (334) 262-7707
Facsimile: (334) 262-7742**

3

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the 22nd day of December _____, 2005.

Leland Enzor, Jr., Esq.
Enzor & Enzor
P.O. Box 339
Andalusia, AL 36420

Harry P. Hall, II, Esq.
Farmer, Price, Hornsby & Weatherford, LLC
P.O. Drawer 2228
Dothan, AL 36303

James E. Robertson, Jr., Esq.
Carroll H. Sullivan, Esq.
P.O. Box 1034
Mobile, AL 36633

_____
OF COUNSEL

4

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,              )
JIMMY WILLIAMSON, and               )
KELLY WILLIAMSON,                    )
                                     )
      Plaintiffs,                    )
                                     )   CIVIL ACTION NO.: CV-05-110
v.                                   )
                                     )
AUTO-OWNERS INSURANCE                )
COMPANY, INC., a corporation, and    )
SOUTH CENTRAL AGENCY, INC.,          )
et al.,                              )
                                     )
      Defendants.                    )

<u>NOTICE OF SERVICE OF DISCOVERY DOCUMENTS</u>

TO:   Hon. Roger A. Powell, Clerk
      Covington County Circuit Court
      Courthouse, Court Square
      Andalusia, Al. 36420-3995

Please take notice that the following discovery documents were served by

Defendant Auto-Owners Insurance Company on all parties on May 25, 2005, in the above

entitled action.

1.    Defendant Auto-Owners Insurance Company's First Set of Interrogatories to
      Plaintiffs; and

2     Defendant Auto-Owners Insurance Company's First Request for Production
      to Plaintiffs.

Dated this the 25th day of _____ May _____ 2005

                                 ROGER S. MORROW (MOR032)
                                 JOEL H. PEARSON (PEA019)
                                 ATTORNEYS FOR DEFENDANT
                                 AUTO-OWNERS INSURANCE COMPANY

FILED IN OFFICE

MAY 2 6 2005

**EXHIBIT "A"**

OF COUNSEL:
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804
Telephone: (334) 262-7707
Facsimile: (334) 262-7742

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the 25 day of _____, 2005

Leland Enzor, Jr., Esq
ENZOR & ENZOR
P.O. Box 339
Andalusia, AL 36420

OF COUNSEL

FILED IN OFFICE

MAY 2 6 2005

CLERK

2

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | | |
|---|---|---|
| PIONEER SERVICES, INC.,<br>JIMMY WILLIAMSON, and<br>KELLY WILLIAMSON, | )<br>)<br>) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO.: CV-05-110 |
| v. | ) | |
| | ) | |
| AUTO-OWNERS INSURANCE<br>COMPANY, INC., a corporation, and<br>SOUTH CENTRAL AGENCY, INC.,<br>et al., | )<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S
## FIRST INTERROGATORIES TO PLAINTIFFS

**COMES NOW** Defendant Auto-Owners Insurance Company (hereinafter referred to as "Auto-Owners") and propounds the following interrogatories to the Plaintiffs, Pioneer Services, Inc., Jimmy Williamson and Kelly Williamson, to be answered and responded to by each Plaintiff, separately and severally, within thirty (30) days hereof.

### Definitions

A.      "You" and "your" shall mean and refer to Plaintiffs Pioneer Services, Inc., Jimmy Williamson, and/or Kelly Williamson, its/his/hers/their employees, agents, and other representatives.

B.      "Auto-Owners" shall mean and refer to the Defendant Auto-Owners Insurance Company, its officers, directors, employees, agents, and other representatives.

E.      "The policy" shall mean and refer to each policy or contract of insurance referred to by you in your Complaint which you claim was breached.

## INTERROGATORIES

Defendant Auto-Owners Insurance serves the following interrogatories on the Plaintiffs, separately and severally, to be answered within 30 days as required by the *Alabama Rules of Civil Procedure*.

1. For each individual plaintiff, please state the following:

   a. Your full legal name;

   b. Your present address;

   c. Your current telephone number;

   d. Your Social Security number; and

   e. Your date of birth.

   f. The name, address and telephone number of your current spouse and any other previous spouses.

   **ANSWER:**

2. For the corporate Plaintiff, please state the following:

   a. The correct legal name of the corporation;

   b. The date and place of incorporation; and

   c. The names, addresses and telephone numbers of all stockholders, officers and directors.

   **ANSWER:**

2

3.      Please identify each person whom you expect to call as an expert witness at the trial of this case and for each such expert witness state:

      a.      The subject matter on which the expert is expected to testify;

      b.      The substance of the facts and opinions to which the expert is expected to testify;

      c.      A summary of the grounds for each opinion;

      d.      The qualifications of such person to render these opinions;

      e.      State whether such person(s) has conducted or performed any examination, compilation, inspection or test on behalf of Plaintiff or his attorneys and specify:

          (i) the place and date of each; and

          (ii) the identities of all other persons present during each;

      f.      A list of all cases, and the name of the attorneys involved and the court where the case was filed of each and every case where such expert provided testimony at trial or by depositions.

**ANSWER:**

4.      Please identify the policy numbers of all three (3) insurance policies that you referenced in your Complaint and describe the type policy for each policy number, and list the named insureds as stated in each policy

**ANSWER:**

3

5.    As to all policies listed above and as to all claims which are the subject of this lawsuit, please itemize all items of property that you have replaced by purchasing replacement items of property  As to each such item of property replaced, please provide the following:

a.    The date you purchased the replacement item of property;

b.    The amount paid for the replacement item of property;

c.    The store, entity, business, or individual from whom you purchased the replacement item of property.

**ANSWER:**

6    Please identify and provide the address and telephone number of all persons who you claim told you that you could dispose of any item of property that you claim was damaged by lightning, water or other causes for which you claim payment from Auto-Owners in this lawsuit

**ANSWER:**

7.    Please itemize and fully describe each piece of property which you claim was damaged by lightning, water or other causes for which you claim payment in this lawsuit and identify the current location of each item of tangible property.  If you do not have possession or ownership of any item of property which is the subject of this lawsuit for

which you claim payment, please provide the following information:

    a.   The reason(s) why you do not have current possession or ownership of each item of tangible property;

    b.   The name, address and telephone number of the current owner of each item of property; and

    c.   The address and telephone number of the person or entity having current possession, custody or ownership of each item of property

**ANSWER:**

8    Have you sold, transferred ownership, discarded or disposed of any item of property for which you claim damages or payment?  If so, please provide a description of each item sold, transferred, discarded or disposed of and provide:

    a.   The date of sale, transfer, discard or disposal;

    b.   The name of the person who purchased or acquired possession or ownership of the property; and

    c.   The amount of money or other compensation that you received for the sale, transfer, discard or disposal of such property.

**ANSWER:**

9    Please describe in complete detail as to each item of property at issue in this case the factual, scientific or engineering basis or analysis supporting your claim that each item or property was damaged by lightning, water or other cause   Please also include in your answer:

5

a.    The name, address and telephone number of the person or entity who made the determination that said property was damaged by lightning, water or other cause;

b.    A detailed description of all methodologies and testing utilized to make this determination;

c.    The dates that the testing and examination was performed; and

d.    The results of all testing and examinations.

**ANSWER:**

10.    As to Plaintiff Jimmy Williamson, please describe in complete detail how you claim that you are an insured under the insurance policy at issue and how you sustained damages and are entitled for coverage in this lawsuit.

**ANSWER:**

11.    As to Plaintiff Kelly Williamson, please describe in complete detail how you claim that you are an insured under the insurance policy at issue and how you sustained damages and are entitled for coverage in this lawsuit.

**ANSWER:**

6

12.     Please state the name and address of any individual or entity that has a security interest, mortgage interest or ownership interest in any item of property which is the subject of this lawsuit for which you claim payment.

**ANSWER:**

13.     Please identify the policy number and policy period of the specific insurance policy under which you are claiming coverage.

**ANSWER:**

14.     Other than the current suit, have you ever sued or made claim against any person, company or entity or have you been sued? If your response is in the affirmative, state the following as to each such claim or lawsuit:

      a.     The date the claim was made or the lawsuit was filed;

      b.     The parties involved in each such claim or suit, and the address of each.

    c.      The nature of the said claim or suit;

    d.      The Court in which the claim was filed; and

    e.      The resolution of the claim and/or lawsuit

**ANSWER:**

15.    Have you ever been arrested for the alleged commission of a felony or misdemeanor?  If your response is in the affirmative, for each such arrest state the following:

    a      The nature of the offense for which you were arrested;

    b      The state, county, and city in which you were arrested;

    c      The approximate date you were arrested; and

    d.      Whether you pled guilty or were convicted or acquitted of the charge.

**ANSWER:**

16    State the name, address, and telephone number of each person you may utilize as a "pattern and practice" witness, and for each such person, state the testimony you expect each to give.

**ANSWER:**

17.    For each property, casualty and liability policy obtained by you in the past fifteen years, state the name, address, and telephone number of each entity from whom you obtained the insurance, the name of the insurer, the policy number, and the period of coverage.

**ANSWER:**

18    For each claim you have ever made under any homeowners, business owners, dwelling, automobile, or other property or casualty insurance policy, state the following:

      a.    The name of the insurance company with whom the claim was made;

      b.    The dates such claims were made;

      c    The nature of the loss for which you made claims; and

      d.    The resolution of your claim.

**ANSWER:**

19    Please identify the dates and type claim of every insurance claim you have filed with Auto-Owners Insurance and provide the following information:

a     The date of alleged loss;

b     The cause of the loss;

c     The amount claimed;

d.     The total amount paid by Auto-Owners; and

e.     The policy number of the policy under which the claim was made.

**ANSWER:**

20     Were you paid by Auto-Owners for any losses caused by the hurricane referenced in the Complaint? If the answer to this interrogatory is in the affirmative please state the following:

a.     The amount you were paid and the policy number and coverage under which each amount was paid;

b     Whether you contend that the amount paid was the correct amount; and

c.     If you contend the amount was not correct, please state the amount you contend you should have been paid and explain in detail your basis for claiming such amounts

**ANSWER:**

21     Please state in complete detail each error, omission, negligent act, wanton act or wrongful act that you claim was committed by Auto-Owners Insurance or agents or

employees of Auto-Owners Insurance. Please include in your answer:

a.   The dates the error, omission or wrongful act occurred;

b.   The name and address of the person who committed each such error, omission or wrongful act; and

c.   Please detail all injuries or damages you claim you suffered as a result of each error, omission or wrongful act.

**ANSWER:**

22.   In your complaint you allege that fraud or misrepresentation was committed by Auto-Owners Insurance. As to those allegations please state the following:

a.   The name, address and telephone number of each person that you claim made a misrepresentation or suppressed facts from you;

b.   The date of each alleged misrepresentation or suppression of fact;

c.   How you specifically relied on each alleged misrepresentation or suppression of fact;

d.   Exactly how you were injured by each alleged misrepresentation or suppression of fact; and

e.   When you allegedly discovered the falsity of each misrepresentation or the fact allegedly suppressed and how you made such discovery.

**ANSWER:**

23.   Describe in detail all damages or losses incurred by you as a result of the matters of which you complain.

ANSWER:

24.    Describe in detail each and every fact upon which you predicate your contention that you are entitled to an award of punitive damages against any or all of the Defendants.

ANSWER:

25    Itemize all damages and losses you claim were not paid by Auto-Owners Insurance.

ANSWER:

26    State the amount of punitive damages you claim in this case.

ANSWER:

27.    State the full names, addresses, occupation, and relation to you of all persons over the age of nineteen that reside in Covington County, Alabama that are related

12

to you by blood or marriage.

**ANSWER:**


28.     Have you ever filed any type of bankruptcy proceedings in any court in the United States?  If so, please state the following:

      a.     The type bankruptcy petition filed; and

      b.     The date of the filing of the bankruptcy petition

**ANSWER:**


29     Have you ever been treated by a psychologist, psychiatrist or counselor?  If the answer to this interrogatory is in the affirmative, please state the following:

      a.     The name, address and telephone number of the psychologist, psychiatrist or counselor from whom you obtained treatment;

      b.     The reasons for seeking treatment; and

      c.     The dates of treatment

**ANSWER:**

30.    Do you claim that you have sustained bodily injury or personal injury for which you have received medical treatment?  If so, please state the following:

    a.    The type bodily injury or personal injury that you contend you have sustained;

    b.    List the names and addresses of all doctors, hospitals, and other medical providers that have provided you treatment; and

    c.    Please list the dates of all treatments and hospitalizations.

**ANSWER:**

---

Dated this the 25th day of May, 2005

ROGER S. MORROW (MOR032)
JOEL H. PEARSON (PEA019)
ATTORNEYS FOR DEFENDANT
AUTO-OWNERS INSURANCE COMPANY

OF COUNSEL:
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804
Telephone:  (334) 262-7707
Facsimile:  (334) 262-7742

14

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the 25th day of _May_, 2005

Leland Enzor, Jr., Esq.
ENZOR & ENZOR
P.O. Box 339
Andalusia, AL 36420

_____
OF COUNSEL

15

## IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | | |
|---|---|---|
| PIONEER SERVICES, INC.,<br>JIMMY WILLIAMSON, and<br>KELLY WILLIAMSON, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO.: CV-05-110 |
| v. | ) | |
| | ) | |
| AUTO-OWNERS INSURANCE<br>COMPANY, INC., a corporation, and<br>SOUTH CENTRAL AGENCY, INC.,<br>et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S
### FIRST REQUEST FOR PRODUCTION TO PLAINTIFFS

**COMES NOW** Defendant Auto-Owners Insurance Company (hereinafter referred to as "Auto-Owners") and requests the following documents and things be produced or made available for inspection and copying within thirty (30) days hereof:

### Definitions

A      "You" and "your" shall mean and refer to Plaintiffs Pioneer Services, Inc., Jimmy Williamson and/or Kelly Williamson, its/his/hers/their employees, agents, and other representatives.

B.      "Auto-Owners" shall mean and refer to the Defendant Auto-Owners Insurance Company, its officers, directors, employees, agents, and other representatives.

C.      "The policy" shall mean and refer to each policy and contract of insurance referred to by you in your Complaint

D.      "Document(s)" shall mean and refer to every original and every nonidentical copy (including blind copies) of each and every paper, writing, picture, photograph, slide,

movie, film, visual or audio transcription, videotape, electronic data files, computer files, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disks, reels, or other devices for business machines or other means of storing and/or transmitting human intelligence, or any other printed or readable material. To be included, without limitation, in this definition of "document" are every invoice, statement, ledger sheet, recommendation, endorsement, order, direction, letter, telegram, teletype, report, memorandum (including, without limitation, every intra-office memorandum, file memorandum, work memorandum, and memorandum of telephone conversation), interview, sketch, graph, chart, note (including, without limitation, notes used to prepare any letter, memorandum, reports, or other documents as herein defined), check stub, voucher receipts, witness (including potential witness) statement, transcript, interview, sound recording transcription, videotape, computer printout, book of account, payroll records, minutes, computer files, electronic databases, diaries (both office and personal), log, file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list, and any other tangible item or thing of readable or visual material of whatever nature and each and every file folder or other container in which the above items are stored, filed, or maintained.

Defendant Auto-Owners requests that you produce the documents described herein below, whether the same be in your possession or subject to the control of you or any of your agents, representatives, employees, servants, accountants, and/or attorneys. Defendant Auto-Owners further states that this Request is of a continuing nature as provided by the *Alabama Rules of Civil Procedure*, requiring timely additions or

2

supplementations for the documents and records and things which are discovered or become available to you subsequent to the time of the production as noted herein. Defendant Auto-Owners further requests that the documents requested herein below be produced in the file folder or other container in which they are maintained or stored, and that the order or sequence of the documents, if more than one within a file is requested, be in the same order or sequence within such file as was maintained in the ordinary course of business just prior to the production thereof

If you object to the production of any document based upon a claim that the said documents are privileged, for such document supply the following information:

     (a)   The author of the documents;

     (b)   The person or person to whom the document was addressed; and

     (c)   The date of the document

Defendant Auto-Owners serves the following Requests on the Plaintiffs to be answered within 30 days as required by the *Alabama Rules of Civil Procedure*

1    All documents relating to, in any manner, Auto-Owners Insurance Company.

2.    All documents relating to, in any manner whatsoever, communications between you and Auto-Owners Insurance Company and/or the South Central Agency, Inc

3    All insurance policies and all documents relating to, in any manner, the policies.

4    All documents relating to, in any manner, any and all insurance claims that you have made or could have made with Auto-Owners, including but not limited to, repair estimates, loss estimates, testing documents or any other documents evidencing the value or amount of the loss you were claiming

3

5.    In reference to Interrogatory 5, please produce receipts, bills, canceled checks, invoices, purchase orders or any other tangible item that evidences any item of property that you purchased to replace any item of property that you claimed was damaged and covered by any of the Auto-Owners policies referenced in your Complaint, including but not limited to, all items of property that you claim were damaged by lightning or water for which you claim payment was owed by Auto-Owners and for which you claim Auto-Owners did not make payment as well as any items for which Auto-Owners did make payment.

6.    All documents relating to, in any manner whatsoever, any pattern and practice witnesses who you may or will call at the trial of this cause.

7.    All documents relating to, in any manner whatsoever, any and all lawsuits in which you have been a party plaintiff or defendant

8.    All documents relating to, in any manner whatsoever, any and all persons whom you may or will call as an expert witness in this case and their curriculum vitae.

9.    All insurance policies and all documents relating to, in any manner whatsoever, all dwelling, business owners or homeowner insurance policies you have purchased in the past fifteen (15) years that insured any building or property you own, owned or rented.

10.    Copies of any and all insurance policies and documents relating to any type of property, casualty or liability insurance issued to you within the last fifteen (15) years.

11.    Copies of any and all contracts and agreements entered into between you and South Central Agency, Inc., for the last five (5) years.

4

12.    Copies of all documents between you and any person or entity that relate in any manner to the lightning or storm, any property damage from the lightning or water and/or any of the insurance payments which are the subject of the lawsuit.

13    Copies of all pictures, photographs, video tapes or digital recording of the items of property that are the subject of this lawsuit, of the damages caused by the hurricane, lightning or storm that is at issue in this case or that in any way depict the damage to the personal property that is the subject of this lawsuit.

14.    Copies of all reports, analysis, testing or inspections of any of the items of personal property that are at issue in this case that in any way relate to and tend to prove the cause of the damage or the type damage to the property at issue in this case and claim.

15.    Copies of all inspections, appraisals, or valuations of any items of property that are at issue in this case for which Plaintiffs claim damages.

16.    Copies of all invoices, bills of sale, contracts of sale, memoranda of sale, documents or tangible items that relate in any way or evidence the sale, transfer, discard or disposal of any item of property that is the subject of this lawsuit or of the claim made by Plaintiffs.

17    Copies of all canceled checks, deposit slips, ledger entries, bank statements, or other indices of payment that reflect any amounts received by the Plaintiffs for any item of property that is at issue in this case.

18    Copies of all invoices, sales receipts, purchase orders, canceled checks, inventory records, databases, or other tangible items that in any way reflect the amount paid by Plaintiffs or reflect the purchase by Plaintiffs of any item of property which is at

5

issue in this lawsuit and is the subject of any claim made by Plaintiffs in this lawsuit.

19.    All documents and other tangible items that in any way relate to your claim for damages or payments made by Auto-Owners which are the subject of this lawsuit.

20.    Copies of any and all insurance applications that you have submitted to any insurance company within the last five (5) years

21.    Copies of any and all bankruptcy petitions that you have filed within the last five (5) years.

22.    Copies of any and all income tax returns, schedules and W2s and 1099s that you have filed within the last five (5) years

23.    Copies of any and all documents and business records showing improvement in your sales revenues, profits and expenses for the three (3) years preceding the fire which is the subject of the lawsuit

24    All documents relating to, in any manner, your contention that the Defendants defrauded you or that the Defendants committed errors, omissions or misrepresentations.

25    All documents relating to, in any manner whatsoever, the alleged refusal by Auto-Owners to pay any claims submitted by you under the policy.

26.    All documents relating to, in any manner whatsoever, any out-of-pocket expenses incurred by you as a result of the matters complained of by you in this lawsuit

27.    All documents supporting, in any manner whatsoever, your contention that you are entitled to an award of punitive damages against one or more of the Defendants.

28.    All applications for the policy you submitted to Auto-Owners.

29.    All claims forms and supporting documentation you submitted to Auto-Owners.

6

30.    Copies of all statements or recordings of conversations of any persons who know facts relevant to this lawsuit or who may be witnesses in this lawsuit.

31.    Copies of all medical, physician, hospital, counseling, psychiatrist or psychologist records or bills that relate to any injury, sickness, hospitalization, treatment, disease or counseling session relating to you for the past five (5) years.

32.    Copies of all mortgages or security interests listing any item of property at issue in this case as collateral.

Dated this the 25th day of _May_, 2005

ROGER S. MORROW (MOR032)
JOEL H. PEARSON (PEA019)
ATTORNEYS FOR DEFENDANT
AUTO-OWNERS INSURANCE COMPANY

OF COUNSEL:
MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804
Telephone:   (334) 262-7707
Facsimile:   (334) 262-7742

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the 25th day of _May_, 2005

Leland Enzor, Jr., Esq.
ENZOR & ENZOR
P.O. Box 339
Andalusia, AL 36420

OF COUNSEL

7

LAW OFFICES

## MORROW, ROMINE & PEARSON, P.C.

122 SOUTH HULL STREET
POST OFFICE BOX 4804
MONTGOMERY, ALABAMA 36103-4804
WEBSITE: WWW.MRPLAW.COM
WRITER'S EMAIL ADDRESS: JHPEARSON@MRPLAW.COM

TELEPHONE: (334) 262-7707
FACSIMILE:  (334) 262-7742

ROGER S. MORROW
WESLEY ROMINE
JOEL H. PEARSON
MEREDITH L. TOLAR

December 13, 2005

**Via Telefax & First Class Mail**
Hon. Harry P. Hall
Farmer, Price, Hornsby & Weatherford, LLP
P.O. Drawer 2228
Dothan, AL 36302

RE:    Pioneer Services, Inc., et al., v. Auto-Owners
Insurance Company, et al., In the Circuit Court of
Covington County, Alabama, Case No.: CV-05-110

Dear Harry:

We received copies of your answers to Defendant, South Central Agency, Inc.'s interrogatories; however, we have not received any answers to Auto-Owners Insurance Company's interrogatories. We have not previously filed a motion to compel because we understood responses to the discovery was forthcoming, but none have been received. This letter constitutes further effort by us pursuant to Rule 37(a)(2) to attempt to resolve these discovery issues before filing a motion to compel with the Court. This letter advises you that if we do not receive answers to interrogatories and any other outstanding discovery requests within five (5) days from the date of this letter, a motion to compel will be filed with the Court.

With best personal regards, I remain

Yours very truly,

Joel H. Pearson

JHP/djh

**EXHIBIT "B"**

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,       )
JIMMY WILLIAMSON, and     )
KELLY WILLIAMSON,        )
                              )
    PLAINTIFFS,         )
                              )
V.                          )    CASE NO. CV 05-110
                              )
AUTO-OWNERS INSURANCE    )
COMPANY, INC., a corporation, and )
SOUTH CENTRAL AGENCY, INC.,  )
et al.,                     )
                              )
    DEFENDANTS.       )

## ANSWERS TO DEFENDANT, AUTO-OWNERS INSURANCE COMPANY, INC.'S INTERROGATORIES TO PLAINTIFFS

Comes now the Plaintiffs by and through their attorneys and for answer to Defendant's Auto-Owners Insurance Company, Inc.'s Interrogatories would state as follows:

1.    For each individual plaintiff, please state the following:

    a)    Your full legal name;

    b)    Your present address;

    c)    Your current telephone number;

    d)    Your Social Security number; and

    e)    Your date of birth;

    f)    The name, address and telephone number of your current spouse and any other previous spouses.

ANSWER:  a)    James H. Williamson

**EXHIBIT "C"**

b)    26174 Reddberry Road, Andalusia, Alabama 36421

c)    (334) 222-7267

d)    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

e)    04/30/62

f)    Kellie Williamson

a)    J. Kellie Williamson

b)    26174 Reddberry Road, Andalusia, Alabama 36421

c)    (334) 222-7267

d)    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

e)    12/18/65

f)    Jimmy Williamson

2.    For the corporate Plaintiff, please state the following:

a)    The correct legal name of the corporation;

b)    The date and place of incorporation; and

c)    The names, addresses and telephone numbers of all stockholders, officers and directors.

ANSWER:    a)    Pioneer Telephone Services, Inc.

b)    1984 in Alabama

c)    James and Kellie Williamson

3.    Please identify each person whom you expect to call as an expert witness at the trial of this case and for each such expert witness state:

2

a)    The subject matter on which the expert is expected to testify;

b)    The substance of the facts and opinions to which the expert is

expected to testify;

c)    A summary of the grounds for each opinion;

d)    The qualifications of such person to render these opinions;

e)    State whether such person(s) has conducted or performed any

examination compilation inspection or test on behalf of Plaintiff or

his attorneys and specify:

(i)   the place and date of each; and

(ii)  the identities of all other persons present during each;

f)    A list of all cases, and the name of the attorneys involved and the

court where the case was filed of each and every case where such

expert provided testimony at trial or by depositions.

**ANSWER:** None at this time.

4.    Please identify the policy numbers of all three (3) insurance policies that

you referenced in your Complaint and describe the type policy for each policy number,

and list the named insureds as stated in each policy.

**ANSWER:** 44-404-780-00; Homeowners Policy; James H. Williamson & Kellie

Williamson.   034617-38525851-04; Tailored Protection Policy Declarations; Pioneer

Telephone Services, Inc.

3

5.    As to all policies listed above and as to all claims which are the subject of this lawsuit, please itemize all items of property that you have replaced by purchasing replacement items of property. As to each such item of property replaced, please provide the following:

  a)    The date you purchased the replacement item of property;

  b)    The amount paid for the replacement item of property;

  c)    The store, entity, business, or individual from whom you purchased the replacement item or property.

**ANSWER:** a)    Replacement equipment was already in stock.

  b)    See estimate attached hereto as Exhibit "A"

  c)    Records reflecting the purchase of these items are available for inspection at Pioneer's office at a mutually convenient time.

6.    Please identify and provide the address and telephone number of all persons who you claim told you that you could dispose of any item of property that you claim was damaged by lightning, water or other causes for which you claim payment from Auto-Owners in this lawsuit

**ANSWER:**    John Iomberlin
          South Central Agency
          1831 East Three Notch Street
          Andalusia, Alabama 36420

          Harold Young
          South Central Agency
          1831 East Three Notch Street
          Andalusia, Alabama 36420

4

7.    Please itemize and fully describe each piece of property which you claim was damaged by lightning, water or other causes for which you claim payment in this lawsuit and identify the current location of each item of tangible property. If you do not have possession or ownership of any item or property which is the subject of this lawsuit for which you claim payment, please provide the following information.

a)    The reason(s) why you do not have current possession or ownership of each item of tangible property;

b)    The name, address and telephone number of the current owner of each item of property; and

c)    The address and telephone number of the person or entity having current possession, custody or ownership of each item of property.

**ANSWER:** See attached Exhibit "A".

a)    Disposed of property. Both agents told me after the storm to take pictures of damages and to go ahead and get things taken care of (repair & replace). Later I was instructed to dispose of property by agent (John Tomberlin) after three adjusters had looked at damages & equipment and taken pictures. I never heard anything from adjusters so asked agent what to do with property, as we needed the space. I was instructed to dispose of the equipment if I needed to because he did not see any use in keeping it since adjusters had already seen and photographed it. Not long after I disposed of

equipment, I was contacted by a third party who wanted to look at

equipment for salvage purposes.

   b)     None.

   c)     None

8.    Have you sold, transferred ownership, discarded or disposed of any item of

property for which you claim damages or payment?  If so, please provide a description of

each item sold, transferred, discarded or disposed of and provide:

   a)     The date of sale, transfer, discard or disposal;

   b)     The name of the person who purchased or acquired possession or

          ownership of the property; and

   c)     The amount of money or other compensation that you received for

          the sale, transfer, discard or disposal of such property

**ANSWER:**  Yes, see response to # 7.

9.    Please describe in complete detail as to each item of property at issue in this

case the factual, scientific or engineering basis or analysis supporting your claim that

each item or property was damaged by lightning, water or other cause.  Please also

include in your answer:

   a)     The name, address and telephone number of the person or entity

          who made the determination that said property was damaged by

          lightning, water or other cause;

b)      A detailed description of all methodologies and testing utilized to make this determination;

c)      The dates that the testing and examination was performed; and

d)      The results of all testing and examinations.

**ANSWER:** Because equipment was dead after Hurricane Ivan and lightning storm. Visual damage done to printed circuit boards and smell of the boards. Water damaged equipment and boxes were completely covered and soaked with water.

a)      Pioneer Telephone Services, Inc., Jimmy Williamson; Tel-Com Services, Inc.; Mac Bracewell, South Central Agency; John Tomberlin

b)      Sight, smell, voltage meter, experience

c)      September 17-25, 2004.

d)      Equipment damaged by lightning was not repairable and water damaged equipment would never be dependable nor could be sold.

10.      As to Plaintiff Jimmy Williamson, please describe in complete detail how you claim that you are an insured under the insurance policy at issue and how you sustained damages and are entitled for coverage in this lawsuit.

**ANSWER:** We are the owners of Pioneer Telephone Services, Inc. We were assured that because this was damage done by Hurricane Ivan that this damage was covered. We did what the agents and adjuster instructed us to do, and were told that the check was being processed.

11.     As to Plaintiff Kelly Williamson, please describe in complete detail how you claim that you are an insured under the insurance policy at issue and how you sustained damages and are entitled for coverage in this lawsuit.

**ANSWER:** See response to # 10.

12     Please state the name and address of any individual or entity that has a security interest, mortgage interest or ownership interest in any item of property which is the subject of this lawsuit for which you claim payment.

**ANSWER:** None

13.     Please identify the policy number and policy period of the specific insurance policy under which you are claiming coverage.

**ANSWER:** 034617-38525851-04  From 6/16/04 to 6/16/05.

14.     Other than the current suit, have you ever sued or made claim against any person, company or entity or have you been sued? If your response is in the affirmative, state the following as to each such claim or lawsuit:

    a)     The date the claim was made or the lawsuit was filed;

    b)     The parties involved in each such claim or suit, and the address of each.

    c)     The nature of the said claim or suit;

    d)     The Court in which the claim was filed; and

    e)     The resolution of the claim and/or lawsuit.

**ANSWER:** As to Pioneer, none.  As to Jimmy Williamson, yes.

    a)    1985

    b)    Geico Insurance

    c)    Car accident

    d)    Covington County

    e)    Settled

15.     Have you ever been arrested for the alleged commission of a felony or misdemeanor? If your response is in the affirmative, for each such arrest state the following:

    a)    The nature of the offense for which you were arrested;

    b)    The state, county, and city in which you were arrested;

    c)    The approximate date you were arrested; and

    d)    Whether you pled guilty or were convicted or acquitted of the charge.

**ANSWER:** No

16.     State the name, address, and telephone number of each person you may utilize as a "pattern and practice" witness, and for each such person, state the testimony you expect each to give.

**ANSWER:** Unknown at this time.

17.     For each property, casualty and liability policy obtained by you in the past fifteen years, state the name, address, and telephone number of each entity from whom

you obtained the insurance, the name of the insurer, the policy number, and the period of coverage.

**ANSWER:** South Central Agency has had all of my insurance for as long as I can remember. I would have to get copies from them.

18.    For each claim you have ever made under any homeowners, business owners, dwelling, automobile, or other property or casualty insurance policy, state the following:

        a)    The name of the insurance company with whom the claim was made;

        b)    The dates such claims were made;

        c)    The nature of the loss for which you made claims; and

        d)    The resolution of your claim.

**ANSWER:** Plaintiff objects as these questions exceed the number allowed by the Alabama Rules of Civil Procedure.

19.    Please identify the dates and type claim of every insurance claim you have filed with Auto-Owners Insurance and provide the following information:

        a)    The date of the alleged loss;

        b)    The cause of the loss;

        c)    The amount claimed;

        d)    The total amount paid by Auto-Owners; and

        e)    The policy number of the policy under which the claim was made.

**ANSWER:**  See response to # 18.

20.    Were you paid by Auto-Owners for any losses caused by the Hurricane referenced in the Complaint?   If the answer to this interrogatory is in the affirmative please state the following:

a)    The amount you were paid and the policy number and coverage under which each amount was paid;

b)    Whether you contend that the amount paid was the correct amount; and

c)    If you contend the amount was not correct, please state the amount you contend you should have been paid and explain in detail your basis for claiming such amounts.

**ANSWER:**  See response to # 18.

21.    Please state in complete detail each error, omission negligent act, wanton act or wrongful act that you claim was committed by Auto-Owners Insurance or agents or employees of Auto-Owners Insurance.  Please include in your answer:

a)    The dates the error, omission or wrongful act occurred;

b)    The name and address of the person who committed each such error, omission or wrongful act; and

c)    Please detail all injuries or damages you claim you suffered as a result of each error, omission or wrongful act.

**ANSWER:**  See response to # 18.

22.    In your complaint you allege that fraud or misrepresentation was committed by Auto-Owners Insurance  As to those allegations please state the following:

    a)    The name, address and telephone number of each person that you claim made a misrepresentation or suppressed facts from you;

    b)    The date of each alleged misrepresentation or suppression of fact;

    c)    How you specifically relied on each alleged misrepresentation or suppression of fact;

    d)    Exactly how you were injured by each alleged misrepresentation or suppression of fact; and

    e)    When you allegedly discovered the falsity of each misrepresentation or the fact allegedly suppressed and how you made such discovery.

**ANSWER:** See response to # 18

23    Describe in detail all damages or losses incurred by you as a result of the matters of which you complain.

**ANSWER:** See response to # 18.

24.    Describe in detail each and every fact upon which you predicate your contention that you are entitled to an award of punitive damages against any or all of the Defendants.

**ANSWER:** See response to # 18.

25.    Itemize all damages and losses you claim were not paid by Auto-Owners Insurance.

ANSWER: See response to # 18.

26.     State the amount of punitive damages you claim in this case.

ANSWER: See response to # 18.

27.     State the full names, addresses, occupation, and relation to you of all persons over the age of nineteen that reside in Covington County, Alabama that are related to you by blood or marriage

ANSWER: See response to # 18.

28.     Have you ever filed any type of bankruptcy proceedings in any court in the United States? If so, please state the following:

        a)     The type bankruptcy petition filed; and

        b)     The date of the filing of the bankruptcy petition.

ANSWER: See response to # 18.

29.     Have you ever been treated by a psychologist, psychiatrist or counselor? If the answer to this interrogatory is in the affirmative, please state the following:

        a)     The name, address and telephone number of the psychologist, psychiatrist or counselor from whom you obtained treatment;

        b)     The reasons for seeking treatment; and

        c)     The dates of treatment.

ANSWER: See response to # 18.

30.     Do you claim that you have sustained bodily injury or personal injury for which you have received medical treatment? If so, please state the following:

13

a)    The type bodily injury or personal injury that you contend you have

sustained;

b)    List the names and addresses of all doctors, hospitals, and other

medical providers that have provided you treatment; and

c)    Please list the dates of all treatments and hospitalizations.

**ANSWER:** See response to # 18.

STATE OF ALABAMA )

COVINGTON COUNTY)

I hereby swear that the response to the discovery requests listed above are true and complete to the best of our information, knowledge, and belief.

JIMMY WILLIAMSON

Sworn and subscribed before me this the _____ day of December 2005.

Notary Public
My Commission Expires: _____

STATE OF ALABAMA )

COVINGTON COUNTY)

I hereby swear that the response to the discovery requests listed above are true and complete to the best of our information, knowledge, and belief.

14

_KELLIE WILLIAMSON_
KELLIE WILLIAMSON

Sworn and subscribed before me this the ⎽⎽15⎽⎽ day of December 2005.

_Donna Keith_
Notary Public
My Commission Expires: ⎽6/30/06⎽

_Harry P. Hall II_
Harry P. Hall, II (HAL053)
Counsel for Plaintiffs

OF COUNSEL:
Farmer, Price, Hornsby & Weatherford, L.L.P.
P.O. Drawer 2228
Dothan, Alabama 36302
(334) 793-2424
(334) 793-6624 Facsimile

## CERTIFICATE OF SERVICE

I do hereby certify that on the _16th_ day of December, 2005, I have served a copy of the foregoing pleading on the following by hand delivering same or by mailing the same by U.S. Mail properly addressed and First Class postage prepaid.

Roger S. Morrow
Joel H. Pearson
P.O. Box 4804
Montgomery, Alabama 36103-44804

James E. Robertson, Jr.
Carroll H. Sullivan
P.O. Box 1034
Mobile, Alabama 36633

_____
Of Counsel

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| PIONEER SERVICES, INC., | ) |
| JIMMY WILLIAMSON, and | ) |
| KELLY WILLIAMSON, | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| V. | )     CASE NO. CV 05-110 |
| | ) |
| AUTO-OWNERS INSURANCE | ) |
| COMPANY, INC., a corporation, and | ) |
| SOUTH CENTRAL AGENCY, INC., | ) |
| et al., | ) |
| | ) |
| DEFENDANTS. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT, AUTO-OWNERS INSURANCE COMPANY, INC.'S REQUEST FOR PRODUCTION

**COMES NOW** PIONEER SERVICES, INC , JIMMY WILLIAMSON and KELLY WILLIAMSON, by and through their attorney and answers the Defendant Auto-Owners Insurance Company, Inc.'s Request for Production and as follows:

1.     All documents relating to, in any manner, Auto-Owners Insurance Company

**ANSWER:** Plaintiff objects as this request is so broad it cannot be answered. Plaintiff has attached Exhibit "A" which contains documents regarding this lawsuit and claim

2     All documents relating to, in any manner whatsoever, communications between you and Auto-Owners Insurance Company and/or South Central Agency, Inc.

**ANSWER:** See Exhibit "A".

3     All insurance policies and all documents relating to, in any manner, the policies.

**ANSWER:** See Exhibit "A".

4.    All documents relating to, in any manner, any and all insurance claims that you have made or could have made with Auto-Owners, including but not limited to, repair estimates, loss estimates, testing documents or any other documents evidencing the value or amount of the loss you were claiming.

**ANSWER:** Plaintiff objects to the request as language "or could have made" and cannot respond to this part of the request. As to claims made, see Exhibit "A".

5.    In reference to Interrogatory 5, please produce receipts, bills, canceled checks, invoices, purchase orders or any other tangible item that evidences any item of property that you purchased to replace any item of property that you claimed was damaged and covered by any of the Auto-Owners policies referenced in your Complaint, including but not limited to, all items of property that you claim were damaged by lightning or water for which you claim payment was owed by Auto-Owners and for which you claim Auto-Owners did not make payment as well as any items for which Auto-Owners did make payment.

**ANSWER:** Receipts concerning the replacement of damaged goods and equipment are in Plaintiff's file storage area. These records reflect the purchase of much of the replacement equipment several years prior to this claim as it was maintained as working stock. These records are available for inspection at a mutually agreed time.

6.    All documents relating to, in any manner whatsoever, any pattern and practice witnesses who you may or will call at the trial of this cause.

**ANSWER:** Unknown at this time.

7.    All documents relating to, in any manner whatsoever, any and all lawsuits in which you have been a party plaintiff or defendant.

**ANSWER:** None in my possession.

8.    All documents relating to, in any manner whatsoever, any and all persons whom you may or will call as an expert witness in this case and their curriculum vitae.

**ANSWER:** None at this time. This response will be supplemented according to the Court's PreTrial Order.

9.    All insurance policies and all documents relating to, in any manner whatsoever, all dwelling, business owners or homeowner insurance policies you have purchased in the past fifteen (15) years that insured any building or property you own, owned or rented.

**ANSWER:** See policies attached to Exhibit "A", otherwise these are in the possession of Defendant South Central Agency.

10.    Copies of any and all insurance policies and documents relating to any type of property, casualty or liability insurance issued to you within the last fifteen (15) years.

**ANSWER:** These are in the possession of Defendant South Central Agency.

11.    Copies of any and all contracts and agreements entered into between you and South Central Agency, Inc., for the last five (5) years.

**ANSWER:** If these exist, they are in the possession of Defendant South Central Agency.

12.    Copies of all documents between you and any person or entity that relate in any manner to the lightning or storm, any property damage from the lightning or water and/or any of the insurance payments which are the subject of the lawsuit.

**ANSWER:** See attached Exhibit "A".

13.    Copies of all pictures, photographs, video tapes or digital recording of the items of property that are the subject of this lawsuit, of the damages caused by the Hurricane, lightning or storm that is at issue in this case or that in any way depict the damage to the personal property that is the subject of this lawsuit.

**ANSWER:** See Exhibit "A".

14.    Copies of all reports, analysis, testing or inspections of any of the items of personal property that are at issue in this case that in any way relate to and tend to prove the cause of the damage or the type damage to the property at issue in this case and claim.

**ANSWER:** None other than the estimates attached to Exhibit "A".

15.    Copies of all inspections, appraisals, or valuations of any items of property that are at issue in this case for which Plaintiffs claim damages.

**ANSWER:** See Exhibit "A".

16.    Copies of all invoices, bills of sale, contracts of sale, memoranda of sale, documents or tangible items that relate in any way or evidence the sale, transfer, discard or disposal of any item of property that is the subject of this lawsuit or of the claim made by Plaintiffs.

**ANSWER:** None.

17.    Copies of all canceled checks, deposit slips, ledger entries, bank statements, or other indices of payment that reflect any amounts received by the Plaintiffs for any item of property that is at issue in this case.

**ANSWER:** None.

18.    Copies of all invoices, sales receipts, purchase orders, canceled checks, inventory records, databases, or other tangible items that in any way reflect the amount paid by Plaintiffs or reflect the purchase by Plaintiffs of any item of property which is at issue in this lawsuit and is the subject of any claim made by Plaintiffs in this lawsuit.

**ANSWER:** Receipts concerning the replacement of damaged goods and equipment are in Plaintiff's file storage area. These records reflect the purchase of much of the replacement equipment several years prior to this claim as it was maintained as working stock. These records are available for inspection at a mutually agreed time.

19.    All documents and other tangible items that in any way relate to your claim for damages or payments made by Auto-Owners which are the subject of this lawsuit.

**ANSWER:** See Exhibit "A".

20.    Copies of any and all insurance applications that you have submitted to any insurance company within the last five (5) years.

**ANSWER:** None.

21    Copies of any and all bankruptcy petitions that you have filed within the last five (5) years.

**ANSWER:** None.

22.    Copies of any and all income tax returns, schedules and W2s and 1099s that you have filed within the last five (5) years.

**ANSWER:**  Plaintiff objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.

23.    Copies of any and all documents and business records showing improvement in your sales revenues, profits and expenses for the three (3) years preceding the fire which is the subject of the lawsuit.

**ANSWER:**  Plaintiff objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.

24.    All documents relating to, in any manner, your contention that the Defendants defrauded you or that the Defendants committed errors, omissions or misrepresentations.

**ANSWER:** See Exhibit "A".

25    All documents relating to, in any manner whatsoever, the alleged refusal by Auto-Owners to pay any claims submitted by you under the policy.

**ANSWER:** See Exhibit "A".

26.    All documents relating to, in any manner whatsoever, any out-of-pocket expenses incurred by you as a result of the matters complained of by you in this lawsuit.

**ANSWER:** See estimates attached to Exhibit "A".

27. All documents supporting, in any manner whatsoever, your contention that you are entitled to an award of punitive damages against one or more of the Defendants.

**ANSWER:** See Exhibit "A".

28. All applications for the policy you submitted to Auto-Owners.

**ANSWER:** Not in my possession.

29. All claims forms and supporting documentation you submitted to Auto-Owners.

**ANSWER:** These were filled out by South Central Agency so, none.

30. Copies of all statements or recordings of conversations of any persons who know facts relevant to this lawsuit or who may be witnesses in this lawsuit

**ANSWER:** Plaintiff objects to this request as it calls for production of documents or items protected by the attorney work product doctrine and are not subject to discovery.

31. Copies of all medical physician, hospital, counseling, psychiatrist or psychologist records or bills that relate to any injury, sickness, hospitalization, treatment, disease or counseling session relating to you for the past five (5) years.

**ANSWER:** Plaintiff objects as this request is not reasonably calculated to lead to the discovery of admissible evidence

32. Copies of all mortgages or security interests listing any item of property at issue in this case as collateral.

**ANSWER:** Plaintiff objects as this request is not reasonably calculated to lead to the discovery of admissible evidence.

_(signature)_

Harry P. Hall, II (HAL053)
Counsel for Plaintiffs

OF COUNSEL:
Farmer, Price, Hornsby & Weatherford, L.L.P.
P.O. Drawer 2228
Dothan, Alabama 36302
(334) 793-2424
(334) 793-6624 Facsimile


## CERTIFICATE OF SERVICE

I do hereby certify that on the _18th_ day of _November_, 2005, I have served a copy of the foregoing pleading on the following by hand delivering same or by mailing the same by U. S. Mail properly addressed and First Class postage prepaid

Roger S. Morrow
Joel H. Pearson
P.O. Box 4804
Montgomery, Alabama 36103-44804

James E. Robertson, Jr.
Carroll H. Sullivan
P.O. Box 1034
Mobile, Alabama  36633

_(signature)_

Of Counsel

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

FILED IN OFFICE

PIONEER SERVICES, INC., )
 )   JAN 1 0 2006
 PLAINTIFF, )
 )
Vs. ) CASE NO. CV 05-110
 )
AUTO-OWNERS INSURANCE )
COMPANY, INC., et al, )
 )
 DEFENDANTS. )

**GRANTED**
CIRCUIT JUDGE

## MOTION TO AMEND COMPLAINT

Comes now the Plaintiff in the above styled cause and moves to Amend its Complaint in this matter. As grounds for said Motion, Plaintiff would state as follows:

1. On April 26, 2005 this Plaintiff filed its initial Complaint in this matter including claims on behalf of Kellie and Jimmy Williamson.

2. After researching the insurance policies involved in this case it has become apparent the only claims Plaintiffs would have at this time would be based on a policy of insurance between Auto-Owners Insurance Company, Inc. and Pioneer Services, Inc.

3. As such, Plaintiffs wish to amend their Complaint so that Pioneer Services, Inc. is the only Plaintiff remaining with claims in this matter. Plaintiff would request of this Court permission to substitute the attached Amended Complaint (attached as Exhibit "A") for the original Complaint filed herein.

4. Counsel for Plaintiff has confirmed that the Defendants have no objection to this Amendment of Plaintiff's Complaint.

FILED IN OFFICE

DEC 1 9 2005

124

## IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,
JIMMY WILLIAMSON, and
KELLY WILLIAMSON,

    Plaintiffs,

v.

AUTO-OWNERS INSURANCE
COMPANY, INC., a corporation, and
SOUTH CENTRAL AGENCY, INC.,
et al.,

    Defendants.

CIVIL ACTION NO.: CV-05-110

ORAL ARGUMENT REQUESTED.

### DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

COMES NOW Defendant Auto-Owners Insurance Company (hereinafter "Auto-Owners"), pursuant to Rule 12, A.R.C.P., and moves this Honorable Court to dismiss Plaintiffs' Complaint as to each Plaintiff named in the Complaint and to further dismiss each count contained in the Complaint, separately and severally. Alternatively, Defendant Auto-Owners requests the Court, pursuant to Rule 12(e), A.R.C.P., to order the Plaintiffs to file a more definite statement as to all claims purported alleging claims based on fraud in the Complaint. Defendant Auto-Owners sets forth the following grounds in support of this motion, to-wit:

1.    The Complaint, and each count contained therein, separately and severally, fails to state a cause of action against Defendant Auto-Owners upon which relief can be granted.

2.    The Complaint fails to state a cause of action on behalf of Plaintiffs Jimmy Williamson and/or Kelly Williamson because neither plaintiff was an insured under the

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,                *

       PLAINTIFF,                     *

VS.                                    *          CASE NO. CV-2005-110

AUTO-OWNERS INSURANCE          *
COMPANY, INC., et. al.,
                                *
       DEFENDANTS             *

**FILED IN OFFICE**

JAN 1 0 2006

Roy A. Powell
CLERK

### ORDER

Upon consideration of "Defendant Auto-Owners Insurance Company's Motion To Compel Plaintiff To Respond To Requests For Production And To Answer Interrogatories, Or Alternatively, Motion For Leave To File Additional Interrogatories," it is ORDERED as follows:

The motion is DENIED with respect to said defendant's demands touching on the interrogatories it has filed. Conversely, however, the motion is GRANTED with respect to the said defendant's prayer for a decree compelling further responses to its requests for production, at least to this extent - -

Pioneer Services, Inc., shall supplement its responses to the aforementioned requests for production so as to render them more complete. It shall do so within the next thirty (30) days. Thereafter, counsel for the parties shall appear before the Court on the 22nd day of February, 2006, at 1:15 p.m. At that time, the Court will have a discussion with counsel as to whether or not the referenced requests for production have been appropriately addressed by plaintiff. If they have not, the undersigned will then spend as much time with counsel as is necessary to go through each request, item by item, and to thereby cause plaintiff to rectify any deficiencies.

DONE and ORDERED this the 10th day of January, 2006.

**STATE OF ALABAMA**
Unified Judicial System

COVINGTON _____ County

Check one(Not for Workers' Comp, PFA, or Small Claims cases):
☐ District Court  ☒ Circuit Court

▶ File No.

CV-05-110

Style of case:

PIONEER SERVICES, INC.

v.

AUTO-OWNERS INS. CO., ET AL.

# MOTION COVER SHEET

Name of Filing Party:  Defendant Auto-Owners Ins. Co.

Name, Address, and Telephone No. of Attorney or Party, If Not Represented:
Joel H. Pearson
P.O. Box 4804, Montgomery, AL 36103-4804
Attorney Bar No.: PEA019          (334) 262-7707

## Type of Motion (Check One)

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Intervene or Appear as Third Party Plaintiff ($297.00) | ☐ Amend |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Change of Venue/Transfer |
|  | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Contempt |
|  | ☐ Continue |
| ☐ Other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Deposition |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
|  | ☐ Judgment as a Matter of Law (during trial) |
| ☐ Summary Judgment or other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Disburse Funds |
|  | ☐ Discovery |
| ☐ Other _____ pursuant to Rule _____ ($50.00) | ☐ Ex Parte Restraining |
|  | ☐ Extension of Time |
|  | ☐ In Limine |
|  | ☐ Joinder |
|  | ☐ More Definite Statement |
|  | ☒ Motion to Dismiss pursuant to Rule 12(b) |
| * Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
|  | ☐ Objection of Exemptions Claimed |
|  | ☐ Plaintiff's Motion to Dismiss or Stipulation of Dismissal |
|  | ☐ Preliminary Injunction |
| ☐ Local Court Cost $_____ | ☐ Protective Order |
|  | ☐ Quash |
|  | ☐ Release from Stay of Execution |
|  | ☐ Sanctions |
|  | ☐ Sever |
|  | ☐ Show Cause |
|  | ☐ Special Practice in Alabama |
|  | ☐ Stay |
|  | ☐ Strike |
|  | ☐ Supplement to Pending Motion |
|  | ☐ Temporary Restraining Order |
|  | ☐ Vacate or Modify |
|  | ☐ Withdraw |
|  | ☐ Other _____ pursuant to Rule _____ (Subject to filing fee) |

*FILED IN OFFICE*

*JAN 2 0 2006*

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br>January 19, 2006 | Signature of Attorney or Party: |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
** Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee

## IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,              )
                                     )
    Plaintiffs,              )
                                     )    CIVIL ACTION NO.: CV-05-110
v.                                   )
                                     )
AUTO-OWNERS INSURANCE                )
COMPANY, INC., a corporation, and    )
SOUTH CENTRAL AGENCY, INC.,          )
et al.,                              )
                                     )
    Defendants.              )

### DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

**COMES NOW** Defendant, Auto-Owners Insurance Company (hereinafter "Auto-Owners"), pursuant to Rule 12, A.R.C.P., and moves this Honorable Court to dismiss Plaintiff's Amended Complaint and to further dismiss each count contained in the Amended Complaint, separately and severally. Alternatively, Defendant Auto-Owners requests the Court, pursuant to Rule 12(e), A.R.C.P., to order the Plaintiff to file a more definite statement as to all claims purportedly alleging claims based on fraud in the Amended Complaint. Defendant Auto-Owners sets forth the following grounds in support of this motion, to-wit:

    1.    The Amended Complaint, and each count contained therein, separately and severally, fails to state a cause of action against Defendant Auto-Owners upon which relief can be granted.

    2.    Counts Two, Three, Four and Five of the Amended Complaint are due to be dismissed because the allegations of the pleadings are so non-specific and without substance that such allegations fail to state a cause of action against this Defendant upon

*FILED IN OFF...*
*JAN 2 0 2006*

which relief can be granted. *See, State Farm Fire & Casualty Co. v. Slade*, 747 So.2d 293 (Ala. 1999)

3.       Alternatively, the Court is requested to enter an order directing Plaintiff to file a more definite statement as to Counts Two, Three, Four, and Five of the Amended Complaint. Counts Two, Three, Four, and Five fail to plead claims of fraud with the sufficient specificity and particularity required by Rule 9(b) of the *Alabama Rules of Civil Procedure*. The Amended Complaint completely fails to identify: (a) the time and date of the alleged misrepresentations; (b) the identity of the person(s) alleged to have made the representation; and (c) the facts allegedly misrepresented or suppressed. *Robinson v. Allstate*, 399 So.2d 288 (Ala. 1981); *Anderson v. Clark*, 775 So.2d 749 (Ala. 2000); *Llyde v. United Ins. Co. of America*, 628 So.2d 665 (Ala.Civ.App. 1993).

**WHEREFORE, THESE PREMISES CONSIDERED**, Defendant Auto-Owners Insurance Company respectfully requests this Honorable Court to dismiss each count and claim, separately and severally, contained in the Amended Complaint, and to enter an order dismissing Auto-Owners from this action. Alternatively, Defendant Auto-Owners moves this Honorable Court to order the Plaintiff to file a more definite statement as to all claims purporting to allege fraud or misrepresentation as required by Rule 9(b) of the *Alabama Rules of Civil Procedure*.

Respectfully submitted this the *19th* day of *January*, 2006.

ROGER S. MORROW (MOR032)

2

JOEL H. PEARSON (PEA019)
**ATTORNEYS FOR DEFENDANT**
**AUTO-OWNERS INSURANCE COMPANY**

**OF COUNSEL:**

**MORROW, ROMINE & PEARSON, P.C.**
**P.O. Box 4804**
**Montgomery, AL 36103-4804**
**Telephone:  (334) 262-7707**
**Facsimile:   (334) 262-7742**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the _19th_ day of _January_ _____, 2006.

Leland Enzor, Jr , Esq.
Enzor & Enzor
P.O  Box 339
Andalusia, AL 36420

Harry P. Hall, II, Esq.
Farmer, Price, Hornsby & Weatherford, LLC
P.O. Drawer 2228
Dothan, AL 36303

James E. Robertson, Jr., Esq.
Carroll H. Sullivan, Esq.
P.O. Box 1034
Mobile, AL 36633

OF COUNSEL

3

IN THE CIRCUIT COURT OF
COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE
COMPANY, INC., a corporation, and
SOUTH CENTRAL AGENCY, INC.,
et al.,

    Defendants.

CIVIL ACTION NO.: CV-05-110

## ANSWER OF DEFENDANT AUTO-OWNERS INSURANCE COMPANY TO AMENDED COMPLAINT

**COMES NOW** Defendant, Auto-Owners Insurance Company, and without waiving its motion to dismiss amended complaint, or in the alternative motion for more definite statement, and answers Plaintiff's Amended Complaint as follows:

### RESPONSES TO ALLEGATIONS OF AMENDED COMPLAINT

#### (Parties)

1.    In response to paragraph 1 of the Amended Complaint, Defendant Auto-Owners Insurance Company (hereinafter "Auto-Owners Insurance") has insufficient information upon which to admit or deny the allegations contained in paragraph 1 of the Amended Complaint, and therefore denies said allegations and demands strict proof thereof.

2    In response to paragraph 2 of the Amended Complaint, Defendant Auto-Owners Insurance Company (hereinafter "Auto-Owners") has insufficient information upon which to admit or deny the allegations contained in paragraph 2 of the Amended

Complaint, and therefore denies said allegations and demands strict proof thereof.

3.      In response to paragraph 3 of the Amended Complaint, Defendant Auto-Owners admits that it is a mutual insurance company formed under the laws of a state other than Alabama and that it is an insurance company otherwise licensed to do business in the State of Alabama. Defendant Auto-Owners Insurance denies the remaining allegations contained in paragraph 3 of the Amended Complaint, and demands strict proof thereof.

4.      In response to paragraph 4 of the Amended Complaint, Defendant Auto-Owners Insurance has insufficient information upon which to admit or deny the allegations contained in paragraph 4 of the Amended Complaint, and therefore denies said allegations and demands strict proof thereof.

5.      In response to paragraph 5 of the Amended Complaint, Defendant Auto-Owners Insurance Company has insufficient information upon which to admit or deny the allegations contained in paragraph 5 of the Amended Complaint, and therefore denies said allegations and demands strict proof thereof.

6.      Defendant Auto-Owners Insurance denies the allegations contained in paragraph 6 of the Amended Complaint, and demands strict proof thereof.

**(COUNT ONE - BREACH OF CONTRACT)**

7.      In response to paragraph 7 of the Amended Complaint, Defendant Auto-Owners Insurance adopts and incorporates herein by reference the responses to the Amended Complaint contained in paragraphs 1 through 6 of this Answer as if fully set out herein.

2

8.    In response to paragraph 8 of the Amended Complaint, Defendant Auto-Owners Insurance admits that it issued a Tailored Protection Insurance Policy, Policy Number 034617-38525851 to Pioneer Telephone Services, Inc., for the policy term 06-16-2004 to 06-16-2005 which provided certain insurance coverage as defined and limited in the policy and subject to the limitations, exclusions, conditions and terms therein. Defendant Auto-Owners Insurance further admits said insurance policy was purchased through South Central Agency, Inc., an independent insurance agency. Defendant Auto-Owners Insurance denies the remaining allegations of paragraph 8 of the Amended Complaint, and demands strict proof thereof.

9.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 9 of the Amended Complaint, and demands strict proof thereof.

10.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 10 of the Amended Complaint, and demands strict proof thereof

11.    In response to paragraph 11 fo the Amended Complaint, Defendant Auto-Owners Insurance admits it paid in full all losses of Plaintiff that were covered under the Auto-Owners Insurance policy. Defendant Auto-Owners Insurance denies the remaining allegations contained in paragraph 11 of the Amended Complaint, and demands strict proof thereof.

12.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 12 of the Amended Complaint, and demands strict proof thereof.

13.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 13 of the Amended Complaint, and demands strict proof thereof

14.    Defendant Auto-Owners Insurance denies the allegations contained in

3

paragraph 14 of the Amended Complaint, and demands strict proof thereof.

### (COUNT TWO - BAD FAITH)

15.    In response to paragraph 15 of the Amended Complaint, Defendant Auto-Owners Insurance adopts and incorporates herein by reference the responses to the Amended Complaint contained in paragraphs 1 through 14 of this Answer as if fully set out herein

16.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 16 of the Amended Complaint, and demands strict proof thereof.

17.    In response to paragraph 17 of the Amended Complaint, Defendant Auto-Owners Insurance admits that it issued a Tailored Protection Insurance Policy, Policy Number 034617-38525851 to Pioneer Telephone Services, Inc., for the policy term 06-16-2004 to 06-16-2005 which provided certain insurance coverage as defined and limited in the policy and subject to the limitations, exclusions, conditions and terms therein. Defendant Auto-Owners Insurance denies the remaining allegations of paragraph 17 of the Amended Complaint, and demands strict proof thereof.

18.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 18 of the Amended Complaint, and demands strict proof thereof.

19.    In response to paragraph 19 fo the Amended Complaint, Defendant Auto-Owners Insurance admits it paid in full all losses of Plaintiff that were covered under the Auto-Owners Insurance policy. Defendant Auto-Owners Insurance denies the remaining allegations contained in paragraph 19 of the Amended Complaint, and demands strict proof thereof.

20.    Defendant Auto-Owners Insurance denies the allegations contained in

4

paragraph 20 of the Amended Complaint, and demands strict proof thereof

21.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 21 of the Amended Complaint, and demands strict proof thereof.

22.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 22 of the Amended Complaint, and demands strict proof thereof.

23.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 23 of the Amended Complaint, and demands strict proof thereof.

24    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 24 of the Amended Complaint, and demands strict proof thereof.

### (COUNT THREE - FRAUDULENT INDUCEMENT)

25.    In response to paragraph 25 of the Amended Complaint, Defendant Auto-Owners Insurance adopts and incorporates herein by reference the responses to the Amended Complaint contained in paragraphs 1 through 24 of this Answer as if fully set out herein.

26.    In response to paragraph 26 of the Amended Complaint, Defendant Auto-Owners Insurance admits that it issued a Tailored Protection Insurance Policy, Policy Number 034617-38525851 to Pioneer Telephone Services, Inc , for the policy term 06-16-2004 to 06-16-2005 which provided certain insurance coverage as defined and limited in the policy and subject to the limitations, exclusions, conditions and terms therein. Defendant Auto-Owners Insurance denies the remaining allegations of paragraph 26 of the Amended Complaint, and demands strict proof thereof

27.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 27 of the Amended Complaint, and demands strict proof thereof.

28.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 28 of the Amended Complaint, and demands strict proof thereof.

29.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 29 of the Amended Complaint, and demands strict proof thereof.

30.    In response to paragraph 30 fo the Amended Complaint, Defendant Auto-Owners Insurance admits it paid in full all losses of Plaintiff that were covered under the Auto-Owners Insurance policy.  Defendant Auto-Owners Insurance denies the remaining allegations contained in paragraph 30 of the Amended Complaint, and demands strict proof thereof.

31.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 31 of the Amended Complaint, and demands strict proof thereof.

32.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 32 of the Amended Complaint, and demands strict proof thereof.

33.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 33 of the Amended Complaint, and demands strict proof thereof

34.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 34 of the Amended Complaint, and demands strict proof thereof.

### (COUNT FOUR - MISREPRESENTATION)

35.    In response to paragraph 35 of the Amended Complaint, Defendant Auto-Owners Insurance adopts and incorporates herein by reference the responses to the Amended Complaint contained in paragraphs 1 through 34 of this Answer as if fully set out herein.

36.    In response to paragraph 36 of the Amended Complaint, Defendant Auto-

6

Owners Insurance admits that it issued a Tailored Protection Insurance Policy, Policy Number 034617-38525851 to Pioneer Telephone Services, Inc., for the policy term 06-16-2004 to 06-16-2005 which provided certain insurance coverage as defined and limited in the policy and subject to the limitations, exclusions, conditions and terms therein. Defendant Auto-Owners Insurance denies the remaining allegations of paragraph 36 of the Amended Complaint, and demands strict proof thereof.

37.      Defendant Auto-Owners Insurance denies the allegations contained in paragraph 37 of the Amended Complaint, and demands strict proof thereof.

38.      Defendant Auto-Owners Insurance denies the allegations contained in paragraph 38 of the Amended Complaint, and demands strict proof thereof.

39.      Defendant Auto-Owners Insurance denies the allegations contained in paragraph 39 of the Amended Complaint, and demands strict proof thereof.

40.      In response to paragraph 40 fo the Amended Complaint, Defendant Auto-Owners Insurance admits it paid in full all losses of Plaintiff that were covered under the Auto-Owners Insurance policy. Defendant Auto-Owners Insurance denies the remaining allegations contained in paragraph 40 of the Amended Complaint, and demands strict proof thereof.

41      Defendant Auto-Owners Insurance denies the allegations contained in paragraph 41 of the Amended Complaint, and demands strict proof thereof.

42.      In response to paragraph 42 fo the Amended Complaint, Defendant Auto-Owners Insurance admits it paid in full all losses of Plaintiff that were covered under the Auto-Owners Insurance policy. Defendant Auto-Owners Insurance denies the remaining allegations contained in paragraph 42 of the Amended Complaint, and demands strict

7

proof thereof.

43.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 43 of the Amended Complaint, and demands strict proof thereof.

44.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 44 of the Amended Complaint, and demands strict proof thereof.

45.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 45 of the Amended Complaint, and demands strict proof thereof.

46.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 46 of the Amended Complaint, and demands strict proof thereof.

47.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 47 of the Amended Complaint, and demands strict proof thereof.

48.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 48 of the Amended Complaint, and demands strict proof thereof.

### (COUNT FIVE - FICTITIOUS PARTIES)

49.    In response to paragraph 49 of the Amended Complaint, Defendant Auto-Owners Insurance adopts and incorporates herein by reference the responses to the Amended Complaint contained in paragraphs 1 through 48 of this Answer as if fully set out herein.

50.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 50 of the Amended Complaint, and demands strict proof thereof.

### (General Denial)

51.    Defendant Auto-Owners Insurance denies each and every material allegation

and damage alleged or claimed in the Complaint and Amended Complaint which is not expressly admitted in this Answer and demands strict proof thereof. Defendant Auto-Owners Insurance denies that Plaintiff is entitled to recover any damages, attorneys fees or relief whatsoever.

### (Additional Defenses, Responses and Averments)

52. Plaintiff's Complaint fails to state a cause of action against this Defendant Auto-Owners Insurance upon which relief can be granted.

53. Plaintiff's Complaint fails to plead allegations of fraud with specificity as required by Rule 9(b) of the *Alabama Rules of Civil Procedure*.

54. Defendant Auto-Owners Insurance denies that it or its agents or employees made a misrepresentation of material fact to the Plaintiff.

55. Defendant Auto-Owners Insurance denies that it is guilty of fraud or misrepresentation of fact.

56. Defendant Auto-Owners Insurance denies that it is guilty of fraudulent inducement or concealment of material fact.

57. Defendant Auto-Owners Insurance denies that it is guilty of any type bad faith misconduct.

58. Defendant Auto-Owners Insurance denies that it breached a contract of insurance with Plaintiff.

59. Defendant Auto-Owners Insurance asserts as a defense to Plaintiff's action all terms, conditions, exclusions, limitations and the entire contents of the Policy which was in force insuring the Plaintiff at the times material to this action.

60 Defendant Auto-Owners Insurance asserts as a defense to the claims of

Plaintiff the terms, conditions, exclusions, limitations and entire contents of the Policy which is at issue in this case

61.    Defendant Auto-Owners Insurance avers that Plaintiff has failed to meet conditions precedent to payment under the terms of the Auto-Owners Insurance Company policy at issue.

62.    Defendant Auto-Owners Insurance avers that Plaintiff has been paid in full for all damages that Plaintiff is entitled to under the policy at issue. Defendant Auto-Owners Insurance therefore pleads contract completion, accord and satisfaction and payment in full as complete defenses to Plaintiff's claim.

63.    Defendant Auto-Owners Insurance asserts the defenses of promissory estoppel, equitable estoppel and judicial estoppel.

64.    All claims of Plaintiff, separately and severally, are barred by the applicable Alabama statute of limitations.

65.    Defendant Auto-Owners Insurance avers that Plaintiff's claims are barred and/or reduced by Plaintiffs' failure to mitigate its damages as required by law.

66.    Defendant Auto-Owners Insurance avers that it was justified in denying Plaintiff's claim for payment.

67.    Defendant Auto-Owners Insurance avers and alleges as a defense to this action that Plaintiff's own negligence contributed to cause its alleged injury. Defendant Auto-Owners Insurance therefore pleads the affirmative defense of contributory negligence.

68.    Defendant Auto-Owners Insurance asserts as a defense that Plaintiff assumed the risk of the injuries and damages that it allegedly sustained. Defendant Auto-

10

Owners Insurance asserts the affirmative defense of assumption of risk.

69.     Plaintiff cannot prove reasonable reliance.

70.     Defendant Auto-Owners Insurance's actions and conduct were justifiable and reasonable.

71.     Defendant Auto-Owners Insurance and/or its agents or employees made no actionable representations to Plaintiff.

72.     Defendant Auto-Owners Insurance denies that it is guilty of fraud, oppression, malice, negligence and/or wanton conduct.

73.     Defendant Auto-Owners Insurance pleads the equitable defenses of waiver and estoppel. Defendant Auto-Owners Insurance further avers that Plaintiff's destruction and/or disposal of the property which is the subject of this insurance claim estops and bars Plaintiff from recovery.

74.     Defendant Auto-Owners Insurance denies that it or its independent insurance agent made any material misrepresentations to Plaintiff upon which Plaintiff reasonably relied to Plaintiff's detriment. Auto-Owners Insurance demands strict proof thereof.

75.     Defendant Auto-Owners Insurance denies that Plaintiff can recover the items and amounts of damages alleged in the Complaint, as amended. Auto-Owners Insurance demands strict proof thereof.

76.     Defendant Auto-Owners Insurance denies that the Plaintiff is entitled to recover the items and amounts of damages alleged in the Amended Complaint, and demands strict proof thereof

77.     Plaintiff is not entitled to recover punitive damages from Defendant Auto-Owners Insurance pursuant to the facts as alleged in Plaintiff's Amended Complaint.

11

78.     Defendant Auto-Owners Insurance denies it is responsible or liable for the conduct, acts, errors or omissions of Defendant South Central Agency, Inc. Defendant Auto-Owners Insurance denies it is legally responsible for any culpable conduct of South Central Agency, Inc.

79.     Defendant Auto-Owners Insurance asserts the doctrine or defense of spoliation precludes and bars Plaintiff's recovery herein

80.     Defendant Auto-Owners Insurance asserts that Plaintiff's claims are precluded by the statute of fraud.  See, §8-9-2, Code of Alabama, 1975; see also, Bruce v. Cole, 854 So. 2d 47 (Ala. 2003).

81.     Defendant Auto-Owners Insurance avers that Plaintiff has failed to mitigate its damages as required by Alabama law and that any claim Plaintiff may have is thus reduced or barred by Plaintiff's failure to mitigate its damages

82.     Defendant Auto-Owners Insurance denies that any damage of Plaintiff was caused by any act or omission of any party, entity or person.  Defendant Auto-Owners Insurance alternatively avers that any damages alleged by Plaintiff were caused by the acts or omissions of others for whom Defendant Auto-Owners Insurance owes no legal responsibility.

83.     Defendant Auto-Owners Insurance avers that no conduct on its part proximately caused any damage or injury of which Plaintiff complains.

84.     Defendant Auto-Owners Insurance avers that any damage or injury alleged by Plaintiff were the result of superceding or intervening acts of others for whom Defendant Auto-Owners Insurance owes no legal responsibility and is not liable.

85.     Defendant Auto-Owners Insurance asserts as a defense to the claims of

Plaintiff the terms, conditions, exclusions, limitations and entire contents of the policy which is at issue in this case   Without waiving any of the terms, conditions, or limitations of the policy, Auto-Owners Insurance sets forth the following specific policy provisions in defense of Plaintiff's claims:

[Endorsement CP 00101091]

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.  The words "we", "us" and "our" refer to the Company providing this insurance

\*\*\*

E.     **LOSS CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions

1.     **Abandonment**

There can be no abandonment of any property to us
\*\*\*

3.     **Duties In The Event Of Loss Or Damage**

a.     You must see that the following are done in the event of loss or damage to Covered Property:

\*\*\*

(4)     Take all reasonable steps to protect the Covered Property from further damage by a Covered Cause of Loss.  If feasible, set the damaged property aside and in the best possible order for examination  Also keep a record of your expenses for emergency and temporary repairs, for consideration in the settlement of the claim   This will not increase the Limit of Insurance

(5)     At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, costs, values and amount of loss claimed

(6)     As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records

13

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

\*\*\*

(8)    Cooperate with us in the investigation or settlement of the claim.

\*\*\*

[Endorsement CP009007 88]

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.

### COMMERCIAL PROPERTY CONDITIONS

\*\*\*

D.    **LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage Part unless:

1.    There has been full compliance with all of the terms of this Coverage Part; and

\*\*\*

[Endorsement IL 00171185]

### COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

\*\*\*

B.    **CHANGES**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy

86.    Defendant Auto-Owners Insurance avers that the invitation for a court or jury to impose liability on Defendant Auto-Owners Insurance for punitive damages without guidelines or standards for determination of the amount or proper circumstances for such

14

an award would deny Defendant Auto-Owners Insurance due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of the State of Alabama.

87.    The claim of Plaintiff for punitive damages against Defendant Auto-Owners Insurance is barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

88.    Imposition of punitive damages in this case would contravene the due process clause of the United States Constitution and the Constitution of the State of Alabama and the Fourth, Sixth, Eighth and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

(a)    The procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against this defendant.

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(e)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

(f)    The procedures pursuant to which punitive damages are awarded fail to

15

provide a means for awarding separate judgments against alleged joint tortfeasors.

(g)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages.

(h)     The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review for the amount of punitive damages.

(I)     The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(j)     An award of punitive damages would constitute an arbitrary and capricious taking of property of this defendant without due process of law.

(k)     An award of punitive damages under the circumstances of this case would contravene the constitutional prohibition against vague and overboard laws.

(l)     Plaintiff's claims for recovery against this defendant contravene this defendant's rights under the constitutional provisions and standards set forth in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 158, 134 L. Ed.2d 809 (1996); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001); and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003).

89.     Imposition of punitive damages in this case against Defendant Owners Insurance would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on Interstate Commerce.

90.     Auto-Owners Insurance asserts as a defense to Plaintiff's claim for punitive damages the provisions of §6-11-27(a), Code of Alabama of 1975.

91.    An award of punitive damages in this case, by which the jury seeks to regulate the conduct of the insurance business of Defendant Auto-Owners Insurance, is violative of the due process rights secured to Defendant Auto-Owners Insurance by the Constitution of the United States of America and by the State of Alabama in that such an award usurps the regulatory function assigned to the Insurance Department of the State of Alabama and fails to give fair notice to Defendant Auto-Owners Insurance of what conduct will be considered illegal.

92    Defendant Auto-Owners Insurance asserts as a defense and limitation to Plaintiff's claim for punitive damages all tort reform provisions of the Alabama Tort Reform Statutes, §§ 6-11-1, *et seq.* of the *Code of Alabama of 1975*, including but not limited to § 6-11-20, § 6-11-21, § 6-11-22, § 6-11-23, § 6-11-24, § 6-11-25, § 6-11-27, and § 6-11-28. Auto-Owners Insurance specifically avers that the punitive damages legislation set forth in §6-11-21, *Code of Alabama* (1975) is applicable to this case and more specifically referred to as the statutory provision applying caps to punitive damages.

93.    An award of punitive damages in this case, by which the jury seeks to regulate the conduct of the insurance business of Defendant Auto-Owners Insurance, is violative of the due process rights secured to Defendant Auto-Owners Insurance by the Constitution of the United States of America and by the State of Alabama in that such an award usurps the regulatory function assigned to the Insurance Department of the State of Alabama and fails to give fair notice to Defendant Auto-Owners Insurance of what conduct will be considered illegal.

94    Defendant Auto-Owners Insurance denies that it was guilty of the type conduct required for the imposition of punitive damages under Alabama law. Auto-Owners

17

Insurance demands clear and convincing evidence of such wrongful conduct.

95.     The Complaint fails to state a claim for punitive damages upon which relief can be granted.

96.     Plaintiff cannot recover punitive damages against Defendant Auto-Owners Insurance because such an award, which is penal in nature, would violate Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States unless Auto-Owners Insurance is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

97.     Subjecting Defendant Auto-Owners Insurance to punitive damages, or affirming an award of punitive damages against Defendant Auto-Owners Insurance in this case, would amount to and constitute a denial of due process as afforded by the Due Process clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)     any award of punitive damages against Defendant Auto-Owners Insurance under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof beyond a reasonable doubt;

(b)     there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

18

(c)    an award of punitive damages should not be permitted to be assessed against Defendant Auto-Owners Insurance for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Defendant Auto-Owners Insurance;

(d)    an award of punitive damages should not be permitted to be assessed against Defendant Auto-Owners Insurance vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Defendant Auto-Owners Insurance;

(e)    the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant Auto-Owners Insurance;

(f)    the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(g)    the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

(h)    an award of punitive damages would constitute an arbitrary and capricious taking of property of Defendant Auto-Owners Insurance without due process of law.

98.    The claim of the Plaintiff for punitive damages against Defendant Auto-Owners Insurance is barred by the Fourteenth Amendment to the United State Constitution and by the Alabama Constitution.

99.    Imposition of punitive damages in this case against Defendant Auto-Owners

19

Insurance would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

100.    To award punitive damages against Defendant Auto-Owners Insurance in this case would have a chilling effect upon Defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

101.    To award punitive damages against Defendant Auto-Owners Insurance in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

102.    Plaintiff's Complaint seeks to make Defendant Auto-Owners Insurance liable for punitive damages    Defendant Auto-Owners Insurance adopts by reference the defenses, criteria, limitations and standards mandated by the Supreme Court of the United States in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 158, 134 L. Ed.2d 809 (1996); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S 424, 121 S. Ct. 1678 (2001); and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003).

103.    The demand for punitive damages in this case is subject to those limitations established by the Alabama legislature and set forth in Section 6-11-21, Code of Alabama.

104.    If multiple punitive damage awards were assessed against Defendant Auto-Owners Insurance it would violate the Constitutions of the United States and the State of Alabama, violating Defendant Auto-Owners Insurance's rights to due process and to a jury trial violating Defendant Auto-Owners Insurance's right against double jeopardy.

20

Case 2:06-cv-00377-WKW-TFM    Document 1-2    Filed 04/25/2006    Page 151 of 162

150

105.    Based upon Alabama procedures relative to punitive damages, which provide no objective, logical or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Defendant Auto-Owners Insurance is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article I, §§ 1, 6 and 22 of the Alabama Constitution, separately and severally.

106.    Plaintiff's claim for punitive damages violates the rights of Defendant Auto-Owners Insurance to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

a.    The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

b.    The Hammond and Green Oil procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Defendant Auto-Owners;

c.    The Hammond and Green Oil procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

d.    The Hammond and Green Oil procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

e.    This procedure is inadequate in that the trial court according to Hammond and Green Oil "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the

21

factors, and allow for unpredictable and inconsistent results; and

　　　f.　　The Hammond and Green Oil procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

　　　107.　If multiple punitive damage awards were assessed against Defendant Auto-Owners Insurance in different jurisdictions, or in the same jurisdiction, it would violate the Constitutions of the United States and the State of Alabama, violating Defendant Auto-Auto-Owners Insurance's rights to due process and to a jury trial and violating Defendant Auto-Owners Insurance's right against double jeopardy.

　　　108　If punitive damages were assessed against Defendant Auto-Owners Insurance for conduct or events allegedly occurring in states other than the forum state, Defendant Auto-Owners Insurance would be denied due process law, the right to trial by jury and the right against double jeopardy under the Constitution of the United States and the State of Alabama.

　　　109　The imposition of punitive damages sought by plaintiff violates Defendant Auto-Owners Insurance's right to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, in that:

　　　　　(a)　　Alabama law and the Alabama punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that make punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of such an award.  Alabama law and the Alabama punitive damage

22

scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b)    Defendant Auto-Owners Insurance had no notice of or means of ascertaining whether, or if so, in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant Auto-Owners Insurance to punitive damages or as to the potential amount of such an award.

(c)    Under Alabama law and the Alabama punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed

(d)    Under Alabama law and the Alabama punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including corporate status of a defendant.

(e)    No provision of Alabama law or the Alabama punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc., v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001), Pacific Mutual Life Insurance Company v. Haslip, 499 U.S. 1 (1990), State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003) and Matthews v. Eldridge, 424 U.S. 319 (1976) for the imposition of a punitive award.

(f)    Alabama law and the Alabama punitive damage scheme do not

23

provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(g)     Under Alabama law and the Alabama punitive damage scheme, there is no limit on the number of times Defendant Auto-Owners Insurance could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

110.    The net effect of Alabama's punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner   The lack of adequate guidelines or review inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose of interest. As a result, the federal (U.S. Const. Amend 14) constitutional mandates for equal protection are violated.

111     Insofar as the punitive damage award sought by Plaintiff seeks to impose punitive damages under Alabama law for conduct in other states, the award violates: (a) Defendant Auto-Owners' rights to due process and due course law under the Fourteenth Amendment of the United States Constitution and the Alabama Constitution; (b) the dormant or negative commerce clause derived from Article I, section 8, clause 3 of the United States Constitution; (c) the Full Faith and credit Clause of Article IV, section 1 of the United States Constitution; (d) the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and (e) the prohibition against excessive fines in the United States Constitution.

112.    As concerns all claims for punitive damages, Defendant Auto-Owners Insurance avers that such claims and such requisite burden of proof violate this Defendant's right to equal protection and due process under the Constitution of the United

24

States and the Constitution of the State of Alabama; said claims and requisite burden of proof amount to an undue taking without due process of law and violate the Excessive Fines Clause of the Constitution of the United States and the Constitution of the State of Alabama. This Defendant affirmatively avers that the Plaintiff's claim for punitive damages is vague, arbitrary, and unclear and that the standard for determining liability for punitive damages under Alabama law does not define with sufficient clarity the conduct or mental state of the Defendant which gives rise to a claim for punitive and exemplary damages. Additionally, the Plaintiff's claim for punitive damages cannot be sustained in that there are no meaningful standards for determining the amount of any punitive damage award under Alabama law and that Alabama law fails to state with sufficient clarity the consequence to a Defendant of any conduct which may give rise to the claim for punitive damages. Therefore, any award of punitive damages violates this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

113.    Defendant Auto-Owners Insurance affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate this Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

114.    Defendant Auto-Owners Insurance affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial as to all punitive damage issues would be violative

of this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

115.    Defendant Auto-Owners Insurance affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages in this case cannot protect this Defendant against multiple and repeated punishment for the same alleged wrong in future cases. Accordingly, any award of punitive damages would violate this Defendant's right to due process of law and would constitute "double jeopardy" under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

116    Defendant Auto-Owners Insurance asserts the following constitutional challenges and defenses to Plaintiff's claims for punitive damages and/or damages for mental anguish.

(a)    Imposition of punitive damages and/or damages for mental anguish would violate the due process clauses of the United States Constitution and of the Alabama Constitution.

(b)    The procedure and methods asserted for awarding punitive damages and/or damages for mental anguish in this case violate the due process clause of the United States Constitution and the due process clause of the Constitution of the State of Alabama.

(c)    The claims of Plaintiff for punitive damages and/or damages for mental anguish against Defendant Auto-Owners Insurance cannot be sustained, because an award of damages under Alabama law subject to no pre-determined limit, such as a

26

maximum multiple of other compensatory damages or a maximum amount on the amount of damages that a jury may impose, would violate Defendant Auto-Owners Insurance's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

        (d)      The claims of Plaintiff for punitive damages and/or damages for mental anguish against Defendant Auto-Owners Insurance cannot be sustained because an award of damages under Alabama law by a jury: (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a damages award, (2) is not instructed on the limits on damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding damages, or determining the amount of an award of damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of this Defendant Auto-Owners Insurance (4) is permitted to award damages under a standard for determining liability for damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes damages permissible, and (5) is not subject to judicial review on the basis of objective standards, and would thereby violate Defendant Auto-Owners Insurance's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

        (e)      The claim of Plaintiff for punitive damages and/or mental anguish against Defendant Auto-Owners Insurance cannot be sustained, because an award of

27

damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate Defendant Auto-Owners Insurance's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

(f)    The claims of Plaintiff for punitive damages and/or mental anguish against Defendant Auto-Owners Insurance cannot be sustained, because an award of damages under Alabama law without proof of every element beyond a reasonable doubt would violate Defendant Auto-Owners Insurance's due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

(g)    Any award of punitive damages based on anything other than Defendant Auto-Owners Insurance's conduct in connection with the sale of the specific product that is the subject of this case would violate the due process clause as incorporated into the Fourteenth Amendment and the Alabama Constitution's provisions providing for due process and guaranty against double jeopardy, because any other judgment for damages in this case cannot protect Defendant Auto-Owners Insurance against impermissible multiple punishment for the same wrong.

117.    Plaintiff's claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, *Alabama Code*, 1975. This defense is intended to challenge the ruling stated in Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993).

118.    Any and all claims for punitive damages in this action are limited in the amount by application of Ala. Code §6-11-21 (1975), which provides that an award of punitive damages shall not exceed $250,000.00. See also Oliver v. Towns, 738 So. 2d

28

789 (Ala. 1999), affirmed following remand 770 So. 2d 1059 (Ala. 200).

119.   The holding of <u>Henderson v. Alabama Power Co.</u>, 627 So. 2d 878 (Ala. 1993), is incorrect and due to be overruled for each and every reason set forth in the special concurrences to <u>Goodyear Tie & Rubber Co. v. Vinson</u>, 749 So. 2d 393 (Ala. 1999), and supporting authority cited therein, which are adopted by reference as if it was set forth herein.

120.   The doctrine of revival dictates that upon the overruling of <u>Henderson</u>, the $250,000.00 cap provided by <u>Ala. Code</u>, §6-11-21 (1975), is applicable to this case which was filed after that applicable section was enacted.

121.   Defendant Auto-Owners Insurance adopts by reference and incorporates herein all affirmative defenses plead by any other defendant in this action which may be applicable to this Defendant.

122.   At the time of the filing of this Answer discovery is not yet complete; therefore, Defendant Auto-Owners Insurance reserves the right to supplement its Answer, consistent with all applicable orders of the Court, to assert such other defenses as may be revealed in discovery.

**WHEREFORE, THESE PREMISES CONSIDERED,** Defendant Auto-Owners Insurance demands judgment be entered in its favor and that Plaintiff's Amended Complaint be dismissed with prejudice and that all costs of these proceedings including a reasonable attorney's fee be assessed against the Plaintiff.

Dated this the _19th_ day of _January_ , 2006.

29

_____
ROGER S. MORROW (MOR032)

_____
JOEL H. PEARSON (PEA019)
ATTORNEYS FOR DEFENDANT
AUTO-OWNERS INSURANCE COMPANY

OF COUNSEL:

MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, AL 36103-4804
Telephone: (334) 262-7707
Facsimile:   (334) 262-7742

### DEFENDANT DEMANDS A TRIAL BY STRUCK JURY

_____
OF COUNSEL

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the _19th_ day of _January_____, 2006.

Leland Enzor, Jr., Esq.
Enzor & Enzor
P.O. Box 339
Andalusia, AL 36420

Harry P. Hall, II, Esq.
Farmer, Price, Hornsby & Weatherford, LLC
P.O. Drawer 2228
Dothan, AL 36303

James E. Robertson, Jr., Esq.
Carroll H. Sullivan, Esq.
P.O. Box 1034
Mobile, AL 36633

_____
OF COUNSEL

30

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,          *

   PLAINTIFF,          *

VS.          *          CASE NO. CV-2005-110

AUTO-OWNERS INSURANCE          *
COMPANY, INC., et al.,
                *

   DEFENDANTS.          *

                *

## ORDER

The hearing set at this present time is continued generally, by consent, not to be rescheduled unless further difficulties arise concerning issues that might have been argued if today's proceedings had actually transpired.

DONE and ORDERED this the 22nd day of February, 2006.

M. ASHLEY McKATHAN, CIRCUIT JUDGE

FILED IN OFFICE

FEB 2 2 2006

CLERK

IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

PIONEER SERVICES, INC.,                    )
                                           )
          Plaintiffs,                      )
                                           )
v.                                         )     CIVIL ACTION NO.: CV-05-110
                                           )
AUTO-OWNERS INSURANCE                      )
COMPANY, INC., a corporation, and          )
SOUTH CENTRAL AGENCY, INC.,                )
et al.,                                    )
                                           )
          Defendants.                      )

## DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S MOTION TO DISMISS
## PLAINTIFF'S AMENDED COMPLAINT, OR IN THE ALTERNATIVE,
## MOTION FOR MORE DEFINITE STATEMENT

**COMES NOW** Defendant, Auto-Owners Insurance Company (hereinafter "Auto-Owners"), pursuant to Rule 12, *A.R.C.P.*, and moves this Honorable Court to dismiss Plaintiff's Amended Complaint and to further dismiss each count contained in the Amended Complaint, separately and severally. Alternatively, Defendant Auto-Owners requests the Court, pursuant to Rule 12(e), *A.R.C.P.*, to order the Plaintiff to file a more definite statement as to all claims purportedly alleging claims based on fraud in the Amended Complaint. Defendant Auto-Owners sets forth the following grounds in support of this motion, to-wit:

1.   The Amended Complaint, and each count contained therein, separately and severally, fails to state a cause of action against Defendant Auto-Owners upon which relief can be granted.

2.   Counts Two, Three, Four and Five of the Amended Complaint are due to be dismissed because the allegations of the pleadings are so non-specific and without substance that such allegations fail to state a cause of action against this Defendant upon

04/13/06 ORDER: This motion is DENIED as to Counts One and Two of the Plaintiff's amended complaint. Counts Three and Four of that complaint, however, should be, and they now are, DISMISSED for failure to state a claim upon which relief can be granted. Notwithstanding that fact plaintiff may timely amend Finally, Count Five of the amended complaint is not directed at Auto-Owners.

/s/ CIRCUIT JUDGE

FILED IN OFFICE
APR 13 2006
CLERK

FILED IN OFFICE
JAN 2 0 2006