IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PIONEER SERVICES, INC.,                    )
                                           )
        Plaintiff,                         )
                                           )    CIVIL ACTION NO.: 2:06-cv-377-WKW
v.                                         )
                                           )
AUTO-OWNERS INSURANCE                      )
COMPANY, INC.,                             )
                                           )
        Defendant.                         )

## AMENDED ANSWER OF DEFENDANT AUTO-OWNERS INSURANCE COMPANY TO AMENDED COMPLAINT

**COMES NOW** Defendant, Auto-Owners Insurance Company, and serves its

Amended Answer of Defendant Auto-Owners Insurance Company to Plaintiff's Amended

Complaint as follows:

### RESPONSES TO ALLEGATIONS OF AMENDED COMPLAINT

#### (Parties)

1.      In response to paragraph 1 of the Amended Complaint, Defendant Auto-

Owners Insurance Company (hereinafter "Auto-Owners Insurance") denies that Plaintiff

has suffered any damages or injury, but in further response to paragraph 1 of the Amended

Complaint, Defendant Auto-Owners admits the amount in controversy exceeds the sum

of $75,000.00, exclusive of interest and costs.

2.      In response to paragraph 2 of the Amended Complaint, Defendant Auto-

Owners Insurance admits Plaintiff is an Alabama corporation with its principal place of

business located in the State of Alabama.

3.      In response to paragraph 3 of the Amended Complaint, Defendant Auto-

Owners Insurance admits that it is a mutual insurance company formed under the laws of a state other than Alabama and that it is an insurance company otherwise licensed to do business in the State of Alabama.   Defendant Auto-Owners Insurance denies the remaining allegations contained in paragraph 3 of the Amended Complaint, and demands strict proof thereof.

4.      In response to paragraph 4 of the Amended Complaint, Defendant Auto-Owners Insurance avers that no response is necessary as Defendant South Central Agency, Inc., has been dismissed from, and is no longer a party to, this action

5.      In response to paragraph 5 of the Amended Complaint, Defendant Auto-Owners Insurance has insufficient information upon which to admit or deny the allegations contained in paragraph 5 of the Amended Complaint, and therefore denies said allegations and demands strict proof thereof.

6.      In response to paragraph 6 of the Amended Complaint, Defendant Auto-Owners Insurance admits the existence of diversity jurisdiction in the United States District Court for the Middle District of Alabama.

### {COUNT ONE - BREACH OF CONTRACT}

7      In response to paragraph 7 of the Amended Complaint, Defendant Auto-Owners Insurance adopts and incorporates herein by reference the responses to the Amended Complaint contained in paragraphs 1 through 6 of this Answer as if fully set out herein.

8.      In response to paragraph 8 of the Amended Complaint, Defendant Auto-Owners Insurance admits that it issued a Tailored Protection Insurance Policy, Policy

2

Number 034617-38525851 to Pioneer Telephone Services, Inc., for the policy term 06-16-2004 to 06-16-2005 which provided certain insurance coverage as defined and limited in the policy and subject to the limitations, exclusions, conditions and terms therein Defendant Auto-Owners Insurance further admits said insurance policy was purchased through South Central Agency, Inc., an independent insurance agency. Defendant Auto-Owners Insurance denies the remaining allegations of paragraph 8 of the Amended Complaint, and demands strict proof thereof.

9. Defendant Auto-Owners Insurance denies the allegations contained in paragraph 9 of the Amended Complaint, and demands strict proof thereof.

10. Defendant Auto-Owners Insurance denies the allegations contained in paragraph 10 of the Amended Complaint, and demands strict proof thereof.

11 In response to paragraph 11 fo the Amended Complaint, Defendant Auto-Owners Insurance admits it paid in full all losses of Plaintiff that were covered under the Auto-Owners Insurance policy. Defendant Auto-Owners Insurance denies the remaining allegations contained in paragraph 11 of the Amended Complaint, and demands strict proof thereof.

12. Defendant Auto-Owners Insurance denies the allegations contained in paragraph 12 of the Amended Complaint, and demands strict proof thereof

13. Defendant Auto-Owners Insurance denies the allegations contained in paragraph 13 of the Amended Complaint, and demands strict proof thereof.

14. Defendant Auto-Owners Insurance denies the allegations contained in paragraph 14 of the Amended Complaint, and demands strict proof thereof.

**(COUNT TWO - BAD FAITH)**

3

15. In response to paragraph 15 of the Amended Complaint, Defendant Auto-Owners Insurance adopts and incorporates herein by reference the responses to the Amended Complaint contained in paragraphs 1 through 14 of this Answer as if fully set out herein.

16. Defendant Auto-Owners Insurance denies the allegations contained in paragraph 16 of the Amended Complaint, and demands strict proof thereof.

17. In response to paragraph 17 of the Amended Complaint, Defendant Auto-Owners Insurance admits that it issued a Tailored Protection Insurance Policy, Policy Number 034617-38525851 to Pioneer Telephone Services, Inc., for the policy term 06-16-2004 to 06-16-2005 which provided certain insurance coverage as defined and limited in the policy and subject to the limitations, exclusions, conditions and terms therein Defendant Auto-Owners Insurance denies the remaining allegations of paragraph 17 of the Amended Complaint, and demands strict proof thereof

18. Defendant Auto-Owners Insurance denies the allegations contained in paragraph 18 of the Amended Complaint, and demands strict proof thereof.

19. In response to paragraph 19 fo the Amended Complaint, Defendant Auto-Owners Insurance admits it paid in full all losses of Plaintiff that were covered under the Auto-Owners Insurance policy. Defendant Auto-Owners Insurance denies the remaining allegations contained in paragraph 19 of the Amended Complaint, and demands strict proof thereof.

20 Defendant Auto-Owners Insurance denies the allegations contained in paragraph 20 of the Amended Complaint, and demands strict proof thereof.

21. Defendant Auto-Owners Insurance denies the allegations contained in

4

paragraph 21 of the Amended Complaint, and demands strict proof thereof.

22.   Defendant Auto-Owners Insurance denies the allegations contained in paragraph 22 of the Amended Complaint, and demands strict proof thereof.

23.   Defendant Auto-Owners Insurance denies the allegations contained in paragraph 23 of the Amended Complaint, and demands strict proof thereof.

24.   Defendant Auto-Owners Insurance denies the allegations contained in paragraph 24 of the Amended Complaint, and demands strict proof thereof.

### (COUNT THREE - FRAUDULENT INDUCEMENT)

25.   In response to paragraph 25 of the Amended Complaint, Defendant Auto-Owners Insurance adopts and incorporates herein by reference the responses to the Amended Complaint contained in paragraphs 1 through 24 of this Answer as if fully set out herein

26.   In response to paragraph 26 of the Amended Complaint, Defendant Auto-Owners Insurance admits that it issued a Tailored Protection Insurance Policy, Policy Number 034617-38525851 to Pioneer Telephone Services, Inc., for the policy term 06-16-2004 to 06-16-2005 which provided certain insurance coverage as defined and limited in the policy and subject to the limitations, exclusions, conditions and terms therein. Defendant Auto-Owners Insurance denies the remaining allegations of paragraph 26 of the Amended Complaint, and demands strict proof thereof.

27.   Defendant Auto-Owners Insurance denies the allegations contained in paragraph 27 of the Amended Complaint, and demands strict proof thereof.

28.   Defendant Auto-Owners Insurance denies the allegations contained in paragraph 28 of the Amended Complaint, and demands strict proof thereof.

29. Defendant Auto-Owners Insurance denies the allegations contained in paragraph 29 of the Amended Complaint, and demands strict proof thereof.

30. In response to paragraph 30 fo the Amended Complaint, Defendant Auto-Owners Insurance admits it paid in full all losses of Plaintiff that were covered under the Auto-Owners Insurance policy. Defendant Auto-Owners Insurance denies the remaining allegations contained in paragraph 30 of the Amended Complaint, and demands strict proof thereof.

31 Defendant Auto-Owners Insurance denies the allegations contained in paragraph 31 of the Amended Complaint, and demands strict proof thereof.

32 Defendant Auto-Owners Insurance denies the allegations contained in paragraph 32 of the Amended Complaint, and demands strict proof thereof.

33. Defendant Auto-Owners Insurance denies the allegations contained in paragraph 33 of the Amended Complaint, and demands strict proof thereof.

34. Defendant Auto-Owners Insurance denies the allegations contained in paragraph 34 of the Amended Complaint, and demands strict proof thereof.

### (COUNT FOUR - MISREPRESENTATION)

35. In response to paragraph 35 of the Amended Complaint, Defendant Auto-Owners Insurance adopts and incorporates herein by reference the responses to the Amended Complaint contained in paragraphs 1 through 34 of this Answer as if fully set out herein.

36. In response to paragraph 36 of the Amended Complaint, Defendant Auto-Owners Insurance admits that it issued a Tailored Protection Insurance Policy, Policy Number 034617-38525851 to Pioneer Telephone Services, Inc., for the policy term 06-16-

6

2004 to 06-16-2005 which provided certain insurance coverage as defined and limited in the policy and subject to the limitations, exclusions, conditions and terms therein. Defendant Auto-Owners Insurance denies the remaining allegations of paragraph 36 of the Amended Complaint, and demands strict proof thereof.

37. Defendant Auto-Owners Insurance denies the allegations contained in paragraph 37 of the Amended Complaint, and demands strict proof thereof.

38. Defendant Auto-Owners Insurance denies the allegations contained in paragraph 38 of the Amended Complaint, and demands strict proof thereof.

39. Defendant Auto-Owners Insurance denies the allegations contained in paragraph 39 of the Amended Complaint, and demands strict proof thereof.

40. In response to paragraph 40 fo the Amended Complaint, Defendant Auto-Owners Insurance admits it paid in full all losses of Plaintiff that were covered under the Auto-Owners Insurance policy. Defendant Auto-Owners Insurance denies the remaining allegations contained in paragraph 40 of the Amended Complaint, and demands strict proof thereof.

41. Defendant Auto-Owners Insurance denies the allegations contained in paragraph 41 of the Amended Complaint, and demands strict proof thereof.

42 In response to paragraph 42 fo the Amended Complaint, Defendant Auto-Owners Insurance admits it paid in full all losses of Plaintiff that were covered under the Auto-Owners Insurance policy. Defendant Auto-Owners Insurance denies the remaining allegations contained in paragraph 42 of the Amended Complaint, and demands strict proof thereof.

43. Defendant Auto-Owners Insurance denies the allegations contained in

7

paragraph 43 of the Amended Complaint, and demands strict proof thereof.

44.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 44 of the Amended Complaint, and demands strict proof thereof.

45.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 45 of the Amended Complaint, and demands strict proof thereof

46.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 46 of the Amended Complaint, and demands strict proof thereof.

47.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 47 of the Amended Complaint, and demands strict proof thereof.

48.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 48 of the Amended Complaint, and demands strict proof thereof

### (COUNT FIVE - FICTITIOUS PARTIES)

49.    In response to paragraph 49 of the Amended Complaint, Defendant Auto-Owners Insurance adopts and incorporates herein by reference the responses to the Amended Complaint contained in paragraphs 1 through 48 of this Answer as if fully set out herein.

50.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 50 of the Amended Complaint, and demands strict proof thereof.

### (General Denial)

51.    Defendant Auto-Owners Insurance denies each and every material allegation and damage alleged or claimed in the Complaint and Amended Complaint which is not expressly admitted in this Answer and demands strict proof thereof. Defendant Auto-

8

Owners Insurance denies that Plaintiff is entitled to recover any damages, attorneys fees or relief whatsoever.

### (Additional Defenses, Responses and Averments)

Discovery and investigation may reveal that any one or more of the following defenses should be available to Auto-Owners Insurance in this matter. Auto-Owners Insurance therefore asserts said defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Auto-Owners Insurance may withdraw any of these defenses as may be appropriate. Further, Auto-Owners Insurance reserves the right to amend this answer to assert additional defenses or claims as discovery proceeds. Further answering, and by way of defense, Auto-Owners Insurance states as follows:

52.   Plaintiff's Complaint fails to state a cause of action against this Defendant Auto-Owners Insurance upon which relief can be granted.

53.   Plaintiff's Complaint fails to plead allegations of fraud with specificity as required by Rule 9(b) of the *Federal* and *Alabama Rules of Civil Procedure.*

54.   Defendant Auto-Owners Insurance denies that it or its agents or employees made a misrepresentation of material fact to the Plaintiff.

55.   Defendant Auto-Owners Insurance denies that it is guilty of fraud or misrepresentation of fact.

56.   Defendant Auto-Owners Insurance denies that it is guilty of fraudulent inducement or concealment of material fact.

57.   Defendant Auto-Owners Insurance denies that it is guilty of any type bad faith misconduct.

9

58.    Defendant Auto-Owners Insurance denies that it breached a contract of insurance with Plaintiff.

59.    Defendant Auto-Owners Insurance asserts as a defense to Plaintiff's action all terms, conditions, exclusions, limitations and the entire contents of the Policy which was in force insuring the Plaintiff at the times material to this action.

60.    Defendant Auto-Owners Insurance asserts as a defense to the claims of Plaintiff the terms, conditions, exclusions, limitations and entire contents of the Policy which is at issue in this case.

61.    Defendant Auto-Owners Insurance avers that Plaintiff has failed to meet conditions precedent to payment under the terms of the Auto-Owners Insurance Company policy at issue.

62.    Defendant Auto-Owners Insurance avers that Plaintiff has been paid in full for all damages that Plaintiff is entitled to under the policy at issue. Defendant Auto-Owners Insurance therefore pleads contract completion, accord and satisfaction and payment in full as complete defenses to Plaintiff's claim.

63.    Defendant Auto-Owners Insurance asserts the defenses of promissory estoppel, equitable estoppel and judicial estoppel.

64.    All claims of Plaintiff, separately and severally, are barred by the applicable Alabama statute of limitations.

65    Defendant Auto-Owners Insurance avers that Plaintiff's claims are barred and/or reduced by Plaintiffs' failure to mitigate its damages as required by law.

66.    Defendant Auto-Owners Insurance avers that it was justified in denying Plaintiff's claim for payment

67. Defendant Auto-Owners Insurance avers and alleges as a defense to this action that Plaintiff's own negligence contributed to cause its alleged injury. Defendant Auto-Owners Insurance therefore pleads the affirmative defense of contributory negligence.

68. Defendant Auto-Owners Insurance asserts as a defense that Plaintiff assumed the risk of the injuries and damages that it allegedly sustained. Defendant Auto-Owners Insurance asserts the affirmative defense of assumption of risk.

69. Plaintiff cannot prove reasonable reliance.

70. Defendant Auto-Owners Insurance's actions and conduct were justifiable and reasonable.

71. Defendant Auto-Owners Insurance and/or its agents or employees made no actionable representations to Plaintiff

72. Defendant Auto-Owners Insurance denies that it is guilty of fraud, oppression, malice, negligence and/or wanton conduct

73. Defendant Auto-Owners Insurance pleads the equitable defenses of waiver and estoppel. Defendant Auto-Owners Insurance further avers that Plaintiff's destruction and/or disposal of the property which is the subject of this insurance claim estops and bars Plaintiff from recovery.

74. Defendant Auto-Owners Insurance denies that it or its independent insurance agent made any material misrepresentations to Plaintiff upon which Plaintiff reasonably relied to Plaintiff's detriment. Auto-Owners Insurance demands strict proof thereof.

75. Defendant Auto-Owners Insurance denies that Plaintiff can recover the items and amounts of damages alleged in the Complaint, as amended Auto-Owners Insurance

11

demands strict proof thereof.

76. Defendant Auto-Owners Insurance denies that the Plaintiff is entitled to recover the items and amounts of damages alleged in the Amended Complaint, and demands strict proof thereof.

77. Plaintiff is not entitled to recover punitive damages from Defendant Auto-Owners Insurance pursuant to the facts as alleged in Plaintiff's Amended Complaint.

78. Defendant Auto-Owners Insurance denies it is responsible or liable for the conduct, acts, errors or omissions of Defendant South Central Agency, Inc. Defendant Auto-Owners Insurance denies it is legally responsible for any culpable conduct of South Central Agency, Inc.

79. Defendant Auto-Owners Insurance asserts the doctrine or defense of spoliation precludes and bars Plaintiff's recovery herein.

80. Defendant Auto-Owners Insurance asserts that Plaintiff's claims are precluded by the statute of fraud. See, §8-9-2, Code of Alabama, 1975; see also, Bruce v. Cole, 854 So. 2d 47 (Ala. 2003).

81. Defendant Auto-Owners Insurance avers that Plaintiff has failed to mitigate its damages as required by Alabama law and that any claim Plaintiff may have is thus reduced or barred by Plaintiff's failure to mitigate its damages.

82. Defendant Auto-Owners Insurance denies that any damage of Plaintiff was caused by any act or omission of any party, entity or person. Defendant Auto-Owners Insurance alternatively avers that any damages alleged by Plaintiff were caused by the acts or omissions of others for whom Defendant Auto-Owners Insurance owes no legal responsibility.

12

83.   Defendant Auto-Owners Insurance avers that no conduct on its part proximately caused any damage or injury of which Plaintiff complains.

84.   Defendant Auto-Owners Insurance avers that any damage or injury alleged by Plaintiff were the result of superceding or intervening acts of others for whom Defendant Auto-Owners Insurance owes no legal responsibility and is not liable.

85.   Defendant Auto-Owners Insurance asserts as a defense to the claims of Plaintiff the terms, conditions, exclusions, limitations and entire contents of the policy which is at issue in this case.   Without waiving any of the terms, conditions, or limitations of the policy, Auto-Owners Insurance sets forth the following specific policy provisions in defense of Plaintiff's claims:

[Endorsement CP 00101091]

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

Various provisions in this policy restrict coverage  Read the entire policy carefully to determine rights, duties and what is and is not covered

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations   The words "we", "us" and "our" refer to the Company providing this insurance

***

**E.    LOSS CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions

**1.    Abandonment**

There can be no abandonment of any property to us
***

**3.    Duties In The Event Of Loss Or Damage**

**a.**    You must see that the following are done in the event of loss or damage to Covered Property:

***

**(4)**    Take all reasonable steps to protect the Covered Property

13

from further damage by a Covered Cause of Loss. If feasible, set the damaged property aside and in the best possible order for examination. Also keep a record of your expenses for emergency and temporary repairs, for consideration in the settlement of the claim. This will not increase the Limit of Insurance.

**(5)**    At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed

**(6)**    As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records

\*\*\*

**(8)**    Cooperate with us in the investigation or settlement of the claim.

\*\*\*

[Endorsement CP009007 88]

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.

## COMMERCIAL PROPERTY CONDITIONS

\*\*\*

**D.    LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage Part unless:

**1.**    There has been full compliance with all of the terms of this Coverage Part; and

\*\*\*

[Endorsement IL 00171185]

## COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

\*\*\*

**B.    CHANGES**

14

> This policy contains all the agreements between you and us concerning the
> insurance afforded. The first Named insured shown in the Declarations is
> authorized to make changes in the terms of this policy with our consent.
> This policy's terms can be amended or waived only by endorsement issued
> by us and made a part of this policy

86    Defendant Auto-Owners Insurance avers that the invitation for a court or jury

to impose liability on Defendant Auto-Owners Insurance for punitive damages without

guidelines or standards for determination of the amount or proper circumstances for such

an award would deny Defendant Auto-Owners Insurance due process of law in violation

of the Fourteenth Amendment to the United States Constitution and in violation of the

Constitution of the State of Alabama.

87.    The claim of Plaintiff for punitive damages against Defendant Auto-Owners

Insurance is barred by the Fourteenth Amendment to the United States Constitution and

by the Constitution of the State of Alabama

88.    Imposition of punitive damages in this case would contravene the due

process clause of the United States Constitution and the Constitution of the State of

Alabama and the Fourth, Sixth, Eighth and Fourteenth Amendments, separately, to the

United States Constitution on each of the following grounds:

(a)    The procedures pursuant to which punitive damages are awarded permit the

award of punitive damages upon satisfaction of a standard of proof less than the applicable

standard of proof required for the imposition of criminal sanctions.

(b)    The procedures pursuant to which punitive damages are awarded may result

in the award of joint and several judgments against multiple defendants for different alleged

acts of wrongdoing.

(c)    The procedures pursuant to which punitive damages are awarded fail to

15

provide a reasonable limit on the amount of the award against this defendant

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(e)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague

(f)     The procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors.

(g)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages.

(h)     The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review for the amount of punitive damages.

(I)     The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined

(j)     An award of punitive damages would constitute an arbitrary and capricious taking of property of this defendant without due process of law.

(k)     An award of punitive damages under the circumstances of this case would contravene the constitutional prohibition against vague and overboard laws.

(l)     Plaintiff's claims for recovery against this defendant contravene this defendant's rights under the constitutional provisions and standards set forth in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 158, 134 L. Ed 2d 809 (1996); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001); and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003).

16

89.    Imposition of punitive damages in this case against Defendant Owners Insurance would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on Interstate Commerce.

90.    Auto-Owners Insurance asserts as a defense to Plaintiff's claim for punitive damages the provisions of §6-11-27(a), *Code of Alabama of 1975*.

91.    An award of punitive damages in this case, by which the jury seeks to regulate the conduct of the insurance business of Defendant Auto-Owners Insurance, is violative of the due process rights secured to Defendant Auto-Owners Insurance by the Constitution of the United States of America and by the State of Alabama in that such an award usurps the regulatory function assigned to the Insurance Department of the State of Alabama and fails to give fair notice to Defendant Auto-Owners Insurance of what conduct will be considered illegal

92.    Defendant Auto-Owners Insurance asserts as a defense and limitation to Plaintiff's claim for punitive damages all tort reform provisions of the Alabama Tort Reform Statutes, §§ 6-11-1, *et seq.* of the *Code of Alabama of 1975*, including but not limited to § 6-11-20, § 6-11-21, § 6-11-22, § 6-11-23, § 6-11-24, § 6-11-25, § 6-11-27, and § 6-11-28. Auto-Owners Insurance specifically avers that the punitive damages legislation set forth in §6-11-21, *Code of Alabama* (1975) is applicable to this case and more specifically referred to as the statutory provision applying caps to punitive damages

93.    An award of punitive damages in this case, by which the jury seeks to regulate the conduct of the insurance business of Defendant Auto-Owners Insurance, is violative of the due process rights secured to Defendant Auto-Owners Insurance by the

17

Constitution of the United States of America and by the State of Alabama in that such an award usurps the regulatory function assigned to the Insurance Department of the State of Alabama and fails to give fair notice to Defendant Auto-Owners Insurance of what conduct will be considered illegal.

94      Defendant Auto-Owners Insurance denies that it was guilty of the type conduct required for the imposition of punitive damages under Alabama law. Auto-Owners Insurance demands clear and convincing evidence of such wrongful conduct

95.     The Complaint fails to state a claim for punitive damages upon which relief can be granted.

96.     Plaintiff cannot recover punitive damages against Defendant Auto-Owners Insurance because such an award, which is penal in nature, would violate Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States unless Auto-Owners Insurance is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

97.     Subjecting Defendant Auto-Owners Insurance to punitive damages, or affirming an award of punitive damages against Defendant Auto-Owners Insurance in this case, would amount to and constitute a denial of due process as afforded by the Due Process clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

18

(a)     any award of punitive damages against Defendant Auto-Owners Insurance under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof beyond a reasonable doubt;

(b)     there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

(c)     an award of punitive damages should not be permitted to be assessed against Defendant Auto-Owners Insurance for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Defendant Auto-Owners Insurance;

(d)     an award of punitive damages should not be permitted to be assessed against Defendant Auto-Owners Insurance vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Defendant Auto-Owners Insurance;

(e)     the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant Auto-Owners Insurance;

(f)     the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(g)     the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

(h)     an award of punitive damages would constitute an arbitrary and

19

capricious taking of property of Defendant Auto-Owners Insurance without due process of law.

98.    The claim of the Plaintiff for punitive damages against Defendant Auto-Owners Insurance is barred by the Fourteenth Amendment to the United State Constitution and by the Alabama Constitution.

99.    Imposition of punitive damages in this case against Defendant Auto-Owners Insurance would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

100.    To award punitive damages against Defendant Auto-Owners Insurance in this case would have a chilling effect upon Defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally

101.    To award punitive damages against Defendant Auto-Owners Insurance in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

102.    Plaintiff's Complaint seeks to make Defendant Auto-Owners Insurance liable for punitive damages.   Defendant Auto-Owners Insurance adopts by reference the defenses, criteria, limitations and standards mandated by the Supreme Court of the United States in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 158, 134 L. Ed.2d 809 (1996); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001); and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003).

20

103.    The demand for punitive damages in this case is subject to those limitations established by the Alabama legislature and set forth in Section 6-11-21, Code of Alabama.

104    If multiple punitive damage awards were assessed against Defendant Auto-Owners Insurance it would violate the Constitutions of the United States and the State of Alabama, violating Defendant Auto-Owners Insurance's rights to due process and to a jury trial violating Defendant Auto-Owners Insurance's right against double jeopardy

105.    Based upon Alabama procedures relative to punitive damages, which provide no objective, logical or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Defendant Auto-Owners Insurance is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article I, §§ 1, 6 and 22 of the Alabama Constitution, separately and severally.

106.    Plaintiff's claim for punitive damages violates the rights of Defendant Auto-Owners Insurance to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

a.    The Hammond and Green Oil procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

b.    The Hammond and Green Oil procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Defendant Auto-Owners;

c.    The Hammond and Green Oil procedure provides inadequate review and a

21

vague standard regarding the relationship of the punitive damage award to the harm;

    d.    The <u>Hammond</u> and <u>Green Oil</u> procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

    e.    This procedure is inadequate in that the trial court according to <u>Hammond</u> and <u>Green Oil</u> "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

    f.    The <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

    107.   If multiple punitive damage awards were assessed against Defendant Auto-Owners Insurance in different jurisdictions, or in the same jurisdiction, it would violate the Constitutions of the United States and the State of Alabama, violating Defendant Auto-Auto-Owners Insurance's rights to due process and to a jury trial and violating Defendant Auto-Owners Insurance's right against double jeopardy.

    108.   If punitive damages were assessed against Defendant Auto-Owners Insurance for conduct or events allegedly occurring in states other than the forum state, Defendant Auto-Owners Insurance would be denied due process law, the right to trial by jury and the right against double jeopardy under the Constitution of the United States and the State of Alabama.

    109.   The imposition of punitive damages sought by plaintiff violates Defendant Auto-Owners Insurance's right to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, in that:

22

(a)    Alabama law and the Alabama punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that make punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b)    Defendant Auto-Owners Insurance had no notice of or means of ascertaining whether, or if so, in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant Auto-Owners Insurance to punitive damages or as to the potential amount of such an award.

(c)    Under Alabama law and the Alabama punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

(d)    Under Alabama law and the Alabama punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including corporate status of a defendant.

(e)    No provision of Alabama law or the Alabama punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in BMW of

23

North America, Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc., v. Leatherman
Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001), Pacific Mutual Life Insurance
Company v. Haslip, 499 U.S. 1 (1990), State Farm Mut. Auto. Ins. Co. v. Campbell, 123
S.Ct. 1513 (2003) and Matthews v. Eldridge, 424 U.S. 319 (1976) for the imposition of a
punitive award.

        (f)      Alabama law and the Alabama punitive damage scheme do not
provide for adequate post-trial review of punitive damage awards or the amount thereof,
and do not provide objective standards for such review.

        (g)      Under Alabama law and the Alabama punitive damage scheme, there
is no limit on the number of times Defendant Auto-Owners Insurance could be held
accountable for punitive damages based on the same alleged conduct as that alleged in
this case.

        110.    The net effect of Alabama's punitive damage system is to impose punitive
damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or
review inevitably lead to variations in result without any rational basis for differentiation, and
without serving any legitimate governmental purpose of interest. As a result, the federal
(U.S. Const. Amend 14) constitutional mandates for equal protection are violated.

        111.    Insofar as the punitive damage award sought by Plaintiff seeks to impose
punitive damages under Alabama law for conduct in other states, the award violates: (a)
Defendant Auto-Owners' rights to due process and due course law under the Fourteenth
Amendment of the United States Constitution and the Alabama Constitution; (b) the
dormant or negative commerce clause derived from Article I, section 8, clause 3 of the
United States Constitution; (c) the Full Faith and credit Clause of Article IV, section 1 of the

United States Constitution; (d) the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and (e) the prohibition against excessive fines in the United States Constitution.

112. As concerns all claims for punitive damages, Defendant Auto-Owners Insurance avers that such claims and such requisite burden of proof violate this Defendant's right to equal protection and due process under the Constitution of the United States and the Constitution of the State of Alabama; said claims and requisite burden of proof amount to an undue taking without due process of law and violate the Excessive Fines Clause of the Constitution of the United States and the Constitution of the State of Alabama. This Defendant affirmatively avers that the Plaintiff's claim for punitive damages is vague, arbitrary, and unclear and that the standard for determining liability for punitive damages under Alabama law does not define with sufficient clarity the conduct or mental state of the Defendant which gives rise to a claim for punitive and exemplary damages. Additionally, the Plaintiff's claim for punitive damages cannot be sustained in that there are no meaningful standards for determining the amount of any punitive damage award under Alabama law and that Alabama law fails to state with sufficient clarity the consequence to a Defendant of any conduct which may give rise to the claim for punitive damages. Therefore, any award of punitive damages violates this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

113. Defendant Auto-Owners Insurance affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate this

25

Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

114. Defendant Auto-Owners Insurance affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial as to all punitive damage issues would be violative of this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama

115. Defendant Auto-Owners Insurance affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages in this case cannot protect this Defendant against multiple and repeated punishment for the same alleged wrong in future cases. Accordingly, any award of punitive damages would violate this Defendant's right to due process of law and would constitute "double jeopardy" under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

116. Defendant Auto-Owners Insurance asserts the following constitutional challenges and defenses to Plaintiff's claims for punitive damages and/or damages for mental anguish.

(a)     Imposition of punitive damages and/or damages for mental anguish would violate the due process clauses of the United States Constitution and of the Alabama Constitution

(b)     The procedure and methods asserted for awarding punitive damages

26

and/or damages for mental anguish in this case violate the due process clause of the United States Constitution and the due process clause of the Constitution of the State of Alabama.

     (c)    The claims of Plaintiff for punitive damages and/or damages for mental anguish against Defendant Auto-Owners Insurance cannot be sustained, because an award of damages under Alabama law subject to no pre-determined limit, such as a maximum multiple of other compensatory damages or a maximum amount on the amount of damages that a jury may impose, would violate Defendant Auto-Owners Insurance's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

     (d)    The claims of Plaintiff for punitive damages and/or damages for mental anguish against Defendant Auto-Owners Insurance cannot be sustained because an award of damages under Alabama law by a jury: (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a damages award, (2) is not instructed on the limits on damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding damages, or determining the amount of an award of damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of this Defendant Auto-Owners Insurance (4) is permitted to award damages under a standard for determining liability for damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes damages permissible, and (5) is not subject to judicial review on the basis of objective standards, and would thereby violate Defendant Auto-Owners Insurance's due process and equal protection rights guaranteed by the

27

Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

(e)     The claim of Plaintiff for punitive damages and/or mental anguish against Defendant Auto-Owners Insurance cannot be sustained, because an award of damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate Defendant Auto-Owners Insurance's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

(f)     The claims of Plaintiff for punitive damages and/or mental anguish against Defendant Auto-Owners Insurance cannot be sustained, because an award of damages under Alabama law without proof of every element beyond a reasonable doubt would violate Defendant Auto-Owners Insurance's due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

(g)     Any award of punitive damages based on anything other than Defendant Auto-Owners Insurance's conduct in connection with the sale of the specific product that is the subject of this case would violate the due process clause as incorporated into the Fourteenth Amendment and the Alabama Constitution's provisions providing for due process and guaranty against double jeopardy, because any other judgment for damages in this case cannot protect Defendant Auto-Owners Insurance against impermissible multiple punishment for the same wrong.

28

117.   Plaintiff's claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, *Alabama Code*, 1975. This defense is intended to challenge the ruling stated in <u>Henderson v. Alabama Power Co.</u>, 627 So. 2d 878 (Ala. 1993).

118.   Any and all claims for punitive damages in this action are limited in the amount by application of <u>Ala. Code</u> §6-11-21 (1975), which provides that an award of punitive damages shall not exceed $250,000.00. See also <u>Oliver v. Towns</u>, 738 So. 2d 789 (Ala. 1999), affirmed following remand 770 So. 2d 1059 (Ala. 200).

119   The holding of <u>Henderson v. Alabama Power Co.</u>, 627 So. 2d 878 (Ala. 1993), is incorrect and due to be overruled for each and every reason set forth in the special concurrences to <u>Goodyear Tie & Rubber Co. v. Vinson</u>, 749 So. 2d 393 (Ala. 1999), and supporting authority cited therein, which are adopted by reference as if it was set forth herein.

120.   The doctrine of revival dictates that upon the overruling of <u>Henderson</u>, the $250,000.00 cap provided by <u>Ala. Code</u>, §6-11-21 (1975), is applicable to this case which was filed after that applicable section was enacted.

121.   Defendant Auto-Owners Insurance adopts by reference and incorporates herein all affirmative defenses plead by any other defendant in this action which may be applicable to this Defendant.

122.   Defendant Auto-Owners Insurance avers that Plaintiff has failed to meet its burden of proving coverage under any applicable Auto-Owners Insurance policy.

123   Defendant Auto-Owners Insurance avers that Plaintiff is barred from recovery under the doctrine of "unclean hands", unjust enrichment and/or unconscionability.

124.   Defendant Auto-Owners Insurance avers Plaintiff lacks capacity to prosecute

this action.

125. Defendant Auto-Owners Insurance avers Plaintiff lacks standing to prosecute this action.

126. Defendant Auto-Owners Insurance avers that Plaintiff is not the owner of the claims asserted or a real party in interest in this action.

127. Defendant Auto-Owners Insurance avers that Plaintiff is not entitled to relief under the doctrine of unclean hands and on the grounds that Plaintiff is seeking damages and payments that Plaintiff is not entitled to under the policy at issue.

128. Defendant Auto-Owners Insurance avers Plaintiff is *in pari delicto.*

129. Defendant Auto-Owners Insurance pleads justification and business judgment rule.

130. Defendant Auto-Owners Insurance avers that Plaintiff's claims are barred by the doctrine of consent and failure to return payments or consideration or to seek recision.

131. Defendant Auto-Owners Insurance avers that Plaintiff's material misrepresentations in either the application for insurance and/or sworn proof of loss and/or during the claims process bar Plaintiff's recovery herein.

132. Defendant Auto-Owners Insurance avers that §27-14-7(a)(1) and/or (2) and/or (3), Code of Alabama, 1975, prevent Plaintiff's recovery in this action and under the subject insurance policy.

133. Defendant Auto-Owners Insurance denies that Plaintiff is entitled to recover the items and amounts of damages alleged in the complaint, as amended, and demands strict proof thereof.

134 At the time of the filing of this Answer discovery is not yet complete;

30

therefore, Defendant Auto-Owners Insurance reserves the right to supplement its Answer, consistent with all applicable orders of the Court, to assert such other defenses as may be revealed in discovery.

**WHEREFORE, THESE PREMISES CONSIDERED**, Defendant Auto-Owners Insurance demands judgment be entered in its favor and that Plaintiff's Amended Complaint be dismissed with prejudice and that all costs of these proceedings including a reasonable attorney's fee be assessed against the Plaintiff.

Dated this the 30th day of _November_, 2006.

_____
**ROGER S. MORROW (MOR032)**

_____
**JOEL H. PEARSON (PEA019)**
**ATTORNEYS FOR DEFENDANT**
**AUTO-OWNERS INSURANCE COMPANY**


**OF COUNSEL:**

**MORROW, ROMINE & PEARSON, P.C.**
**P.O. Box 4804**
**Montgomery, AL 36103-4804**
**Telephone:  (334) 262-7707**
**Facsimile:   (334) 262-7742**


**DEFENDANT DEMANDS A TRIAL BY STRUCK JURY**

_____
**OF COUNSEL**

31

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the 30th day of _November_ , 2006.

Leland Enzor, Jr., Esq.
Enzor & Enzor
P.O. Box 339
Andalusia, AL 36420

Harry P. Hall, II, Esq.
Farmer, Price, Hornsby & Weatherford, LLC
P.O. Drawer 2228
Dothan, AL 36303

OF COUNSEL

32