# EXHIBIT "C"

# American Court Reporting
## toll-free (877) 320-1050

### Page 1

1 IN THE FEDERAL COURT OF THE
2 MIDDLE DISTRICT OF ALABAMA
3
4
5 CIVIL ACTION NUMBER
6 2:06CV-377-WKW
7
8 PIONEER SERVICES, INC.,
9    Plaintiff,
10 vs
11 AUTO-OWNERS INSURANCE COMPANY,
12    Defendant
13
14      THE VIDEOTAPED
15 DEPOSITION TESTIMONY OF:
16      WILLIAM BARRETT
17
18 February 2, 2007
19 9:55 a.m.
20
21 COURT REPORTER:
22 Gwendolyn P. Timbie, CSR
23

### Page 2

1      STIPULATIONS
2      IT IS STIPULATED AND AGREED by and
3 between the parties through their
4 respective counsel that the deposition of
5 WILLIAM BARRETT, may be taken before
6 Gwendolyn P. Timbie, Certified Shorthand
7 Reporter and Notary Public, State at
8 Large, at the law offices of Morrow,
9 Romine & Pearson, Montgomery, Alabama, on
10 February 2, 2007, commencing at
11 approximately 9:55 a.m.
12      IT IS FURTHER STIPULATED AND
13 AGREED that the signature to and the
14 reading of the deposition by the witness
15 is waived, the deposition to have the same
16 force and effect as if full compliance had
17 been had with all laws and rules of Court
18 relating to the taking of depositions.
19      IT IS FURTHER STIPULATED AND
20 AGREED that it shall not be necessary for
21 any objections to be made by counsel to
22 any questions, except as to form or
23 leading questions, and that counsel for

### Page 3

1 the parties may make objections and assign
2 grounds at the time of trial or at the
3 time said deposition is offered in
4 evidence, or prior thereto.
5      Please be advised that this is the
6 same and not retained by the Court
7 Reporter, nor filed with the Court.

### Page 4

1      INDEX
2 EXAMINATION BY:      PAGE NO:
3 Mr. Hall      9
4 Certificate      175
5
6 LIST OF EXHIBITS
7 EXHIBITS:      PAGE NO:
8 Plaintiff's 11      98
9 Plaintiff's 12      166
10
11
12
13
14
15
16
17
18
19
20
21
22
23

1 (Pages 1 to 4)

## www.AmericanCourtReporting.com
## February 2, 2007

**American Court Reporting**
**toll-free (877) 320-1050**

Page 5

```
 1      A P P E A R A N C E S
 2
 3   FOR THE PLAINTIFF:
 4      HARRY P. HALL, II, Esquire
         Farmer, Price, Hornsby & Weatherford
 5       100 Adris Place
         Dothan, Alabama 36303
 6
 7
     FOR THE DEFENDANT:
 8
         JOEL H PEARSON, Esquire
 9       Morrow, Romine & Pearson
         122 South Hull Street
10       Montgomery, Alabama 36104
11
12
13
14
15
16
17
18
19
20
21
22
23
```

Page 6

```
 1        I, Gwendolyn P Timbie, Certified
 2   Shorthand Reporter and Notary Public for
 3   the State of Alabama at Large, acting as
 4   Commissioner, certify that on this date,
 5   pursuant to the Federal Rules of Civil
 6   Procedure, and the foregoing stipulation
 7   of counsel, there came before me at the
 8   law offices of Morrow, Romine & Pearson,
 9   Montgomery, Alabama, commencing at
10   approximately 9:55 a m , on February 2,
11   2007, William Barrett, witness in the
12   above cause, for oral examination,
13   whereupon the following proceedings were
14   had:
15
16        WILLIAM BARRETT,
17   Having been first duly sworn, was examined
18   and testified as follows:
19
20        MR PEARSON: Let me just put
21   on the record -- I think I wrote you about
22   it, Harry I'm just going to adopt the
23   objection I made at the deposition of
```

Page 7

```
 1   Mr. Reeves, which -- there was a ruling by
 2   the Court, and I don't believe any further
 3   objection is necessary by me at this
 4   time  If you think I need to put
 5   something additional on the record as to
 6   what I put on the prior one, you can let
 7   me know  But I think the Court didn't
 8   want us to make continuing calls to the
 9   Court, and that my reference to the prior
10   objection could be placed on the record
11   And that was sufficient
12        MR. HALL: Yeah  That's my
13   understanding as well, is that all of your
14   objections you made at Bill Reeves'
15   deposition will be standing objections --
16        MR. PEARSON: Yes
17        MR. HALL: -- concerning the
18   technique of taking the depositions
19        All right  This is February
20   2, 2007, in a case involving Pioneer
21   Services versus Auto-Owners  The case
22   number is CV -- no  That's not right
23   Well, let's see  We've removed it, so
```

Page 8

```
 1   let's get the federal number
 2        MR PEARSON: It's
 3   2:06CV377-WKW
 4        MR. HALL: That's it
 5        MR. PEARSON: I noticed on the
 6   prior depositions it references the
 7   Northern District of Alabama  It's
 8   actually the Middle District
 9        MR. HALL: Middle District,
10   Northern Division
11        MR PEARSON: Right
12        MR. HALL: That's probably
13   what that means
14        My name is Harry Hall.  I
15   represent the plaintiff  I would ask that
16   everyone here identify themselves
17        MR PEARSON: Joel Pearson for
18   Auto-Owners Insurance Company
19        THE WITNESS: I'm Billy
20   Barrett
21        THE REPORTER: I'm Wendy
22   Timbie, the court reporter
23        MR. HALL: All right.  Go
```

2  (Pages 5 to 8)

**www.AmericanCourtReporting.com**
**February 2, 2007**

**American Court Reporting**
**toll-free (877) 320-1050**

Page 65

1  thing he would do is check coverage, make
2  sure that there's a policy in force
3  covering the -- that date of loss and
4  what's being reported  And then the next
5  thing would be contact --
6      Q    The customer?
7      A    Yes
8      Q    All right
9      A    From there, you would
10  determine what the needs of the claim were
11  from that -- hopefully from that initial
12  contact and then proceed  Make -- make
13  appointments  Do whatever is necessary on
14  that particular claim
15      Q    All right  When a claim comes
16  from an insured or a customer up to
17  Auto-Owners, is it reported directly to
18  the Montgomery branch office, or does it
19  go somewhere else and then come back down
20  to Montgomery?
21      A    Usually they report to their
22  local agent, who reports directly to the
23  branch office

Page 66

1      Q    Montgomery, the branch office
2  in Montgomery for Auto-Owners, would
3  receive claims notifications from the
4  agents within Montgomery's territory?
5      A    Yes
6      Q    All right  How would you get
7  those? By fax or by e-mail or how?
8      A    Either by fax or by mail
9      Q    We've had some testimony about
10  preprinted claim forms, when a substantial
11  storm would move through an area and
12  Auto-Owners would send out these forms
13  Where were those generated?
14      A    Lancing
15      Q    All right  That came from the
16  home office, and they went to each agent's
17  office?
18      A    Yes
19      Q    And would -- if those were
20  filled out by the agent on behalf of a
21  customer that had a claim, they were faxed
22  to the Montgomery branch office?
23      A    Yes.

Page 67

1      Q    All right  So when that came
2  in, Montgomery -- or the office here in
3  Montgomery would be the initial
4  investigating part of Auto-Owners?
5          MR PEARSON:  Object to form
6      A    If there has been an occasion
7  to have preprinted loss notices, you don't
8  operate in a manner that you would when
9  those things are not required
10      Q    Okay
11      A    That means that you've had a
12  catastrophe
13      Q    Yes, sir
14      A    Everybody in the world has a
15  claim
16      Q    Yeah
17      A    There is not sufficient time
18  to go step by step by step
19      Q    Okay
20      A    So they're going out in bulk,
21  and you're making bulk assignments to
22  independent adjusters  And you're
23  juggling at that point

Page 68

1      Q    All right.  Well, then let's
2  talk about the -- that process during a
3  catastrophe scenario, where a hurricane,
4  for instance, comes through and you have
5  mass claims
6          How did the Montgomery branch office
7  handle assignment of the excess work or
8  the extra work to third-party adjusters?
9      A    They would be -- the third
10  party as you call them, the independent
11  claims firms, would have been pre-noticed
12  that they're going to be receiving work
13  from us  They would -- in some cases,
14  they would set up temporary locations to
15  receive work from us
16      Q    Where would they set those up?
17      A    Well, some did; some didn't.
18  Mobile -- for instance, GAB  We talked
19  about them  They set up a storm office in
20  Mobile and began receiving from us there
21  United Storm Adjusters received in their
22  office in Tampa and then electronically
23  disbursed to their adjusters.  The other

17  (Pages 65 to 68)

**American Court Reporting**
**toll-free (877) 320-1050**



Page 173

1   that  If you're making a claim for
2   something, I think you, personally, would
3   know that; that you wouldn't throw
4   something away of your own if you're
5   wanting someone else to pay you for that
6   thing  I wouldn't, as a person
7        Q     What about after it was
8   inspected by the company and photographed?
9        A     Well, until I was told that it
10  was okay to dispose of it, I wouldn't  I
11  don't think any prudent person would
12       Q     All right  That's all I've
13  got  Thank you, sir.
14       A     You're welcome
15       Q     Mr  Pearson may have
16  questions.
17       MR  PEARSON:  I don't have
18  anything
19       MR  HALL:  All right  This is
20  the end of the deposition of William
21  Barrett on February 2, 2007, and it's a
22  complete recording of these proceedings
23

Page 174

1        1:46 p m
2
3   FURTHER DEPONENT SAITH NOT
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Page 175

1            C E R T I F I C A T E
2
3   STATE OF ALABAMA  )
4   MONTGOMERY COUNTY )
5            I hereby certify that the above
6   and foregoing deposition was taken down by
7   me in stenotype, and the questions and
8   answers thereto were transcribed by means
9   of computer-aided transcription, and that
10  the foregoing represents a true and
11  correct transcript of the deposition given
12  by said witness upon said hearing
13           I further certify that I am
14  neither of counsel nor of kin to the
15  parties to the action, nor am I in anywise
16  interested in the result of said cause
17
18
             GWENDOLYN P. TIMBIE, CSR
19           Certificate No:  AL-CSR-569
20
21  My Commission Expires
    March 4, 2009
22
23

**www.AmericanCourtReporting.com**
**February 2, 2007**