**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **PIONEER SERVICES, INC.,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| V. | ) | 2:06cv377-WKW |
| | ) | |
| **AUTO-OWNERS INSURANCE COMPANY,** | ) | |
| **INC., et al,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## MOTION TO COMPEL

Comes now the Plaintiff in the above styled cause and moves this Court for an Order Compelling Defendant, Auto-Owners Insurance Company, Inc. to respond to discovery in accordance with Rule 37 of the Federal Rules of Civil Procedure.  As grounds for said Motion Plaintiff would show as follows:

1.      On November 18, 2005 Plaintiff forwarded to Defendant Interrogatories and Requests for Production while this matter was pending in the Circuit Court of Covington County, Alabama to Defendant Auto-Owners Insurance Company, Inc.  These Interrogatories included specific questions concerning matters involving the adjustment of claims by Auto-Owners in other circumstances than the Plaintiffs.   These Interrogatories are attached hereto as Exhibit "A".

2.      On December 19, 2005 counsel for defense forwarded responses and set forth 13 general objections that were purported to apply to each and every response

contained therein.   Specific objections were listed for each individual Interrogatory response as well.   Relevant portions of said responses are attached hereto as Exhibit "B".

    3.     Interrogatory number 3 asks the following question:

> List by claim number, Policy number and Insured's name claims made by Defendant's insureds in Covington County, Alabama which included damage from or related to water damage or lightning damage to client's home or business which occurred during September of 2004.

The Defendant responded as follows:

> The information is neither relevant or material to the subject matter of the litigation or reasonably calculated to lead the discovery of admissible evidence. The Interrogatory is overly broad and unduly burdensome**.**  That customer claims are proprietary, confidential and trade secrets.  Production of information responsive to this request is prohibited by State and Federal law.

    4.     On Interrogatory number 5 Plaintiff requested as follows:

> Identify all adjusters utilized for addressing claims in Covington County, Alabama for the months of August, September, October and November of 2004. Include address and telephone numbers for each.

The Defendant responded with the following objection and response:

> Overly broad, unduly burdensome.  The information sought is neither relevant to the subject matter of the litigation or reasonably calculated to lead to the discovery of admissible evidence.

    5.     On March 24, 2006 Plaintiff's counsel wrote to defense counsel concerning deficiencies in the answers to Interrogatories on several Interrogatories including numbers 3 and 5.   Plaintiff's letter is attached hereto as Exhibit "C".

2

6.	Thereafter counsel met and conferred at the Covington County Courthouse concerning discovery issues.  The discussions for said meeting were confirmed in a letter from Plaintiff's counsel dated March 28, 2006.  Said letter is attached hereto as Exhibit "D".

7.	On February 16, 2007 counsel for the Plaintiff wrote again to counsel for defense concerning deficiencies in the responses to Interrogatories number 3 and 5.  This letter included discussions of other issues between the parties concerning discovery.   This letter again requested compliance with the discovery requests concerning claims made by Defendant's insureds in Covington County as well as adjusters who worked for the Defendant in Covington County.   Said letter is attached hereto as Exhibit "E".

8.	In response to Plaintiff's letter of February 16, 2007 counsel for the defense wrote a letter dated February 23, 2007.  This letter indicates that the defense would stand by its objections to the requests based on an argument that the production of these documents was being sought to support a claim for punitive damages for harms allegedly done to other non-parties.  The defense also objected to any production of information on which adjusters were employed by Auto-Owners in Covington County during the months from August to November, 2004.  Said letter is attached hereto as Exhibit "F".

9.	A mere claim of burden, inconvenience, expense, or disruption is not a sufficient excuse to fail to comply with a request for production. *Coker v. Duke & Co.*, 177

3

F.R.D. 682, 686 (M.D. Ala. 1998). A conclusory statement that requests are unduly burdensome is also insufficient. *Id.* The "party seeking to avoid discovery on a burdensomeness argument must substantiate that position with detailed affidavits or other evidence establishing an undue burden." *Id.* Additionally, the party opposing discovery "must show specifically how a [discovery request] is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Id.*, citing <u>Chubb Integrated Systems Limited v. Nat'l Bank of Washington,</u> 103 F.R.D. 52, 59-60 (D.D.C.1984); *see also* <u>Shines v. Alabama Great Southern Railway Co., Inc</u>., 614 So. 2d 432, 435 (Ala. 1993), *citing* <u>Ex parte Dorsey Trailers, Inc</u>., 397 So. 2d at 104; Jerome A. Hoffman, *Alabama Civil Procedure* § 6.49 (2d. ed. 2001); *EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642 (7th Cir. 1995).

    10.    The question of relevancy is to be loosely construed during the discovery process. <u>Ex parte Pitts</u>, 822 So. 2d 418, 423 (Ala. 2001). Discovery should be permitted if there is any likelihood that the information sought will aid the party seeking discovery in the pursuit of his claim or defense. <u>Ex Parte AMI West Alabama General Hosp</u>., 582 So. 2d 484, 485-486 (Ala. 1991). "The rules are clear that a party must fully answer all interrogatories and all requests for production, unless a specific and clear objection is made." <u>Johnson v. Mermis</u>, 955 P.2d 826, 830-831 (Wash.App.Div 1, 1998); *See also*, <u>Coker v. Duke & Co</u>., 177 F.R.D. 682 (M.D. Ala. 1998). The *Johnson* court concluded that the defendant's boilerplate objections violated the Rules of Civil Procedure:

> The response was a blanket: "Overly broad, privileged, ambiguous and irrelevant." This response does not satisfy the specificity requirements of the discovery rules because it does not indicate how one year's records are overly broad, how they are privileged, nor how the question is ambiguous. ... [Defendant's] other responses contained similar objections, and accordingly do not satisfy the requirements of the discovery rules.

<u>Johnson</u> @ 831

11.     The matter before the Court is a case involving mishandling of and a bad faith refusal to pay an insurance claim. The defense in this case has alleged deficiencies in the manner that the Plaintiff submitted its claim for payment. It is critical that the Plaintiff be allowed to see how other claims similar to the Plaintiff's have been submitted to this Defendant in order to determine if Plaintiff's claims were in fact properly submitted. The only method available to the Plaintiff to do this is to verify through inspection of other claims files, if affidavits and supporting documents similar to those submitted by the Plaintiff were approved for payment in other claims.

12.     The Plaintiff has reason to believe that claims were paid on documentation similar to that supplied by this Plaintiff on many occasions.

13.     The Plaintiff has also requested repeatedly that it be given a list of adjusters used for claims from Covington County for the months of August through November 2004 to determine what documentation for claims similar to the Plaintiff's was determined to be sufficient for claims payment.

14.     One of the reasons the Defendant claims it was entitled to deny a portion of Plaintiffs claim is that it alleges there was no lightning within a five mile radius of

5

Plaintiffs business on the night Plaintiff claims it sustained lightning damage. Plaintiff has determined that the Defendant paid at least one lightning damage claim for a location within the area Defendant claims no lightning occurred on the night in question. The Plaintiff needs to review any and all documentation supporting contents and lightning damage claims submitted to Defendant to determine if there were any other lightning damage claims for the area around Plaintiffs business on the night in question.

15. Without the information requested, the Plaintiff will be deprived of the opportunity to properly prove its case.

16. The Plaintiff has requested several times that this information be supplied but the Defendant refuses.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff moves this Court for an order compelling the Defendant to provide the discovery requested together with an order awarding costs and attorneys fees as provided under Rule 37.

                                                                                                 __s/Harry P. Hall, II_____
                                                                                                  Harry P. Hall, II (HAL053)
                                                                                                  Attorney for Plaintiff

OF COUNSEL:
Farmer, Price, Hornsby & Weatherford, L.L.P.
P.O. Drawer 2228
Dothan, Alabama 36302
(334) 793-2424
(334) 793-6624 – Fax

**CERTIFICATE OF SERVICE**

     I hereby certify that I have on this date served a copy of the foregoing upon the following individual(s) by U.S. Mail postage prepaid and properly addressed on this the 20th day of March, 2007.


Joel H. Pearson
P.O. Box 4804
Montgomery, Alabama 36103-44804

                                                 __s/Harry P. Hall, II_____
                                                 Of Counsel