IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| PIONEER SERVICES, INC., <br> JIMMY WILLIAMSON, and <br> KELLY WILLIAMSON, <br><br> PLAINTIFFS, <br><br> V. <br><br> AUTO-OWNERS INSURANCE <br> COMPANY, INC., a corporation, and <br> SOUTH CENTRAL AGENCY, INC., <br> et al., <br><br> DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. CV 05-110 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, AUTO-OWNERS INSURANCE COMPANY, INC.

COMES NOW, the Plaintiffs in the above styled cause and pursuant to the Alabama Rules of Civil Procedure, hereby requests that the Defendant, Auto-Owners Insurance Company, Inc., ("Auto-Owners") answer the following interrogatories and produce the following documents:

#### Instructions

In answering these interrogatories and responding to this request for production of documents, the following terms shall have the meanings as set forth therein, and shall be deemed to be as broad and inclusive as interpretation of such terms shall permit:

a. The term "Defendant" shall mean and refer to Auto-Owners Insurance Company, Inc.

b. The term "Plaintiff" shall mean and refer to and include any or all of the Plaintiffs listed in the Complaint in this case.

c. The term "documents" shall mean, refer to, and include every original and non-identical copy of each and every paper, writing (including blind copies), statement, picture, photograph, computer printout, report of investigation and/or inspection, file


EXHIBIT "A"

memorandum, computer data not reduced to printed form and any and all other tangible or intangible data or matter.

d. The terms "relates to" or "relating to" means constitutes, contains, embodies, records, reflects, identifies, states, refers to, deals with or is pertinent to.

e. The terms "identify" or "identity", when used in reference to an individual, means to state his full name, address, telephone number and present or last known employer. When used in reference to a firm, partnership, corporation or other organization, "identify" or "identity" means to state its name (legal and fictitious name) and present or last known address. When used in reference to a document, "identify" or "identity" means to state the type of document (i.e., letter, memorandum, book, telegram, chart, etc., as described further hereinabove), or some other means of identifying, its date and its present location or custodian; if any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it.

f. The terms "and" and "or" shall both mean "and" and "or" and are used herein interchangeably and encompass each other.

g. The terms "you" and "your" shall collectively refer to the Defendant to whom this request is directed.

In answering these interrogatories and responding to this request for production, you are required to furnish all information and documents that are available to you or subject to your reasonable inquiry, including information and documents in the possession of your attorneys, accountants, advisors, subsidiaries, affiliates or other persons directly or indirectly employed by, or connected with, you or your attorneys, and anyone else otherwise subject to your control, whether or not such knowledge comes from hearsay information. If these interrogatories and request for production cannot be answered or responded to in full, answer and respond to the extent possible, specify the reason for your inability to answer or respond to the remainder, and state whatever information or knowledge you have regarding the unanswered part, including any person or source from which you think the answer can be obtained.

Whenever an interrogatory asks for the "sources" of any fact, knowledge or information, identify each and every person and document from whom or from which you obtained the fact, knowledge or information.

Whenever an interrogatory requires you to "identify" or "describe" acts, facts, information, the basis of a claim, counterclaim or defense, or the substance or content of a discussion, instruction, projection, statement, representation, misrepresentation, agreement, or contract, your answer should set forth each and every item of pertinent information which you possess or to which you have access.

## INTERROGATORIES

1. List All persons who have adjusted, supervised, worked on, were responsible for or otherwise made decisions regarding any claim Plaintiffs have ever made under any insurance contract with Defendant.

**ANSWER:**

2. For each of the above, list what involvement that person had with Plaintiffs' claim and identify the claim by date reported to Defendant.

**ANSWER:**

3. List by claim number, Policy number and Insured's name claims made by Defendant's insureds in Covington County, Alabama which included damage from or related to water damage or lightening damage to client's home or business which occurred during September of 2004.

**ANSWER:**

4. Identify all manuals, instructions, handbooks, guidelines or other instructive material used by this Defendant to determine whether or not a claim involving alleged lightning damage should be covered by any policy of insurance issued by this Defendant.

**ANSWER:**

5. Identify all adjusters utilized for addressing claims in Covington County, Alabama for the months of August, September, October and November of 2004. Include address and telephone numbers for each.

**ANSWER:**

6.  Identify all manuals, instructions, handbooks, guidelines or other instructive material used by this Defendant to determine whether or not a claim involving alleged water damage should be covered by any policy of insurance issued by this Defendant.

**ANSWER:**

7.  Identify all manuals, instructions, handbooks, guidelines or other instructive material used by this Defendant to determine whether or not any expert investigation or consultation is necessary when adjusting a claim involving alleged lightning damage or water damage covered by any policy of insurance issued by this Defendant.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  All documentation of whatever kind or nature in your possession, custody or control concerning Plaintiff's claim of loss that occurred on or about September 16, 2004 through the present date, and all files relating to Plaintiffs, and Plaintiffs' claims for damages to its insured real and personal property located at 1833 E. Three Notch Street Andalusia, Alabama, including but not limited to, certified copies of any insurance policies, recorded statements, documentation of the claim such as proofs of loss, reports or memoranda by the Defendant's adjusters regarding the extent of damage and the reasons for payment or denial of the claim.

**RESPONSE:**

2.  All documentation of whatever kind or nature in your possession, custody or control concerning prior or subsequent insurance claim(s) made by Plaintiffs, to either

Defendant or some other insurance carrier regarding claim(s) of loss other than the September 16, 2004 claim, including but not limited to, copies of any insurance policies, recorded statements, documentation of the claim such as proofs of loss, reports or memoranda by the insurance adjuster regarding the extent of damage and the reasons for payment or denial of the claim and copies of any and all letters to or from the insurance carrier which deny the claim, as well as copies of all correspondence to or from the insured regarding this claim(s).

**RESPONSE:**

3. All recorded or transcribed statements taken by you, your representative(s) and/or your attorneys, of any persons having knowledge of any facts relating to any of the issues in this case.

**RESPONSE:**

4. All correspondence, notices, reports or other communications between you and your representatives and Plaintiffs or Plaintiffs' representatives regarding the damage at 1833 E. Three Notch Street Andalusia, Alabama, that occurred on or about September 16, 2004, which is the subject of Plaintiffs' Complaint.

**RESPONSE:**

5. All documents, including but not limited to, correspondence, notes, reports, memoranda, calendars, journals, telephone messages, notices, e-mails, etc., which in any way relate to inquires, investigations, and meetings by or with civil authorities concerning the September 16, 2004, storm damage which is the subject of Plaintiffs' Complaint. This includes, but is not limited to, city, county, state and federal authorities.

**RESPONSE:**

6. All letters from Defendant which deny Plaintiffs' claim which is the subject of this litigation, as well as copies of all correspondence to or from Plaintiffs regarding this claim.

**RESPONSE:**

7. All reports or other documents of all expert witnesses who Defendant will or may call to testify at the trial of this litigation or whom this Defendant consulted with in the investigation of and denial of Plaintiffs' claim made the basis of Plaintiff's complaint.

**RESPONSE:**

8. All documents Defendant intends to offer as evidence, the foundation for the introduction of any evidence, any evidence Defendant may use to refresh the memory of any witness you may call to testify at the trial of this litigation, or any document of which Defendant may ask the Court to take judicial notice.

**RESPONSE:**

9. All documents in Defendant's possession, custody or control relating to the building which is the subject matter of this litigation including but not limited to: photographs, sketches, drawings, field notes, reports relied upon by Defendant, reports prepared by Defendant or prepared for Defendant or on Defendant's behalf in this litigation regarding Plaintiff's claim regarding damages sustained on or about September 16, 2004, as well as any and all original photographs and/or video tapes taken of the insured property in question, in addition, all photographic logs and video tape logs related to such photographs or video tapes.

**RESPONSE:**

10. All contents inventories received by Defendant and upon which Defendant relied in reaching Defendant's conclusions concerning valuation of any loss claimed by any of the Plaintiffs relating to damages suffered on or about September 16, 2004.

RESPONSE:

11. All documents relied upon by Defendant in reaching any conclusions regarding the Plaintiff's claims, all books, tables, depreciation tables, guides, price lists, whatsoever used by Defendant in determining the valuation of the real and personal property of the Plaintiffs, and the value on individual items and cumulative basis of the personal property lost by the Plaintiffs, the methods of computation used by Defendant in arriving at valuation figures for the real and personal property items, all reports, calculations, estimates and the like relied upon by Defendant in arriving at any and all figures used in determining the damage to the real property owned/occupied by Plaintiffs and replacement costs of the items of personal property contained therein.

RESPONSE:

12. All documents, statements, notes, measurements, test results and related materials relied upon by Defendant in reaching your conclusion to deny or refuse to pay this claim.

RESPONSE:

13. All documents you are in possession of or have knowledge of which pertains to the subject matter of the Complaint which are discoverable under the Alabama Rules of Civil Procedure.

RESPONSE:

14. All documents that prove or tend to prove that Plaintiff should not be entitled to coverage under the property and contents provisions of the insurance policy in question and which are discoverable under the Alabama Rules of Civil Procedure.

**RESPONSE:**

15. All documents that evidence the reason(s) why Defendant has not honored Plaintiff's insurance coverage for the insurance policy that is the subject matter of the Complaint.

**RESPONSE:**

16. All documents that evidence Plaintiffs having made any previous claims to Defendant on the policy of insurance that is the subject of this litigation, or any other policy with Defendant.

**RESPONSE:**

17. All documents regarding information bureaus or information sources from/to which Defendant has sought information, reported or caused to be reported Plaintiff's claims which are the subject matter of this Complaint.

**RESPONSE:**

18. All documents which evidence that Plaintiffs have failed to comply with any term or provision of the policies of insurance made the basis of Plaintiffs' complaint.

**RESPONSE:**

19. All documents that support Defendant's assertion that Plaintiff has violated terms of the policy made the basis of Plaintiffs' complaint.

**RESPONSE:**

20. All documents that demonstrate Plaintiff has refused to cooperate in the investigation and adjustment of the damages sustained on September 16, 2004 and made the basis of Plaintiffs' claims against Defendants.

RESPONSE:

21. All documents that demonstrate Plaintiff failed to comply with every condition precedent prior to the filing this cause of action.

RESPONSE:

22. All written documents, transcripts, memoranda, invoices, statements, and any other similar documents as defined and allowed by the Alabama Rules of Civil Procedure which are not privileged which may support any and all alleged damages sustained by Plaintiff with respect to the pending action.

RESPONSE:

23. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant and Plaintiff relating in any way to the claim at issue in this action.

RESPONSE:

24. All written documents, transcripts, memorandum, invoices, statements, and any other similar documents which reflect the assignment by Auto-Owners to any adjuster or adjusting agency/company/entity to investigate and adjust claims made by any of the Plaintiffs concerning damages sustained on or about September 16, 2004.

RESPONSE:

Farmer, Price, Hornsby & Weatherford, L.L.P.

_____
Harry P. Hall, II (HAL053)
Attorney for Plaintiffs
P.O. Drawer 2228
Dothan, Alabama 36302
(334) 793-2424
(334) 793-6624 – Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a copy of the foregoing upon the following individual(s) by U.S. Mail postage prepaid and properly addressed on this the 18th day of November, 2005.

Roger S. Morrow
Joel H. Pearson
P.O. Box 4804
Montgomery, Alabama 36103-44804

Carroll H. Sullivan
James E. Robertson, Jr.
P.O. Box 1034
Mobile, Alabama  36633

_____
Of Counsel