IN THE CIRCUIT COURT OF
COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| PIONEER SERVICES, INC., <br> JIMMY WILLIAMSON, and <br> KELLY WILLIAMSON, <br><br> Plaintiffs, <br><br> v. <br><br> AUTO-OWNERS INSURANCE <br> COMPANY, INC., a corporation, and <br> SOUTH CENTRAL AGENCY, INC., <br> et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: CV-05-110 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT AUTO-OWNERS INSURANCE COMPANY, INC.**

**COMES NOW** Defendant, Auto-Owners Insurance Company (Auto-Owners), and files its responses and objections to Plaintiffs' Interrogatories and Requests for Production of documents to Defendant, Auto-Owners Insurance Company, served by Plaintiffs on or about November 18, 2005, as follows:

**GENERAL OBJECTIONS**

The following objections form a part of the response to each interrogatory and each request for production contained in Plaintiffs' Interrogatories and Request for Production of Documents to Defendant, Auto-Owners Insurance Company, served on or about November 18, 2005. These General Objections may be specifically referred to for the purpose of clarity; however, the failure to specifically refer to a General Objection shall not be construed as a waiver of the General Objections even if other specific or general


EXHIBIT "B"

objections are specifically stated in a response. Defendant reserves the right to supplement, amend or correct its responses and objections in the event of the development or availability of additional, responsive, non-privileged information which warrants such supplementation, correction or amendment.

1. Defendant Auto-Owners served Auto-Owners Insurance Company's first set of interrogatories and first request for production to Plaintiffs on or about May 25, 2005, to which Plaintiffs have not responded. Defendant Auto-Owners, therefore, objects to answering or responding to Plaintiffs' Interrogatories and Requests for Production of Documents to Defendant, Auto-Owners Insurance Company served on or about November 18, 2005, until such time as Plaintiffs have complied with this Defendant's outstanding discovery requests.

2. Defendant Auto-Owners has filed a valid motion to dismiss Plaintiffs' complaint, or in the alternative, motion for more definite statement which should be heard prior to discovery being allowed as to this Defendant, particularly since Plaintiffs' counsel has advised the Court that Pioneer Services, Inc., has been sold and there are questions as to the proper plaintiff in this action; therefore, Defendant objects to answering or responding to Plaintiff's Interrogatories and Requests for Production of Documents to Defendant, Auto-Owners Insurance Company, Inc., served on or about November 18, 2005, until Defendant has been heard on such motions.

3. Defendant objects to each interrogatory and each request for production to the extent it is vague, ambiguous and overly broad and unduly burdensome.

4. Defendant objects to each interrogatory and request for production to the extent that it seeks information beyond the scope of permissible discovery pursuant to Rule

26(b), *Alabama Rules of Civil Procedure* and/or is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to each interrogatory and each request for production contained in Plaintiffs' Interrogatories and Request for Production of Documents to Defendant, Auto-Owners Insurance served on or about November 18, 2005, to the extent it seeks information that is not in the possession, custody or control of Defendant or to the extent it is more convenient, less burdensome or less expensive to obtain from another source.

6. Defendant objects to each interrogatory and each request for production, contained in Plaintiffs' Interrogatories and Request for Production of Documents to Defendant, Auto-Owners Insurance served on or about November 18, 2005, to the extent it seeks information subject to the attorney-client privilege, the attorney work product privilege and materials or information prepared in the anticipation of litigation or trial privilege, including but not limited to the protections contained in ARCP 26(b)(3) and 26(b)(4). Defendant further objects to each interrogatory and request for production to the extent that it seeks disclosure of the opinions, mental impressions, trial strategy, legal conclusions or legal theories of this Defendant, its counsel or other representatives. Defendant further objects to the disclosure of any materials or documents generated, certified, or acquired in response to the filing of the subject lawsuit by Plaintiffs.

7. Defendant objects to each interrogatory and each request for production, contained in Plaintiffs' Interrogatories and Request for Production of Documents to Defendant, Auto-Owners Insurance served on or about November 18, 2005, to the extent it seeks information for a time period not relevant to the matter identified in the Complaint.

8. Defendant objects to each interrogatory and each request for production, contained in Plaintiffs' Interrogatories and Request for Production of Documents to Defendant, Auto-Owners Insurance served on or about November 18, 2005, which seeks information, documents or material which cannot be provided by this Defendant with substantially greater facility than would otherwise be provided by other sources or obtained independently by the Plaintiffs.

9. Defendant objects to each interrogatory and each request for production, contained in Plaintiffs' Interrogatories and Request for Production of Documents to Defendant, Auto-Owners Insurance served on or about November 18, 2005, to the extent it seeks information neither relevant or material to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

10. Defendant objects to each interrogatory and each request for production contained in Plaintiffs' Interrogatories and Request for Production of Documents to Defendant, Auto-Owners Insurance served on or about November 18, 2005, concerning information that is confidential, privileged, proprietary or the trade secrets of Defendant or third parties.

11. Defendant objects to each interrogatory and each request for production contained in Plaintiffs' Interrogatories and Request for Production of Documents to Defendant, Auto-Owners Insurance served on or about November 18, 2005, on the grounds each is vague, non-specific, overbroad and ambiguous to the extent such are not limited to the parts of the type insurance policy involved in this case, and not limited as to relevant dates and time periods.

12. Defendant objects to each interrogatory to the extent they seek testimony

regarding the meaning of, or interpretation of the subject insurance policy and/or applicable Alabama law on the grounds the policy speaks for itself and the terms, therefore, are subject to construction by the Court.

13.   Defendant objects to each interrogatory and request for production to the extent such encompass the work product, trial strategy, opinions or mental impressions of attorneys representing Auto-Owners in this case.

Without waiving any of the above stated objections to discovery, Defendant answers Plaintiffs' Interrogatories and responds to Plaintiffs' Requests for Production of Documents to Defendant, Auto-Owners Insurance Company served on or about November 18, 2005, as follows:

## ANSWERS TO INTERROGATORIES

1.   List All persons who have adjusted, supervised, worked on, were responsible for or otherwise made decisions regarding any claim Plaintiffs have ever made under any insurance contract with Defendant.

**ANSWER:**   Defendant objects to Interrogatory Number 1 on the grounds it is ambiguous and unclear.  A copy of the subject claim file pertaining to Pioneer Telephone Services, Inc., minus confidential or proprietary materials will be produced for inspection and copying after Plaintiff has fully complied with this Defendant's discovery requests. Said claim file also provides information from which the answer to this interrogatory may be delivered by Plaintiff pursuant to Rule 33(c), *ARCP*, as readily as by Defendant. As of this date, Defendant has identified the following Auto-Owners personnel who have knowledge of matters regarding the claim of Pioneer Telephone Services, Inc., which is the subject

of Plaintiffs' complaint:

    A.    William E. Barrett, Jr.

    B.    Bill Reaves

    C.    Phillip Gauthier

    D.    Cindy Jones Gillner

    E.    Larry Dewberry

    F.    Patricia Robertson

2.    For each of the above, list what involvement that person had with Plaintiffs' claim and identify the claim by date reported to Defendant.

**ANSWER:**    Defendant objects to Interrogatory Number 2 on the grounds that it is ambiguous and unclear. A copy of the subject claim file pertaining to Pioneer Telephone Services, Inc., minus confidential or proprietary materials will be produced for inspection and copying after Plaintiff has fully complied with this Defendant's discovery requests. Said claim file also provides information from which the answer to this interrogatory may be derived by Plaintiff pursuant to Rule 33(c), *ARCP*, as readily as by Defendant. The persons listed above had the following involvement with the claim:

    A.    William E. Barrett, Jr.
           Branch Claims Manger
           Auto-Owners Insurance Company

Mr. Barrett is Branch Claims Manager of Auto-Owners Insurance Company. Mr. Barrett can identify documents and letters in the file and testify concerning the claim's activity, administration and investigation. Mr. Barrett also has knowledge of provisions of the subject policy of insurance.

  B. Bill Reaves
    Field Claim Representative
    Auto-Owners Insurance Company

Mr. Reaves is the Field Claim Representative of Auto-Owners Insurance Company knowledgeable regarding the claim of Pioneer Telephone Service, Inc., which is the subject of Plaintiff's complaint.

  C. Phillip Gauthier
    Adjuster
    GAB Robbins
    Mobile, Alabama

Mr. Gauthier is an employee of GAB Robbins and was an adjuster on the subject claim.

  D. Cindy Jones Gillner
    Manager, Commercial Property Claims
    Auto-Owners Insurance Company

Ms. Jones is the Manager of Commercial Property Claims of Auto-Owners Insurance Company and is believed to have knowledge of claims activity or administration regarding Plaintiff's claim.

  E. Larry Dewberry
    Franklin Engineering
    Pensacola, Florida

Mr. Dewberry was a consulting engineer retained by Auto-Owners regarding Plaintiff's claim and has knowledge or information regarding this claim and/or property.

  F. Patricia Robertson
    Compu-Weather, Inc.
    Hopewell Junction, New York

Ms. Robertson or other personnel at Compu-Weather, Inc., provided a lightning STRIKEnet report to Auto-Owners regarding Plaintiff's claim.

  3. List by claim number, Policy number and Insured's name claims made by

Defendant's insureds in Covington County, Alabama which included damage from or related to water damage or lightening damage to client's home or business which occurred during September of 2004.

**ANSWER:** Defendant adopts by reference all general objections. Defendant objects to Interrogatory Number 3 on the grounds that it seeks information neither relevant or material to the subject matter of the litigation or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to producing this information because the interrogatory is overly broad and unduly burdensome. Defendant objects to this interrogatory on the grounds that other customer claim's are proprietary, confidential and trade secrets. Finally, Auto-Owners objects to producing this information on the grounds that claims information relating to third-parties are confidential and protected from production under state and federal law.

4. Identify all manuals, instructions, handbooks, guidelines or other instructive material used by this Defendant to determine whether or not a claim involving alleged lightning damage should be covered by any policy of insurance issued by this Defendant.

**ANSWER:** See General Objections 3, 4, 7, 9, 10 and 11. Defendant objects to Interrogatory Number 4 on the grounds that it is overbroad and seeks information neither relevant to the subject matter of the litigation or reasonably calculated to lead to the discovery of admissible evidence and is not limited as to relevant date, time periods and insurance policies. Without waiving these objections, Defendant responds that there is no material relating specifically to whether or not a claim involving alleged lightning damage shall be covered other than the insurance policy.

5.  Identify all adjusters utilized for addressing claims in Covington County, Alabama for the months of August, September, October and November of 2004. Include address and telephone numbers for each.

**ANSWER:** Defendant objects to Interrogatory Number 5 on grounds that it is overly broad and unduly burdensome and seeks information neither relevant to the subject matter of the litigation or reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Bill Reaves is the Auto-Owners field claim representative that handled this claim file and Phillip Gauthier of GAB Robbins, Mobile, Alabama, was an adjuster used by Auto-Owners regarding the subject claim.

6.  Identify all manuals, instructions, handbooks, guidelines or other instructive material used by this Defendant to determine whether or not a claim involving alleged water damage should be covered by any policy of insurance issued by this Defendant.

**ANSWER:** See General Objection 3, 4, 7, 9, 10 and 11. Defendant objects to Interrogatory Number 6 on the grounds that it is overly broad and seeks information neither relevant to the subject matter of the litigation or reasonably calculated to lead to the discovery of admissible evidence and is not limited as to relevant date, time periods and insurance policies. Without waiving these objections, Defendant responds that there is no material relating specifically to whether or not a claim involving alleged water damage should be covered other than the insurance policy.

7.  Identify all manuals, instructions, handbooks, guidelines or other instructive material used by this Defendant to determine whether or not any expert investigation or consultation is necessary when adjusting a claim involving alleged lightning damage or