**FARMER, PRICE, HORNSBY & WEATHERFORD, L.L.P.**
ATTORNEYS AT LAW
100 ADRIS PLACE
DOTHAN, ALABAMA 36303
PHONE (334) 793-2424
FAX (334) 793-6624

EDWARD M. PRICE, JR.*
ERNEST H. HORNSBY
JOEL W. WEATHERFORD
ELIZABETH B. GLASGOW*†
HARRY P. HALL, II†
J. VINCENT EDGE
GARY E. SULLIVAN
PATRICK O. GRAY
RUSSELL N. PARRISH*
NATHAN A. WAKE

*ALSO ADMITTED IN FLORIDA
†ALSO ADMITTED IN GEORGIA

J. HUBERT FARMER (1896-1976)
JAMES H. FARMER, JR. (1930-1999)

MAILING ADDRESS
P.O. DRAWER 2228
DOTHAN, ALABAMA 36302

TUSCALOOSA OFFICE
2130 BRYANT DR., SUITE B
TUSCALOOSA, ALABAMA 35401
PHONE (205) 750-8111
FAX (205) 750-8121

March 24, 2006

VIA FACSIMILE AND REGULAR MAIL

Joel H. Pearson, Esquire
P.O. Box 4804
Montgomery, Alabama 36103-44804

  Re: *Pioneer Services, et al v. Auto-Owners, et al*
    *Auto-Owners' responses and objections to Plaintiff's*
    *Interrogatories and Request for Production*

Dear Joel:

  I am writing to request that your client provide complete responses to the discovery requests I forwarded to you some time ago. Your responses on December 19, 2005 were incomplete and withheld information that should have otherwise been produced. I will address the specific requests below:

**Interrogatory No.1:** You indicated "A copy of the subject claim file pertaining to Pioneer Telephone Services, Inc., minus confidential proprietary materials would be produced for inspection and copying after Plaintiff has fully complied with this Defendant's discovery requests." If you have provided a full copy of the claim file to me, please indicate that you have done so. If you have withheld any documents from production based on a claim that said document was "confidential or proprietary material" you are required to file a Privilege Log with the Court in order for us to evaluate the validity of your claim of privilege.

**Interrogatory No.3:** I would ask you to reconsider your refusal to answer Interrogatory 3. You have cited as grounds for your refusal to answer Interrogatory 3 the following:



FARMER, PRICE, HORNSBY & WEATHERFORD, L.L.P.

Joel H. Pearson, Esquire
Page Two
March 24, 2006

    A).    The information is neither relevant or material to the subject matter of the litigation or reasonably calculated to lead the discovery of admissible evidence.

As you are aware, it is inappropriate to refuse production of information based on your sole evaluation that it is irrelevant. The information I have requested concerns lightning damage claims in the same county where Pioneer Telephone Services, Inc. is situated. If your client paid lightning damage claims to other individuals or businesses, that would be relevant to Auto-Owners' position that there was no lightning in the county that night. Therefore this request is seeking relevant information and is reasonably calculated to lead to the discovery of admissible evidence because any information concerning these payment would be admissible through the testimony of Auto-Owners' employees.

    B).    **The Interrogatory is overly broad and unduly burdensome.**

If you wish to discuss a more narrowly defined period of time that would make this request more reasonable in your eyes I will be happy to discuss same. Otherwise I would ask that you explain why it is overly broad or unduly burdensome to report this data from your client.

    C).    That customer claims are proprietary, confidential and trade secrets.

If you are claiming these items are privileged for any reason I request that you file a Privilege Log with sufficient detail and description to allow the Court to decide if your claims of privilege are appropriate. I do not understand how a list of claims can be proprietary or trade secrets and would ask that you explain that claim further.

    D).    **Production of information responsive to this request is prohibited by State and Federal law.**

Please supply me with specific citations to authority supporting your claim that State and Federal law prohibit the production of the information requested in this Interrogatory.

**Interrogatory No.5:** You have objected to responding to Interrogatory number 5 on the following grounds:

FARMER, PRICE, HORNSBY & WEATHERFORD, L.L.P.

Joel H. Pearson, Esquire
Page Three
March 24, 2006

    A).    **Overly broad, unduly burdensome.**

I do not know how this can be overly broad in that I am only asking for adjusters assigned to address claims in Covington County during the months just before and following Hurricane Ivan. This is the time period that involved my client's claims and these are all potential witnesses as to the appropriate manner of handling claims involving lightning damage and water damage.

    B).    **The information sought is neither relevant to the subject matter of the litigation or reasonably calculated to lead to the discovery of admissible evidence.**

The information concerning these potential witnesses is relevant in that each may have addressed lightning claims and can address whether or not there were lightning damage claims paid and how they were paid. Bill Reaves' conduct in the way he adjusted this file is a portion of the conduct complained of by the Plaintiff and therefore other adjusters are relevant witnesses concerning appropriate conduct of adjusters in Covington County for that period of time. Please reconsider your refusal to respond to this request and supply me with this information.

## RESPONSES TO REQUESTS FOR PRODUCTION

In response to each of the 24 Requests for Production that I forwarded to you, you included in your response the statement:

> Without waiving these objections and only after hearing on Defendant's Motion to Dismiss and after Plaintiff's have complied with all outstanding discovery to Plaintiff's, Defendant Auto-Owners will make the following document (a) and (b) available for inspection and copying at a mutual convenient time at the law offices of Morrow, Romaine and Pearson, P.C.
> (a) Claims files of the named insured, Pioneer Telephone Services, Inc.
> (b) Certified copies of the insurance policy at issue have already been produced.

Your response is confusing in that it does not state whether you are responding to the requests. Please respond to this portion of the requests as we have

FARMER, PRICE, HORNSBY & WEATHERFORD, L.L.P.

Joel H. Pearson, Esquire
Page Four
March 24, 2006

had a hearing on your Motion to Dismiss. It is inappropriate for you to withhold any documents based on a claim that answers to discovery propounded by your client are not as complete as you would like them to be. I would also ask that you clarify whether or not the claims file has been produced.

In many of the responses to my Requests for Production you indicated a claim of privilege. I would ask that any documents withheld under a claim of any type of privilege be included in a Privilege Log that is supplied to the Court and myself for review in order to determine the validity of your claims of privilege.

Your responses fail to actually respond to any of the individual requests or to identify which documents would be responsive thereto. The responses are canned responses with the same objections being set out repeatedly. You have not conformed your objections or responses to my requests and I would ask that you revisit your responses in order to actually address what objections you have for each request.

In your production you have provided me with copies of photographs on the following pages: A0167-175, A0211-214. I would ask that you provide me color copies of these photographs at your first convenience. If I need to make arrangements for the copying of same please let me know.

Sincerely,

Farmer, Price, Hornsby & Weatherford, L.L.P.

Harry P. Hall, II

HPHII/ss
cc: Leland Enzor, Esquire