FARMER, PRICE, HORNSBY & WEATHERFORD, L.L.P.
ATTORNEYS AT LAW
100 ADRIS PLACE
DOTHAN, ALABAMA 36303

EDWARD M. PRICE, JR. *
ERNEST H. HORNSBY
JOEL W. WEATHERFORD
ELIZABETH B. GLASGOW *†
HARRY P. HALL, II †
J. VINCENT EDGE
RUSSELL N. PARRISH *

*ALSO ADMITTED IN FLORIDA
†ALSO ADMITTED IN GEORGIA

MAILING ADDRESS
P.O. DRAWER 2228
DOTHAN, ALABAMA 36302

PHONE (334) 793-2424
FAX (334) 793-6624

J. HUBERT FARMER (1896-1976)
JAMES H. FARMER, JR. (1930-1999)

February 16, 2007

VIA FACSIMILE AND REGULAR MAIL

Joel H. Pearson, Esquire
P.O. Box 4804
Montgomery, Alabama 36103-44804

 Re: *Pioneer Services, et al v. Auto-Owners, et al*

Dear Joel:

 I am writing to address the outstanding discovery issues in this case in order to come to an agreement on as many of these issues as possible in advance of the deposition of your client's 30(b)(5)&(6) representative. I will address my concerns according to the discovery requests as set out below:

### INTERROGATORIES NOT ANSWERED

 I initially forwarded Interrogatories to your client concerning a variety of topics. These Interrogatories were forwarded on November 18, 2005. Your responses to the Interrogatories were filed on December 19, 2005. I wrote to you on March 24, 2006 and March 28, 2006 concerning deficiencies in your responses in hopes that we could address these without Court involvement. I would draw your attention to the following responses to Interrogatories:

<u>Interrogatory No 3:</u>

List by claim number, Policy number and Insured's name claims made by Defendant's insureds in Covington County, Alabama which included damage from or related to water damage or lightening damage to client's home or business which occurred during September of 2004.


EXHIBIT "E"

FARMER, PRICE, HORNSBY & WEATHERFORD, L.L.P.

Joel H. Pearson, Esquire
Page Two
February 16, 2007

Your response listed several grounds including lack of relevance, the request being overly broad and unduly burdensome, confidentiality and finally state and federal law prohibiting a response to this Interrogatory.

In my March 24th letter I responded to each of these grounds for objecting to this Interrogatory and asked that you respond. Since that time I have received no response to my letter nor any revision to your response. During the deposition of Billy Barrett at your office I asked Mr. Barrett several questions concerning this issue. As you are aware his responses indicated that a simple request using the loss codes with a restriction by zip code could gather this information quite easily. I would ask that you produce this information as quickly as possible so that I may have it when I take the deposition of your 30(b)(6) representative. If you do not intend to produce this information I would ask that you let me know that as well so that we can have the Court assist us with this issue.

Interrogatory No. 5:

Identify all adjusters utilized for addressing claims in Covington County, Alabama for the months of August, September, October and November of 2004. Include address and telephone numbers for each.

To date your only response was to give me the names of Bill Reaves and Phillip Gauthier.

I would again request that you provide me a full list of those adjusters utilized by Auto-Owners between August and November of 2004 to handle claims in Covington County. I addressed this to you in my March 24, 2006 letter but have received no response to date. Please provide this information or let me know that you will not so that I can bring this before the Court for resolution in advance of the 30(b)(6) deposition.

## PRIVILEGE LOG

In many of your responses to Interrogatories and Requests for Production you have indicated you were withholding documents based on a claim of privilege. It is well documented under the Federal Rules of Civil Procedure that any documents withheld under a claim of privilege should be documented through the use of a privilege log. I requested throughout my letter of March 24, 2006 that you provide

FARMER, PRICE, HORNSBY & WEATHERFORD, L.L.P.

Joel H. Pearson, Esquire
Page Three
February 16, 2007

such a privilege log in order for me to determine if there is any documents improperly withheld. Please prepare this log immediately so that we may review the documents claimed as privileged and if necessary, have the Court assist us in resolving any disagreements about those documents withheld under this claim of privilege.

## OBJECTIONS TO PLAINTIFF'S 30(b)(5)&(6) DEPOSITION NOTICE

In your objections to my notice of the 30(b)(5)&(6) deposition of Auto-Owners you have stated several objections that I would like some clarity concerning. Your general objection number 1 is well taken and I believe I have addressed that issue by correcting the style of the case.

Your general objection number 5, 9 and 12 indicate a claim that certain documents should be withheld due to claim of privilege. Please file the appropriate privilege log as referenced above in order to clarify any documents being withheld under these claims of privilege.

## SPECIFIC OBJECTIONS TO DESIGNATED MATTERS

In response to each of the specific requests in 30(b)(5)&(6) notice you have filed objections that are repetitive for each topic. In addition to listing that every one of my topics was non-specific, vague and ambiguous, as well as a claim of privilege under several theories, you indicate you will make available a claims file for Pioneer Telephone Services, Inc., a certified copy of the insurance policy "at issue", the claims representative that handled "this claims file", and the appropriate 30(b)(6) representative regarding "this file". These boiler plate objections are ambiguous because the specific requests are different in nature and scope and I would ask for some clarify concerning what documents you will or will not produce or what testimony you will or will not produce at the 30(b)(5)&(6) deposition.

Let me draw your attention specifically to your responses and objections by item number.

1.    Description and Request 1: Testimony and copies of documentation concerning Plaintiff's claim of loss that occurred on or about September 6, 2004 through the present date and all files relating to Plaintiff Jimmy Williamson and Kelly Williamson and

FARMER, PRICE, HORNSBY & WEATHERFORD, L.L.P.

Joel H. Pearson, Esquire
Page Four
February 16, 2007

Plaintiff's claim for damages to their insured real and personal property... documentation of the claim such as proofs of loss, reports or memoranda by the Defendant's adjusters regarding the extent of damage and the reasons for payment or denial of the claim.

    In response to this you said you would make available claims files of the insured Pioneer Telephone Services, Inc., certified copies of the insurance policy at issue, the claims representative that handled this file and the appropriate 30(b)(6) representative. I need for you to clarify whether you will provide the requested documentation concerning Jimmy and Kelly Williamson's claims for damages to their home sustained on the evening of September 16, 2004. My request has asked for it but your response indicates you will provide testimony only to address Pioneer Telephone's claims. Please clarify your intentions in this regard. As you are aware, Auto-Owners paid a lightning damage claim for Jimmy Williamson's house for the same evening that Auto-Owners deny any lightning occurred in Andalusia. These materials are relevant and exclusively in the custody and control of your client. Please agree to provide these claims files.

2.    Description and Request 2: This is the same as my number 1 except it calls for testimony and documents concerning prior claims of the Plaintiff, Jimmy Williamson or Kelly Williamson. Please confirm that your 30(b)(6) representative will produce these documents and be able to testify on these topics.

3.    Description and Request 3: Testimony and copies of all recorded or transcribed statements taken by you, your representatives and/or your attorneys of any persons having knowledge of any facts relating to any of the issues in this case.

    Please clarify whether there are such recorded statements and if so include them on your privilege log as requested above. If there are no such statements please indicate that they do not exist rather than they are being withheld.

4.    Description and Request No. 5. Testimony and copies of all correspondence, notices, reports or other communications between you and your representative and Jimmy Williamson or Kelly Williamson regarding damage to their home on September 16, 2004.

FARMER, PRICE, HORNSBY & WEATHERFORD, L.L.P.

Joel H. Pearson, Esquire
Page Five
February 16, 2007

      In your objections to this description and request you indicated you would provide the same four items of information concerning Pioneer Telephone Services, Inc.'s claim. Please confirm that you will make available all documents responsive to this request concerning Jimmy and Kelly Williamson's home and the claim documentation created by Auto-Owners.

5.    Description and Request No. 6. Requests information concerning any meetings with or by civil authorities concerning the September 16, 2004 storm damage. Your standard objection lists the same two categories of documents to be produced and the same two individuals who could testify. Please confirm whether any such meeting with civil authorities occurred or if any documentation thereof exists.

6.    Description and Request No. 8. Testimony and copies of all reports or other documents of all individuals or entities that this Defendant consulted with in the investigation of and the denial of Plaintiff's claim made the basis of Plaintiff's Complaint.

      In response to this request you listed the same objections as before but included the statement that you would make available for inspection reports of experts consulted during the investigation of the subject claim at a mutually convenient time. Have all such reports been disclosed or are there other reports to be produced at the 30(b)(5)&(6) deposition? Please let me know if this is a moot issue.

7.    Description and Request No. 18. Testimony and copies of all documents regarding information bureaus or information sources from/to which Defendant has sought information, reported or caused to be reported Plaintiff's claims which are the subject matter of this Complaint.

      In response to this request you issued your standard objections and indicated you would produce the claims file concerning Pioneer Telephone Services, Inc., a copy of Pioneer's insurance policy and allow the deposition of the claims representative and the appropriate 30(b)(6) representative regarding claims activity. Please let me know if there will be any documents produced responsive to this request or if documents are being withheld under a claim of privilege.

FARMER, PRICE, HORNSBY & WEATHERFORD, L.L.P.

Joel H. Pearson, Esquire
Page Six
February 16, 2007

8.   Request No. 25.   In this request I have asked for information and documentation concerning Auto-Owners assignments to adjusters investigating claims made by the Plaintiff.  Please confirm that you will produce or have already produced any and all documentation concerning the assignment to GAB Robins or any other entity duties concerning investigation of claims of the Plaintiff from September 16, 2004.

I have spoken to Donald Dinsmore who has indicated his calendar is open for depositions during the week beginning March 5th.  I have depositions currently scheduled for Tuesday and Wednesday of that week but am otherwise available.  Please let me know if your calendar will accommodate Mr. Dinsmore's deposition on Monday, Thursday or Friday of the week beginning of March 5th.  I await your response and appreciate your cooperation in this matter.

Sincerely,

Farmer, Price, Hornsby & Weatherford, L.L.P.

Harry P. Hall, II

HPHII/sp
cc: Leland Enzor, Esquire