LAW OFFICES

# MORROW, ROMINE & PEARSON, P.C.

122 SOUTH HULL STREET
POST OFFICE BOX 4804
MONTGOMERY, ALABAMA 36103-4804
WEBSITE: WWW.MRPLAW.COM
WRITER'S EMAIL ADDRESS: JHPEARSON@MRPLAW.COM

ROGER S. MORROW
WESLEY ROMINE
JOEL H. PEARSON
R. WILL HOLMES

TELEPHONE: (334) 262-7707
FACSIMILE:  (334) 262-7742

February 23, 2007

**Via Email & First Class Mail**
Hon. Harry P. Hall
Farmer, Price, Hornsby & Weatherford, LLP
P.O. Drawer 2228
Dothan, AL 36302
(Email: hhall@fphw-law.com)

RE:   <u>Pioneer Services, Inc., v. Auto-Owners Insurance<br>Company, et al.,</u> In the United States District<br>Court for the Middle District of Alabama,<br>Northern Division, Civil Action No.: 2:06-cv-<br>377-WKW

Dear Harry:

I am writing in response to our conversation and your letter dated February 16, 2007. As you know, I advised you that Mr. Worley would be out of town for the next several days. I did not receive your letter until Mr. Worley was unavailable. Thus, some of the responses below reference his absence and my inability to respond prior to his return. With this in mind, below are my comments with regard to each of the matters listed in your letter dated February 16, 2007.

## Interrogatories

Interrogatory No. 3:

We stand by the objections previously raised in this matter; however, I will request that we be provided the list by the codes in the manner testified to by Mr. Barrett and which you reference in your letter (i.e., for Covington County for water or lightning during

EXHIBIT
"F"

February 23, 2007
Page 2

September, 2004). Until I receive the information, I do not know what additional objections will be asserted, but I anticipate it will be a list of claims and names of insureds, and we will object to the production of this information for reasons stated. This information appears to be sought to support a claim for punitive damages and to seek to exact punishment upon Defendant on account of harms allegedly done other non-parties. I believe the recent U.S. Supreme Court decision in Phillip Morris USA v. Williams, __ S.Ct.__, 2007 WL 505781 (2007), would support our objections. Id. at *3 ([P]ermitt[ing] "a jury to base ... [a punitive damage] award in part upon its desire to punish the defendant for harming persons who are not before the court ... would amount to a taking of 'property' from defendant without due process.")

Interrogatory No. 5:

You have deposed both Mr. Barrett and Mr. Reaves. I do not recall precisely what testimony you elicited from them regarding adjusters used by Auto-Owners in the months of August, September, October and November, 2004. It is my understanding the information that would be available to Auto-Owners in this regard would require going to every file for that period of time in Covington County, Alabama. You have been provided the names of at least a couple of adjusters that were involved, and to my knowledge you have not issued non-party subpoenas to those entities. We object to being forced to review or produce each file to determine this information.

### Privilege Log

Enclosed with this letter is a privilege log of documents for which privilege has been claimed relating to the subject claims file (Claim No.: 37-4873-04). It is very clear none of the documents on the list are discoverable and we have previously discussed this.

### Objections to Plaintiff's 30(b)(5) and (6) Deposition Notice

We have stated our objections and I have also enclosed a privilege log with respect to the subject claims file.

### Specific Objections to Designated Matters

Initially and without waiving our prior objections, enclosed with this letter are Bates Stamped pages AO00300 through AO00333 which is the home claim file of the Williamsons relating to Hurricane Ivan. No documents from this file have been withheld from this claims file under claim of privilege; therefore, there is no privilege log relating to this file. The

February 23, 2007
Page 3

remainder of this letter responds to the specific numbers listed in your letter under the specific objections to designated matters section of your letter.

1.  Without waiving the objections to Description and Request No.: 1, we have enclosed a copy of the home claim file (Claim No. 37-6920-04) responsive to this request.

2.  I believe the response to Description and Request No.1 also responds to Description and Request No. 2.

3.  In response to Description and Request No. 3, I believe you have been provided all documents relating to the subject claim other than designated. I do not believe there are recorded or transcribed statements, but I will confirm this when Mr. Worley returns. There were photographs on a CD and I believe a copy was produced. Please advise if you do not have a copy of the CD. To my knowledge there are no recorded or transcribed statements regarding this file. I will confirm this when Mr. Worley returns.

4.  With regard to Description and Request No. 5, I again refer you to the copy of the claims file for Claim No. 37-6920-04 which is enclosed and Bates Stamped AO00300 through AO00333.

5 and 6.  Other than designated on the privilege log, all documents pertaining to Description and Request Nos. 6 and 8 have been provided. You have been provided the documents in Auto-Owners' possession pertaining to consultation with Mr. Dewberry/Franklin Engineering and Compu-Weather/Mr. Sherman and their consultation during the investigation of the subject claim. You have also been provided Defendant's expert disclosure.

7.  With regard to Description and Request No. 18, Auto-Owners stands by any prior objection. Nonetheless, upon Mr. Worley's return, I will inquire if there are any documents which pertain to your Request No. 18.

8.  With regard to Request No. 25, I have provided you with a privilege log regarding the subject claim file and have also provided you a copy of the home claim file (Claim No. 37-6920-04). Thus, any documents within your Request No. 25 have been produced to you. No documents in Auto-Owners' possession and within this request regarding Pioneer's or the Williamson's September 16,

February 23, 2007
Page 4

       2004 claims have been withheld.  You have also been afforded the opportunity to question Mr. Reaves and Mr. Barrett at length.

    With best personal regards, I remain

                                   Yours very truly,

                                   Joel H. Pearson

JHP/djh
enclosures

### PRIVILEGE  LOG

## PIONEER SERVICES, INC. v. AUTO-OWNERS INSURANCE COMPANY

### CLAIM NO: 37-4873-04

| NO. | DESCRIPTION | | PRIVILEGE CLAIMED |
|---|---|---|---|
| 1. | May 19, 2005, post-lawsuit communication between Bill Reaves and Neil Holt, home office legal counsel for Auto-Owners | | A/C, W/P, A/L, LIP |
| 2. | May 13, 2005, post-lawsuit communication between Neil Holt and Bill Reaves | | A/C, W/P, A/L, LIP |
| 3. | May 2, 2005, post-lawsuit communication between Neil Holt and Bill Reaves | | A/C, W/P, A/L, LIP |
| 4. | May 2, 2005, post-lawsuit communication between Billy Barrett and Neil Holt | | A/C, W/P, A/L, LIP |
| 5. | Duplicate copy of May 2, 2005, post-lawsuit communication between Billy Barrett and Neil Holt with suit papers attached | | A/C, W/P, A/L, LIP |
| 6. | April 28, 2005, post-lawsuit telefax with suit papers attached from South Central Agency to Auto-Owners | | A/L, LIP, JCD |
| 7. | May 2, 2005, post-lawsuit telefax from Bill Reaves to Neil Holt with suit papers and discovery | | A/C, W/P, A/L, LIP |
| 8. | Post-lawsuit discovery documents served on behalf of Auto-Owners including request for production and interrogatories | | A/C, W/P |
| 9. | Declaration pages of policy noting post-lawsuit request for a certified copy of the policy | | A/C, W/P A/L and LIP |

A/C = Attorney/Client Privilege
W/P = Attorney Work Product and/or Opinion Work Product Privilege
A/L = Materials obtained in anticipation of litigation privilege
LIP = Materials compiled in litigation or while litigation in progress privilege
JCD = Joint or common defense privilege
Note: Neil Holt is Home Office Legal Counsel for Auto-Owners Insurance.