IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PIONEER SERVICES, INC., )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>AUTO-OWNERS INSURANCE )<br>COMPANY, INC., et al., )<br>)<br>**Defendants.** ) | CIVIL ACTION NO.: 2:06-cv-377-WKW |

### DEFENDANT, AUTO-OWNERS INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER AND RESPONSE TO MOTION TO COMPEL AND SHOW CAUSE ORDER

**COMES NOW** Defendant, Auto-Owners Insurance Company (Auto-Owners), and responds to Plaintiff's motion to compel (Doc. 18) and this Honorable Court's order to show cause (Doc. 19) and moves this Honorable Court for a protective order from the discovery sought by Plaintiff, or such other relief as the Court determines is appropriate, and for grounds shows unto the Court as follows, to wit:

1. Defendant, Auto-Owners Insurance Company, has produced over 900 pages of documents and responded to dozens of interrogatories and/or requests for production served in this action by Plaintiff including, *inter alia,*

   a   Notice of Deposition of Rule 30(b)(5) and (6) representatives and request for production served October 14, 2005.

   b.  Interrogatories and requests for production served November 18, 2005.

   c.  Notice of Deposition of Rule 30(b)(5) and (6) representative and request for production served December 7, 2006.

      d.      Notice of Deposition of Larry Dewberry with request for production served March 16, 2007.

2.      Plaintiff's motion to compel was served on March 20, 2007, the date of the discovery cut-off in this matter. See, Doc. 6 at Section 7.[1]

3.      The only two matters which are the subject of Plaintiff's motion to compel are Plaintiff's Interrogatory Numbers 3 and 5 which ask:

> 3.    List by claim number, policy number and insured's name claims made by Defendant's insureds in Covington County, Alabama which included damage from or related to water damage or lightning damage to client's home or business which occurred during September of 2004
>
> 5.    Identify all adjusters utilized for addressing claims in Covington County, Alabama for the months of August, September, October and November of 2004. Include address and telephone numbers for each.

Defendant Auto-Owners objected to Interrogatory Number 3 that the information was neither relevant or material to the subject matter of the litigation or reasonably calculated to lead to discovery of admissible evidence and further objected to said interrogatory as being overly broad and unduly burdensome and objected to the production of customers' claims information as being proprietary, confidential and trade secrets and prohibited by state and federal law. See, Doc. 18, Ex. B at p. 8. Auto-Owners objected to Interrogatory Number 5 as being overly broad, unduly burdensome and that the information sought was neither relevant to the subject matter of the litigation or reasonably calculated to lead to the discovery of admissible evidence. See, Doc. 18, Ex. B at p. 9. Defendant's

---

[1] Discovery for certain deposition discovery in this case was extended until April 30, 2007 for purposes of certain expert depositions. See, Doc. 15 and 17

answers to interrogatories also incorporated certain general objections. See, Doc. 18, Ex. B at p. 1-5.

4. In response to correspondence from counsel for Plaintiff, counsel for Defendant further advised counsel for Plaintiff of the following by letter dated February 23, 2007, regarding Interrogatory Number 3 and Number 5:

### Interrogatories

Interrogatory No. 3:

> We stand by the objections previously raised in this matter; however, I will request that we be provided the list by the codes in the manner testified to by Mr. Barrett and which you reference in your letter (i.e., for Covington County for water or lightning during September, 2004). Until I receive the information, I do not know what additional objections will be asserted, but I anticipate it will be a list of claims and names of insureds, and we will object to the production of this information for reasons stated. This information appears to be sought to support a claim for punitive damages and to seek to exact punishment upon Defendant on account of harms allegedly done other non-parties. I believe the recent U.S. Supreme Court decision in Phillip Morris USA v. Williams, __S.Ct.__, 2007 WL 505781 (2007), would support our objections. Id. at *3 ([P]ermitt[ing] "a jury to base ... [a punitive damage] award in part upon its desire to punish the defendant for harming persons who are not before the court ... would amount to a taking of 'property' from defendant without due process.")

Interrogatory No. 5:

> You have deposed both Mr. Barrett and Mr. Reaves I do not recall precisely what testimony you elicited from them regarding adjusters used by Auto-Owners in the months of August, September, October and November, 2004. It is my understanding the information that would be available to Auto-Owners in this regard would require going to every file for that period of time in Covington County, Alabama. You have been provided the names of at least a couple of adjusters that were involved, and to my knowledge you have not issued non-party

subpoenas to those entities. We object to being forced to
review or produce each file to determine this information.

See, Doc. 18 Ex. F at p. 1-2.

5. Although not referenced in Plaintiff's motion to compel, Defense counsel's February 23, 2007 letter to counsel for Plaintiff also advised counsel for Plaintiff that a list of water and lightning claims[2] for September 2004 would be requested and obtained by counsel for Defendant and that Defendant anticipated Defendant would maintain its objection to providing that information. See, Doc. 18, Ex. F at p. 2, line 2-10. Counsel for Plaintiff was apprised that defense counsel expected to submit the list for *in camera* review by the Court if Plaintiff insisted on the discovery. Counsel for Plaintiff nonetheless waited until the date written discovery was to be completed to file a motion to compel. That counsel for Defendant has submitted contemporaneously herewith for *in camera* review the list of lightning and wind claims in Covington County, Alabama for September, 2004. The list of lightning claims are found at page 1-38, and the list of wind claims are found at page 39-284.

6. Both interrogatories of the Plaintiff seek general information regarding claims and/or the adjustment of claims of Defendant's other insureds. Under Alabama law an insurance companies' policyholder lists are confidential proprietary information to which a litigant has no right except through court-ordered discovery. See, Ex parte Stevens, 676 So. 2d 1307, 1316 (Ala. 1996) (Houston, J, dissenting); Ex parte Mobile Fixture & Equipment Co., 630 So. 2d 358 (Ala. 1993); Ex parte McTier, 414 So. 2d 460 (Ala.

---

[2]As Plaintiff's counsel knows, there is no list available by water, (See, Depo. of Barrett at p. 85), but a list was requested for "wind" and "lightning" for September 2004 which has been produced *in camera* review by the Court.

4

1982); Ex parte Henry, 770 So. 2d 76, 80 (Ala. 2000). The Alabama Supreme Court has specifically held that it is unduly burdensome to require an insurer to sift through possibly hundreds, if not thousands, of letters or other items of correspondence complaining of or challenging its denial of particular claims. See, Ex parte Finkbohner, 682 So. 2d 409, 413 (Ala. 1996). The Alabama Supreme Court in Finkbohner specifically upheld the trial court's denial of a Plaintiff's motion to compel discovery of previous bad faith claims. See, id. Federal courts have further stated that "the critical evaluation that the court should make when dealing with a discovery request involving insurance claim histories is whether the need for the information, considering its relevancy and the nature of the case outweighs the burden of the request." See, Green Construction Co. v. Kansas Power and Light Co., 732 F. Supp. 1550 (D. C. of Kan. 1990); citing, Marker v. Union Fidelity Life Ins. Co., 125 FRD, 121, 124 (M.D. NC. 1989). The District Court in Green Construction held that even though the Plaintiff may have demonstrated the claims histories may have some relevance, the relevancy is outweighed by the burden the request places on the Defendant where the request shows that the request would place a great burden on the Defendant and the review of numerous files. The Court held the retrieval of requested claims files that require physical examination of all claims files is due to be denied. See, id.

    7.    Without waiving its objections to the discovery requests, the documents submitted *in camera* that are responsive to Interrogatory Number 3 lists one other lightning claim in Covington County, Alabama for the month of September 2004. See, documents produced *in camera* at p. 8 and 24. The foregoing page 24 and Exhibit "A" to this response demonstrates the location was not within the five mile radius of Plaintiff's premises (1833 E. Three Notch, Andalusia, AL) and not even in the City of Andalusia. The

5

documents produced *in camera* also reflect there were hundreds of wind claims submitted during September 2004, the month of Hurricane Ivan. The list submitted *in camera* contains confidential information regarding the nature of the claim, the name and address of the claimant, and even the amounts of the claims. Auto-Owners asserts that this information and the lists of the names of these persons and other confidential information regarding their claims is confidential and proprietary and not relevant to this bad faith and breach of contract action[3]. See, Exhibit "D".

8. Plaintiff has demonstrated no basis for the discovery it seeks of lists of names in this action, although Plaintiff attempts to characterize the interrogatories as a request for claims files. See, Doc. 18 at ¶'s 11-15. Even if Plaintiff had made such a showing, Plaintiff's rights to such confidential and proprietary information is available only through court-ordered discovery. See, ¶ 6, supra.

9. The only other information sought in this action by Plaintiff is a purported list of adjusters used for claims in Covington County for the months of August through November, 2004. Plaintiff has deposed representatives of Auto-Owners regarding adjusters used for Hurricane Ivan claims. See, Exhibit "B", Depo. of Barrett at p. 67-70,; see also, Exhibit "C", Depo. of Reaves at p. 158 and 172. Plaintiff also produced documents regarding Plaintiff's claims which revealed the identification of adjusters handling Plaintiff's claims. These adjusters were also identified as adjusters performing other services related to Hurricane Ivan. The discovery and compilation of a list objected to by Defendant pertains to discovery which would require Defendant to sift through

---

[3]Plaintiff's fraud claim was previously dismissed; therefore the prior assertion of such does not provide any basis for broadened discovery by Plaintiff.

hundreds of files. See, Affidavit of Todd Worley attached as Exhibit "D". The cases cited above demonstrate that information requiring such is not discoverable. See, Ex parte Finkbohner, supra. Furthermore, and despite having been provided deposition testimony regarding numerous adjusters providing services in the aftermath of Hurricane Ivan, Plaintiff, to Defendant's knowledge, did not seek discovery from any of these sources. This, combined with the fact that Plaintiff waited until the eve of the expiration of discovery in this case to file its motion to compel demonstrates that this discovery was either not seriously sought by Plaintiff or was not believed to be discoverable by Plaintiff and/or is meant to harass Defendant. Furthermore, Plaintiff's failure to seek to compel such discovery until the eve of the expiration of discovery further demonstrates that the discovery should not be allowed inasmuch as Plaintiff could derive no benefit of such additional discovery at this date.[4]

10. The only two matters which are the subject of Plaintiff's "eleventh hour" motion to compel are requests for "lists" of claims (No.3) and "identity" of adjusters (No. 5). Plaintiff's assertions as a basis for its motion that it desires to "verify through inspection of other claims files" (Doc. 18 ¶ 11), or "to determine documentation for claims similar to Plaintiff's (Doc. 18, ¶13), and "review any and all documentation supporting contents and lightning damage claims submitted to Defendant" (Doc. 18, ¶ 14) were not even the subject of Plaintiff's discovery requests which are the subject of the motion to compel.

11. Plaintiff's motion cites only general authority regarding the broad scope of discovery and does not cite any authority for the specific discovery sought. Plaintiff makes

---

[4] See, Footnote 1.

7

general assertions (again without citing relevant authority) of the need for claims files, which are not the subject of the motion, but has made no showing that the discovery actually sought would lead to the discovery of admissible evidence, particularly considering the date of Plaintiff's motion. See, Rule 26(b)(1) and (2)(i)-(iii), *FRCP*. Plaintiff has not submitted any authority that Defendant's claims decisions regarding other claims of other insured's is relevant or admissible in this action or even likely to lead to relevant or admissible evidence. Plaintiff's discovery requests regarding other claims appears to seek to pursue some unarticulated estoppel argument which would provide no basis for the discovery. See, Woodall v. ALFA Mut. Ins. Co., 658 So. 2d 396, 372 (Ala. 1995) ("the doctrine of estoppel is not available to bring within the coverage of a policy risk not covered by its terms.")

12.     Defendant has demonstrated in the foregoing paragraphs that the requested discovery which is the subject of Plaintiff's motion is not due to be had. Even if it were permissible, a list of policyholders or claimants would only be permissible pursuant to court order and subject to restrictions on use by the Plaintiff including restrictions on contact of other insureds. See, ¶ 6, supra.

13.     The issues and the matters which are the subject of Plaintiff's motion are legitimate areas for discovery dispute and are not the subject of prior orders of the Court. In its motion Plaintiff requests an award of costs and attorney fees under Rule 37; however, Rule 37 contemplates a motion to compel under Rule 37(a)(2)(A) as a prerequisite to sanctions or expenses under Rule 37(a)(4). For the reasons set forth herein Defendant is entitled to the entry of an appropriate protective order pursuant to Rule 26(c)(1)-(8).

**WHEREFORE**, Defendant, Auto-Owners Insurance Company, responds to Plaintiff's motion to compel, and responds to the Court's show cause order and moves this Honorable Court for a protective order pursuant to Rule 26(c)(1)-(8) that the discovery sought by Plaintiff not be had for the reasons set forth above or, alternatively, that said discovery be had only upon such matters and subject to such restrictions and limitations as to scope as is lawful and as the Court determines is appropriate, these premises considered.

Dated this the 28th day of March, 2007.

Respectfully submitted,

_____
ROGER S. MORROW (MOR032)

_____
JOEL H. PEARSON (PEA019)
ATTORNEYS FOR DEFENDANT
AUTO-OWNERS INSURANCE COMPANY

OF COUNSEL:

**MORROW, ROMINE & PEARSON, P.C.**
**P.O. Box 4804**
**Montgomery, AL 36103-4804**
Telephone:   (334) 262-7707
Facsimile:   (334) 262-7742
Email:       rsmorrow@mrplaw.com
             jhpearson@mrplaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on _March 28, 2007_, I electronically filed the foregoing with the Court using the CM/ECF system, and I hereby certify that I am serving the foregoing document to the following:

Leland Enzor, Jr., Esq.
Enzor & Enzor
P.O. Box 339
Andalusia, AL 36420

Harry P. Hall, II, Esq.
Farmer, Price, Hornsby & Weatherford, LLC
P.O. Drawer 2228
Dothan, AL 36303

Respectfully submitted,

JOEL H. PEARSON (PEA019)
Attorney for Defendant
Auto-Owners Insurance Company
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
Montgomery, Alabama 36103-4804
Telephone: (334) 262-7707
Fax: (334) 262-7742
E-mail: jhpearson@mrplaw.com