IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PIONEER SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:06-cv-377-WKW-TFM |
| | ) | |
| AUTO-OWNERS INSURANCE | ) | |
| COMPANY, INC. and SOUTH | ) | |
| CENTRAL AGENCY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER ON MOTION</u>**

Upon consideration of Plaintiff's *Motion to Compel* (Doc. 18, filed March 20, 2007), *Defendant, Auto-Owners Insurance Company's Motion for Protective Order and Response to Motion to Compel and Show Cause Order* (Doc. 21, filed March 28, 2007), and the oral arguments of counsel in the hearing on April 4, 2007, it is for good cause

**ORDERED** Plaintiff's *Motion to Compel* is **GRANTED in part** to the extent Defendant shall provide the names and contact information of outside adjusting firms who account for the handling at least thirty (30) percent of Hurricane Ivan claims. This provides Plaintiff a representative population of adjusters for a basis of comparison as requested through Interrogatory Number 5. Plaintiff's *Motion to Compel* is **DENIED in part** as to the remainder of Interrogatory Number 5.

It is further **ORDERED** that Plaintiff's *Motion to Compel* is **DENIED** as to Interrogatory Number 3. With regard to the information requested the court determines the

objection that the request as overly broad and unduly burdensome is valid.  As discussed in the hearing, Plaintiff has been on notice since at least March 24, 2006 that defendant had objected to these requests.  Plaintiff even wrote to defense counsel about the information.  However, he did not pursue the information further until almost one year later, February 16, 2007, nearing the end of the discovery period.  While the District Judge did grant an extension to the discovery period (*see* Doc. 17), this was done pursuant to the request and understanding of the parties that it was to conduct expert depositions.[1]  The Court does not feel that Plaintiff should use this opportunity to seek burdensome discovery it should have pursued earlier during the discovery period.

To the extent Plaintiff seeks relating to lightening damage in Interrogatory #3, even if geographically restricted to a reasonable 5 mile radius, the *in camera* review of the documents conducted by the court revealed there are no documents fitting that description.  With regard to water damage, the request would require defendant to scour over 600 files to determine which documents are relevant to the case at issue.  As such, at this late stage in the game, the request is unduly burdensome.  In *Ex Parte Finkbohner*, the Alabama Supreme Court held that it would be unduly burdensome to have the defendant sift through hundreds of claims to determine whether the information was relevant reasonably calculated to lead to the discovery of admissible evidence. 682 So.2d 409, 413 (Ala. 1996).  This court agrees with the rationale.

Based on the above, it is therefore **ORDERED** that the *Motion to Compel* (Doc. 18,

---

[1] Both counsel conceded this point at the hearing on April 4, 2007.

filed March 20, 2007) is **GRANTED in part** and **DENIED in part** as set out above.  The protective order requested in *Defendant, Auto-Owners Insurance Company's Motion for Protective Order and Response to Motion to Compel and Show Cause Order* (Doc. 21, filed March 28, 2007) is **DENIED as moot** as no protective order is required.

    DONE this 9th day of April, 2007.

                                   /s/Terry F. Moorer
                                   TERRY F. MOORER
                                   UNITED STATES MAGISTRATE JUDGE