IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **PIONEER SERVICES, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION NO.: 2:06-cv-377-WKW |
| v. ) | |
| ) | |
| **AUTO-OWNERS INSURANCE** ) | |
| **COMPANY, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### MOTION IN LIMINE AND MOTION TO STRIKE, DISREGARD AND DISQUALIFY TESTIMONY OF DONALD L. DINSMORE AND THOSE PORTIONS OF PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT THAT RELY ON SAID TESTIMONY

**COMES NOW** Defendant, Auto-Owners Insurance Company (Auto-Owners), and moves this Honorable Court for an order striking, disqualifying and disregarding the testimony of Donald L. Dinsmore, a purported expert in insurance submitted herein by Plaintiff and for grounds shows unto the Court as follows, to wit:

1. In response to Defendant's motion for summary judgment, Plaintiff has offered the following testimony of a purported expert, Donald Dinsmore, which includes the following:

> Q. And based on the information you have found in the claims file that was produced on this contents claim, do you have an opinion as to whether the Pioneer Telephone Services, Inc. was entitled to be paid for either portion of the contents claim?
>
> A. Based on my review of the claim file, it's - - I think I reported and testified that <u>I believe they were entitled to payment on both portions</u>

See, Doc. 27 at p. 9 L24-L31 [Dinsmore Depo. p. 174 L 1-25 (emphasis supplied)]

Q. But based on your review of the claims file and the documents listed in Defendant's Exhibit 2 to your deposition, do you have an opinion as to whether Auto-Owners acted in good faith in its handling of Pioneer Telephone Services, Inc.'s contents claim?

MR. PEARSON: Object to form.

THE WITNESS: From the perspective of an insurance professional -- I mean, as a claims manager you do review good faith claim handling and controversial claims. As a claims manager I would say no, <u>they did not act in good faith</u>.

Q. Can you tell or do you have an opinion as to whether Auto-Owners had a legitimate basis to day any portion of the contents claim that we've covered today?

MR. PEARSON: Object to form.

THE WITNESS: It's my opinion <u>they did not have a legitimate basis to deny it</u> because of the coverage, the lack of investigation and the coverage question handling.

Q. Do you have an opinion as to whether Auto-Owners subjected this claim to a cognitive review once it had the documents we've talked about today?

MR. PEARSON: Object to form.

THE WITNESS: As claim manager I would think that by cognitive review I would think that you meant knowing, rational review, and that's what I was talking about with the home office response and so forth. And, no, <u>I don't think they did have a cognitive or a rational or knowing review</u> considering all the facts of the coverage question and the policy and the claim.

MR. HALL:

Q. Were there issues or <u>facts that were ignored</u> by Auto-Owners, in your opinion?

MR. PEARSON: Object to form

2

> THE WITNESS:   <u>Yes, there were</u>, specifically the lightning affidavit, the -- to a degree the loss report itself, the inventory.

[Dinsmore Depo. p. 174 L 4 to p. 175 L 20 (emphasis suppled)]

> A.   In this case Reeves said he was going to get information directly from Williamson, and that was correct. <u>He didn't do it.</u> He said he was going to do it, but he didn't do it.
>
> Q.   Okay. And are you aware of anything that Mr. Reeves did with the Telcom Services estimates and the lightning affidavit?
>
> A.   Well, in his deposition he said he just put it in the file. <u>He disregard it.</u>

See, Doc. 27 at p. 17 L3-p. 18 L10. [Dinsmore Depo. p. 177 L 3-11(emphasis supplied)]

2.   Mr. Dinsmore's testimony is due to be struck because its contents are legal opinions, and federal law prohibits expert witnesses from including legal argument and conclusions in their testimony. See, <u>Montgomery v. The Aetna Cas. & Sur. Co.</u>, 898 F. 2d 1537, 1541 (11th Cir. 1990): cf. <u>Phillips v. Harris</u>, 643 So. 2d 974 (Ala. 1994).

3.   In <u>Montgomery, supra,</u> the Eleventh Circuit held that, though determination of the admissibility of evidence is left to the broad discretion of the district court, a district court cannot allow the plaintiff to submit expert testimony on the defendant's legal obligations under an insurance policy. In so holding, the Eleventh Circuit stated:

> An expert may testify to his opinion on an ultimate issue of fact. Fed. R. Evid. 704. An expert may not, however, merely tell the jury what result to reach. <u>Id.</u> [advisory committee notes] (merely telling jury what result to reach is not helpful to the jury and therefore is not admissible testimony). <u>A witness also may not testify to the legal implications of conduct: the court must be the jury's only source of law</u> United States v. Poschwatta,

3

> 829 F. 2d 1477, 1483 (9th Cir. 1987); United States v. Baskes, 649 F. 2d 471, 479 (7th Cir. 1980). [The plaintiff's expert] testified that in his opinion [that the defendant] had a duty to hire tax counsel in this case. This was a legal conclusion, and therefore should not have been admitted. The district court abused its discretion by allowing [the expert] to testify about the scope of [the defendant insurer's] duty under the policy.

Montgomery, 898 F. 2d at 1541 (footnotes and internal references omitted)(emphasis added). Further, the Eleventh Circuit noted that the testimony of the plaintiff's expert was inadmissible because it was relevant only to the resolution of a legal question, and not to an issue of fact that could be properly presented to the jury. Id. at 1541 n.8; see also, cook v. Sheriff of Monroe County, 402 F. 3d 1092, 1112 (11th Cir. 2005)(noting that "testifying experts may not offer legal conclusion"); United States v. Milton, 555 F. 2d 1198, 1203 (5th cir. 1977)("Rule 704 abolishes the *per se* rule against testimony regarding ultimate issues of fact. By the same token, however, courts must remain vigilant against the admission of legal conclusions, and an expert witness may not substitute for the court in charging the jury regarding the applicable law ")[1]; Strickland v. Royal Lubricant Co., 911 F. Supp. 1460, 1469 (M.D Ala. 1995) (noting, in *dicta*, that "an expert's legal conclusions are not admissible").

4. Like the testimony of the plaintiff's experts in Montgomery, Plaintiff's testimony of Donald Dinsmore in this case consists of legal conclusions and arguments, and, therefore, the testimony is due to be struck and Mr. Dinsmore's testimony ruled inadmissible. Mr. Dinsmore's testimony is legal conclusions including, *inter alia*, that Pioneer is 1) "entitled to payment," 2) that "they [Auto-Owners] did not act in good faith",

---

[1] See Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981) (Adopting as precedent all decision of the former fifth circuit rendered prior to October 1, 1981)

4

3) "they [Auto-Owners] did not have a legitimate basis to deny", 4) "I don't think they did have a cognitive review" or "a rational or knowing review."

5.  As the Eleventh Circuit has held, an expert witness "may not testify to the legal implications of conduct; the court must be the jury's only source of law. Montgomery, 898 F. 2d at 1541. In the present case, Mr. Dinsmore's testimony is replete with legal conclusions and statements of the legal implications of Auto-Owners' alleged conduct. As such, Mr. Dinsmore's testimony is due to be struck as violative of the *Federal Rules of Evidence* and the binding precedent of the Eleventh Circuit.

6.  Plaintiff has failed to meet Plaintiff's burden of establishing the pertinent admissibility requirements are met by a preponderance of the evidence as to the submitted deposition testimony of Donald L. Dinsmore. See, Doc. 28 Ex. B.

7.  Plaintiff has failed to demonstrate that Donald L. Dinsmore has specialized knowledge, skill, experience, training or education to testify in the form of an opinion or technics. Mr Dinsmore is not a licensed attorney in Alabama, holds no other license in Alabama and testified he adjusted one fire loss in Alabama. See, id.

8.  That Plaintiff has failed to prove by a preponderance of the evidence that the expert's testimony and opinions have been generally accepted in the insurance community and more particularly by the insurance community and courts of the State of Alabama

9.  That Mr. Dinsmore's testimony is not based upon research conducted independent of this litigation but instead were developed expressly for the purpose of testifying herein. See, Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F. 3d 1311, 1317 (9th Cir. 1995).

10. That Mr. Dinsmore has extrapolated from purported facts or statements to

reach unfounded conclusions based upon insufficient and/or inadequate and/or improper analysis to proffer the opinion stated. See, General Electric v. Joiner, 522 U.S. 136, 146 (1997).

11. That Plaintiff has failed to demonstrate that Mr. Dinsmore's testimony and any factors considered by him are reliable and/or grounded upon generally accepted principals recognized in Alabama as evidenced by Mr. Dinsmore's lack of licensure as either an insurance professional and/or an attorney in the State of Alabama. See, Kumho Tire Company v. Carmichael, 119 S. Ct. 1167, 1175 (1999).

12. The testimony of Donald Dinsmore is not offered to educate the fact finder about general principles but is offered to support or espouse subjective conclusions.

13. The testimony of Donald Dinsmore is based on a completely subjective methodology and is due to be excluded. See, O'Connor v. Commonwealth Edison Company, 13 F. 3d 1090 (7th Cir. 1994).

14. That facts or data relied upon by Mr. Dinsmore were not reasonably relied upon and/or are not admissible in evidence so that the opinions offered by Mr. Dinsmore are not admissible herein. See, Rule 703, FRE.

15. The opinions offered by Mr. Dinsmore are not helpful to the trier of fact and evidence a waste of time, invade and relate to determinations of matters of law and/or embrace the ultimate issue to be decided by the trier of fact. See, Rule 704, FRE.

16. Plaintiff has failed to disclose the underlying facts or data upon which the opinions are based and/or the opinions are based on facts not in evidence. See, FRE, 705.

17. That even if this Honorable Court allows Dinsmore's testimony, there is no

indication that Dinsmore has specialized knowledge as to whether a failure to do something is the result of bad faith or constitutes bad faith under Alabama law. Furthermore, any such opinion of Dinsmore thereto would concern a matter within a jury's understanding and therefore would not be relevant for purposes of Rule 702. Dinsmore may not properly testify that any actions or failure to act on the part of Auto-Owners or its employees suggests bad faith or breach of contract. Mr. Dinsmore has not been shown to possess any qualifications to testify to the appropriate steps for an investigation of an insurance claim in the State of Alabama, and any testimony by Mr. Dinsmore with regard thereto or any testimony that steps or failure to take steps by Auto-Owners constitutes a breach of contract or bad faith constitutes legal conclusions and are due to be precluded. Salerno v. Auto-Owners Ins. Co., 2007 WL 106538 at *2 (M.D. Fla. Jan. 9, 2007).

**WHEREFORE, PREMISES CONSIDERED**, Auto-Owners respectfully requests that this Honorable Court grant this motion and disregard, disqualify and strike Donald Dinsmore's testimony in opposition to Defendant's motion for summary judgment and to strike any and all portions of Plaintiff's brief, response and submission in opposition to Defendant's motion for summary judgment in which Plaintiff cities or relies upon Donald Dinsmore's testimony.

Dated this the 8th day of May, 2007.

Respectfully submitted,

Roger A. Morrow
**ROGER S. MORROW (MOR032)**

7

*[signature]*

JOEL H. PEARSON (PEA019)
ATTORNEYS FOR DEFENDANT
AUTO-OWNERS INSURANCE COMPANY

**OF COUNSEL:**

**MORROW, ROMINE & PEARSON, P.C.**
**P.O. Box 4804**
**Montgomery, AL 36103-4804**
**Telephone:** (334) 262-7707
**Facsimile:** (334) 262-7742
**Email:** rsmorrow@mrplaw.com
jhpearson@mrplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on _May 8, 2007_, I electronically filed the foregoing with the Court using the CM/ECF system, and I hereby certify that I am serving the foregoing document to the following:

| | |
|---|---|
| Leland Enzor, Jr., Esq | Harry P. Hall, II, Esq. |
| Enzor & Enzor | Farmer, Price, Hornsby & Weatherford, LLC |
| P.O. Box 339 | P.O. Drawer 2228 |
| Andalusia, AL 36420 | Dothan, AL 36303 |

Respectfully submitted,

*[signature]*

JOEL H. PEARSON (PEA019)
Attorney for Defendant
Auto-Owners Insurance Company
Morrow, Romine & Pearson, P.C.
P.O. Box 4804
Montgomery, Alabama 36103-4804
Telephone: (334) 262-7707
Fax: (334) 262-7742
E-mail: jhpearson@mrplaw.com