IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PIONEER TELEPHONE SERVICES, INC., | ) ) ) |
| Plaintiff, | ) ) ) CIVIL ACTION NO.: 2:06-cv-377-WKW |
| v. | ) ) |
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in the above case on June 11, 2007 wherein the following proceedings were held and actions taken:

1. <u>PARTIES AND TRIAL COUNSEL</u>:

   For Plaintiff, Pioneer Telephone Services, Inc.:

   Harry P. Hall, II, Esq.
   Farmer, Price, Hornsby & Weatherford, LLC
   P.O. Drawer 2228
   Dothan, AL 36303

   For Defendant, Auto-Owners Insurance Company:

   Roger S. Morrow
   Joel H. Pearson
   Morrow, Romine & Pearson, P.C.
   122 South Hull Street
   P.O. Box 4804
   Montgomery, Alabama 36103-4804

   <u>COUNSEL APPEARING AT PRETRIAL HEARING</u>

   Same as trial counsel

2.  JURISDICTION AND VENUE:

Subject matter jurisdiction exists under 28 U.S.C. §1332 by reason of the amount in controversy and the admitted diversity of citizenship. There is no contest as to subject matter jurisdiction. Personal jurisdiction and venue are not contested.

3.  PLEADINGS:

    C.  Amended complaint (Doc. 1-2 at p. 55-67).[1]

    E.  Amended answer of Defendant Auto-Owners Insurance Company to amended complaint (Doc. 10 at p. 1-32).

4.  CONTENTIONS OF THE PARTIES:

(A)  Contentions of Plaintiff Pioneer Telephone Services:

Prior to the destruction caused by Hurricane Ivan, on September 16, 2004, the Plaintiff bought, maintained and had in effect an insurance policy, by and through Defendant Auto-Owners.

As part of the obligations of the Defendant Auto-Owners under the specific insurance policies, the Defendant was liable for any and all damages caused by hurricane and/or storm destruction, which occurred to the personal and real property of the Plaintiff, including lightning damages and other such damages associated therewith, as well as damages to the Plaintiff's inventory.

---

[1] Plaintiff's motion to amend complaint was granted by order of the Circuit Court of Covington County, Alabama, entered January 10, 2006. See, Doc. 1-2 at p. 124. The allegations of fraudulent inducement (Doc.1-2 at p.60) in Count III, and misrepresentation (Doc. 1-2 at p. 63) in Count IV, as well as Defendant South Central Agency were dismissed by order of the Circuit Court for Covington County, Alabama, on April 13, 2006. See, Doc. 1-2 at p. 62).

Around and during the events of Hurricane Ivan, on September 16, 2004, the Plaintiff suffered extreme and severe damages to its real and personal property. Plaintiff also suffered damages to its inventory.

The Defendant recognized the damages suffered by the Plaintiff and therefore, paid for some of the damages under one of the insurance policies maintained by the Plaintiff.

The Defendant refused to cover all of the damages suffered by the Plaintiff, even though such damages were caused by lightning and water. Lightning damages and water damages are expressly included as a covered cause of loss in the Plaintiff's insurance policies with the Defendant Auto-Owners.

After notifying Auto-Owners of its loss, Plaintiff allowed Auto-Owners' agents to inspect Plaintiff's damaged building and inventory. After the inspection of Plaintiff's damaged building and inventory, Plaintiff was informed by his local insurrance agents that Plaintiff could dispose of the damaged property. Plaintiff threw away the damaged property. After Plaintiff disposed of the damaged property, Defendant requested further documentation of the loss. Plaintiff provided said documentation but Defendant disregarded this evidence and denied Plaintiff's claim.

Plaintiff contends it is entitled to recover a total of $56,491.25 for its breach of contract claim.

In their handling of the specific insurance policies in question, the Defendant Auto-Owners, in bad-faith, failed to investigate the claims in a timely manner, failed to handle the claims in a competent and appropriate manner, failed to notify the Plaintiff of their decisions in a timely manner, failed to communicate with the Plaintiff in a timely manner, and otherwise, exhibited a complete and utter disregard for the obligations that they owed the Plaintiff.

Defendant Auto-Owners' conduct was willful and wanton and in addition to compensatory damages, Plaintiff is seeking punitive damages from Defendant.

  (b)  Contentions of Defendant Auto-Owners Insurance Company:

Plaintiff's amended complaint alleges breach of contact (Doc. 1-2 at p. 57) in Count I and bad faith (Doc. 1-2 at p. 58) in Count II. The allegations of fraudulent inducement (Doc. 1-2 at p. 60) in Count III, misrepresentation (Doc. 1-2 at p. 63) in Count IV as well as Defendant South Central Agency were dismissed by order of the Circuit Court for Covington County, Alabama, on April 13, 2006. See, Doc. 1-2 at p. 162. The remaining cause of action alleged in Plaintiff's amended complaint (Count V) is not directed at Auto-Owners and is alleged against only fictitious party defendants. See, (Doc. 1-2 at p. 66-67); see also, Doc. 1-2 at p. 162. Thus, the only claims pending before this Court are the claims of Pioneer Telephone Services, Inc., against Auto-Owners Insurance Company for breach of contract (Doc. 1-2 at p. 57) and bad faith (Doc. 1-2 at p. 58) regarding the contents claim of Pioneer Telephone Services, Inc.[2]

    (i)  Breach of contract

Auto-Owners Insurance Company issued a Tailored Protection Insurance Policy, Policy No.: 034617-38525851 to Pioneer Telephone Services, Inc., for the policy term 06-16-2004 to 06-16-2005 which provided certain insurance coverage as defined and limited in the policy and subject to the limitations, exclusions, conditions and terms therein. Auto-Owners contends that the only insurance policy it issued to Pioneer Telephone Services, Inc., for the policy term 06-16-2004 to 06-16-2005 is Policy No.: 034617-38525851. Auto-Owners contends it did not issue any

---

[2] Plaintiff's president's (Mr. Williamson) personal Hurricane Ivan dwelling and contents claim for which he was paid in excess of $37,000.00 by Auto-Owners is not the subject of this lawsuit. Plaintiff also does not assert claims relating to Hurricane Ivan damage to the structure of the building where Pioneer Services is located which Auto-Owners paid in the amount of $11,607.92.

policy to Pioneer Telephone Services, Inc., or any other insurance policy to Pioneer Telephone Services, Inc., for the policy term 06-16-2004 to 06-16-2005. Auto-Owners contends that Auto-Owners' payment or handling of other claims does not operate as an estoppel of Auto-Owners. Auto-Owners contends Plaintiff acknowledged receipt of the subject insurance policy and the opportunity to read the insurance policy. See, A-Depo. of Williamson at p. 100 L 2, 16 and 23.[3] Auto-Owners asserts as a defense to the claims of the Plaintiff the terms, conditions, exclusions, limitations and entire contents of the policy which is at issue in this case. Without waiving any of the terms, conditions, or limitations of the policy, Auto-Owners sets forth the following specific policy provisions contained in the subject insurance policy and in defense of Plaintiff's claims:

[Endorsement CP 00101091]

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

***

**A.   COVERAGE**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
   **1.   Covered Property**

---

[3]The citation A-Depo. of Williamson at p. 100 L 2, 16 and 23 refer to Auto-Owners' Evidentiary Submission Exhibit "A" and page 100 thereof at lines 2, 16 and 23.

        Covered Property, as used in this Coverage Part means the following types of property for which a limit of Insurance is shown in the Declarations:

        **a.**    **Building**, meaning the building or structure described in the Declarations, including;

***

        **b.**    **Your Business Personal Property** located in or on the building described in the Declarations or in open (or in a vehicle) within 100 feet of the described premises, consisting of the following unless otherwise specified in the Declarations or on the Your Business Personal Property - Separation of Coverage form:

***

**E.**    **LOSS CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions

    **1.**    **Abandonment**

        There can be no abandonment of any property to us.

***

    **3.**    **Duties In The Event Of Loss Or Damage**

        **a.**    You must see that the following are done in the event of loss or damage to Covered Property:

***

            **(4)**    Take all reasonable steps to protect the Covered Property from further damage by a Covered Cause of Loss. If feasible, set the damaged property aside and in the best possible order for examination. Also keep a record of your expenses for emergency and temporary repairs, for consideration in the settlement

        of the claim.  This will not increase the Limit of Insurance.

**(5)**    At our request, give us complete inventories of the damaged and undamaged property.  Include quantities, costs, values and amount of loss claimed

**(6)**    As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records

        Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

***

**(8)**    Cooperate with us in the investigation or settlement of the claim.

***

[Endorsement CP009007 88]

THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY.

**COMMERCIAL PROPERTY CONDITIONS**

***

**D.**    **LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage Part unless:

**1.**    There has been full compliance with all of the terms of this Coverage Part; and

***

[Endorsement IL 00171185]

**COMMON POLICY CONDITIONS**

All Coverage Parts included in this policy are subject to the following conditions.

7

\*\*\*

**B.    CHANGES**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

[CP 10 30 10 91]

**CAUSES OF LOSS - SPECIAL FORM**

\*\*\*

**A.    COVERED CAUSES OF LOSS**

When Special is shown in the Declarations, Covered Causes of Loss means RISKS OF DIRECT PHYSICAL LOSS unless the loss is:

**1.**    Excluded in Section B. , Exclusions; or
**2.**    Limited in Section C., Limitations;
          that follow.

**B.    Exclusions**

**1.**    We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

\*\*\*

**g.**    **water**

**(1)**    Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;

\*\*\*

> **2.** We will not pay for loss or damage caused by or resulting from any of the following:
>
> **a.** Artificially generated electric current, including electric arching, that disturbs electrical devices, appliances or wires.

Auto-Owners contends that in order for Pioneer to recover for breach of contract, Pioneer is required to prove: 1) the existence of a valid contract binding the parties, 2) his own performance under the contract, 3) the Defendant's non-performance under the contract, and 4) resulting damages. See, State Farm Fire & Cas. Co. v. Williamson, 926 So. 2d 1008, 1013 (Ala. 2005). Auto-Owners contends Pioneer has the burden of submitting substantial evidence that the claim loss or damage for which Pioneer is seeking coverage fits within the insuring language, the term of the policy and the definitions in the policy so that their loss falls within the coverage of the policy. See, State Farm Fire & Cas. Co. v. Shady Groove Baptist Church, 838 So. 2d 1039 (Ala. 2002). Auto-Owners contends that Plaintiff's claimed loss or damage does not fall with in the coverage of the policy. Auto-Owners contends that Plaintiff did not sustain a direct physical loss to covered property caused by or resulting from a covered cause of loss as to the property which is the subject of Plaintiff's complaint. It is undisputed that Plaintiff threw away and discarded the items which are the subject of the its contents claim in contravention and in violation of the terms and conditions of the subject insurance policy. Plaintiff failed to identify any expert by the expert disclosure deadline which would testify that Plaintiff suffered direct physical loss to covered property caused by or resulting from a covered loss. Plaintiff also failed to identify any expert by the expert disclosure deadline which would testify Plaintiff suffered direct physical loss to covered property caused by or resulting from lightning or water, or that Plaintiff suffered a direct physical loss to covered property as to the matters which are the subject

of Plaintiff's complaint. Auto-Owners, therefore, contends that Plaintiff cannot prove the allegations of its complaint for either breach of contract or bad faith. Auto-Owners generally denies Plaintiff's claim for breach of contract.

Defendant contends that it has not breached any contract with the Plaintiff. Defendant contends Defendant paid Plaintiff all amounts it was obligated to pay under the subject insurance policy. Defendant contends that Pioneer has breached the terms of the insurance contract and has failed to comply with and/or fulfill conditions precedent to coverage under the policy and Pioneer's duties under the policy by Pioneer's disposal of the policy. Defendant further contends that Plaintiff's disposal of the property and spoliation of evidence which is the subject of Pioneer's claim precludes Plaintiff's maintenance of Plaintiff's action for breach of contract. Defendant denies Plaintiff was authorized to dispose of the property and denies Auto-Owners is bound by any alleged authorization by an independent agent. Defendant contends Plaintiff did not have any discussion with local independent agents regarding the disposal of property by Plaintiff until after Plaintiff had already discarded the subject property. Auto-Owners also contends Plaintiff is bound by the prior rulings of the Court dismissing South Central Agency and exonerating it of any wrongdoing. Defendant also contends Plaintiff has failed to prove the fact or amount of its alleged loss or the fact or amount of any resulting damages as a consequence of any alleged breach or non-performance by Auto-Owners.

  (ii) Bad Faith:

Defendant contends that in order for the Plaintiff to recover on a claim for bad faith failure to pay, the Plaintiff must prove: a) an insurance contract between the parties and a breach thereof by the Defendants; b) an intentional refusal to pay the insured's claim; c) the absence of any reasonably legitimate arguable reason for that refusal (i.e., the absence of a debatable reason); d)

the insurer's actual knowledge of the absence of any legitimate reason; e) if the intentional failure to determine the existence of a lawful basis is relied upon, the Plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim. Security Fire & Cas. Co. v. Boeing, 417 So. 2d 179, 183 (Ala. 1982). Auto-Owners contends Plaintiff cannot establish any element of its claim for bad faith, and Auto-Owners contends it is not guilty of bad faith. Auto-Owners also contends that Plaintiff has abandoned any claim Plaintiff may have asserted for "normal" bad faith. Regardless of the type bad faith claim asserted by Plaintiff, Auto-Owners contends that Auto-Owners had an arguable, debatable and legitimate reason for denying the Plaintiff's claim, and that Auto-Owners conducted a proper investigation of the claim, and conducted a cognitive review and evaluation of the facts pertinent to the claim. Auto-Owners asserts that at the time of denial of the claim, Auto-Owners had a right and a responsibility to challenge Plaintiff's claim.

Auto-Owners has already set forth in the preceding section of these contentions that there was no breach of the insurance contract by Auto-Owners. Thus, Auto-Owners contends that Pioneer cannot establish this element of a bad faith claim. Defendant contends that Auto-Owners has not breached a known duty. Defendant contends that Plaintiff has, in fact, conceded that Plaintiff cannot present substantial evidence of a claim of "normal" bad faith against Auto-Owners.

Auto-Owners also contends that Plaintiff cannot present substantial evidence of "abnormal" bad faith or that Auto-Owners failed to properly investigate the claim or failed to subject the claim or investigation to a cognitive evaluation and review. Auto-Owners further contends that Plaintiff cannot demonstrate that Auto-Owners breached the contract for insurance coverage with Plaintiff when it refused to pay the subject contents claim. Auto-Owners set forth

at length in its brief and reply in support of summary judgment the investigation and review of Plaintiff's claim undertaken by Auto-Owners, and Auto-Owners adopts by reference the facts set forth in Plaintiff's brief (Doc. 13) and reply brief (Doc. 31).

Defendant also denies that the conclusory testimony of its expert is admissible herein. Defendant has filed a motion in limine and motion to strike the testimony of Plaintiff's purported expert (Doc. 32) which Defendant Auto-Owners adopts by reference herein. Defendant contends that Plaintiff cannot meet its burden of proof under the insurance policy and applicable Alabama law. Defendant contends Plaintiff cannot meet its burden of proving direct physical loss or damage to covered property. Defendant contends Plaintiff has failed to comply with the terms, and conditions of the Auto-Owners insurance policy and conditions precedent to coverage.

Plaintiff identified no expert witness or testimony by the deadline contradicting the evidence produced by Defendant that lightning did not strike Plaintiff's property on the date of the alleged loss. Defendant contends that Plaintiff has conceded that it cannot establish any claim for "normal" bad faith and cannot meet its burden of showing that Plaintiff was entitled to a directed verdict on its contract claim. See, National Savings Life Ins. Co. v. Dutton, 419 So. 2d 1357, 1362 (Ala. 1982).

The Plaintiff cannot meet its burden of establishing a claim for "abnormal" bad faith. Defendant denies it failed to properly investigate the claim or failed to subject the results of the investigation to a cognitive evaluation and review. See, State Farm Fire & Cas. Co. .v. Slade, 747 So. 2d 293 (Ala. 1999); see also, USAA v. Hobbs, 858 So. 2d 966 (Ala. Civ. App. 2003); Turner v. State Farm Fire & Cas. Co., 614 So. 2d 1029 (Ala. 1993) Morton v. Allstate Ins. Co. , 486 So. 2d 1263 (Ala. 1986). Kern v. Standard Fire Ins. Co., 2006 WL1982115 (M.D. Ala. 2006). Defendant also contends that Alabama substantive law does not recognize a cause of

action for negligent or wanton handling of a claim.  See, Kervin v.  Southern Guaranty Ins.  Co., 667 So.  2d 704, 706 (ala. 1995).  See also, West Beach Development Company, LLC v.  Royal Indemnity Company, 2000 WL 1367944*6-*8 (S.  D.  of Ala.  Sept.  19, 2000).  Defendant contends Defendant had a legitimate and debatable reason for denying at least the contents portion of Plaintiff's claim.  Defendant further contends Defendant paid Plaintiff all amounts Defendant was obligated to pay under the policy.  Defendant Auto-Owners denies all allegations of bad faith made by Plaintiff.

        (iii)    Compensatory and punitive damages.

For the same reasons set forth above, Defendant denies Plaintiff sustained a direct physical loss to covered property or can prove any other basis for recovery on its contents claim under the subject insurance policy upon which Plaintiff may make any claim for compensatory damages.  For the reasons set forth above, Defendant also contends that Plaintiff cannot prove by clear and convincing evidence any conduct on the part of the Defendant which would entitle Plaintiff to punitive damages.  Defendant contends that Plaintiff is not entitled to recover punitive damages and Defendant denies it is guilty of bad faith conduct and Defendant denies it is guilty of bad faith conduct that was gross, oppressive or malicious or committed with the intention on the part of Auto-Owners of depriving Plaintiff of property or legal rights or otherwise causing injury.  Defendant denies it has committed deliberate or intentional misconduct that would justify punitive a damage award.  See, §6-11-20, Code of Alabama, 1975; see also, APJI 18.09.  Defendant contends Plaintiff was paid all amounts Defendant was obligated to pay under the subject insurance policy or, alternatively, that Defendant had a legitimate, arguable and/or debatable reason for denying payment of the contents portion of Plaintiff's claim which is the

subject of this lawsuit. Defendant Auto-Owners has asserted constitutional challenges to any award of punitive damages and those defenses are hereby adopted by reference.

    5.    <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>:

    (a)    That the Defendant is misnamed and that Defendant's correct name is Auto-Owners Insurance Company.

    (b)    That the Plaintiff is misnamed and that Plaintiff's correct name is Pioneer Telephone Services, Inc.

    (c)    That Auto-Owners Insurance Company issued a Tailored Protection Insurance policy, Policy No.: 034617-38525851 to Pioneer Telephone Services, Inc., for the policy term 06-16-2004 to 06-16-2005 which provided certain insurance coverage as defined and limited in the policy and subject to the limitations, exclusions, conditions and terms therein. Said insurance policy was in effect on September 16, 2004.

    (d)    That Hurricane Ivan made landfall on or about the evening of September 16, 2004.

    (e)    That on or about September 17, 2004, a Catastrophe (CAT) Loss Notice was submitted on behalf of Pioneer Telephone Services, Inc., to Auto-Owners Insurance.

    (f)    Auto-Owners Insurance Company made payment of $11,607.92 to Pioneer Telephone Services, Inc., and Covington County Bank following Hurricane Ivan.

    6.    <u>ORDER OF THE COURT</u>

It is ORDERED that:

    1.    The jury selection and trial of this cause, which is to last two to three days, is set for July 23, 2007, at 10:00 a.m. in Courtroom 2-E of the Frank M. Johnson, Jr., United States

Courthouse Complex, One Church Street, Montgomery, Alabama. Trial will commence Monday, July 30, 2007, at 10:00 a.m., or as soon thereafter as the scheduling of prior cases permits.

    2.    A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term.

    3.    The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions and verdict forms with legal citations thereon, on or before July 9, 2007.

    4.    The parties are not required to file trial briefs, but if they choose to do so, the briefs shall be filed on or before July 16, 2007.

    5.    Each party shall submit at the time of trial, for use by the court (the judge, law clerk, and courtroom deputy), three copies of the witness list, exhibit list, and notebook of pre-marked exhibits.

    6.    Each party shall submit a sufficient number of copies of exhibits for each of the jurors and opposing counsel.

    7.    The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act.

    8.    The parties shall notify Chambers of the undersigned on or before July 9, 2007, regarding mediation or other settlement efforts undertaken.

    9.    All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. # 6) entered by the Court on June 2, 2006.

    10.    All understandings, agreements, deadlines, and stipulations contained in this Order shall be binding on all parties unless modified by the Court.

DONE this 27th day of June, 2007.

                          /s/  W. Keith Watkins
                        UNITED STATES DISTRICT JUDGE